# EXHIBIT A



**SILVERMAN THOMPSON SLUTKIN WHITE**
ATTORNEYS AT LAW

*A Limited Liability Company*

26th Floor
201 North Charles Street
Baltimore, Maryland 21201

Telephone (410) 385-2225
Facsimile (410) 547-2432
www.mdattorney.com

Baltimore   Washington DC   New York

Writer's Direct Contact:

May 13, 2014

**VIA ELECTRONIC MAIL (jfetterolf@zuckerman.com) &
FIRST-CLASS U.S. MAIL**

Jon R. Fetterolf, Esq.
Zuckerman Spaeder
1800 M. Street, NW, Suite 1000
Washington, D.C. 20036

    RE:   *Jane Doe v. Alfredo Simon Cabrera*,
           D.C. Superior Ct. Civil Action No. 14-002537

Dear Mr. Fetterolf:

    Thank you for agreeing to accept service on behalf of your client, Alfredo Simon Cabrera, the Defendant in the above-captioned suit. Please find the following documents attached:

1. The Initial Order and Addendum;
2. The Original Summons;
3. The Complaint and Demand for Jury Trial;
4. Plaintiff's Motion for Leave to Proceed Under a Pseudonym and Memorandum of Points and Authorities in Support Thereof;
5. Plaintiff's Motion to Seal and Memorandum in Support Thereof;
6. The Sealed Affidavit of Geoffrey G. Hengerer, Esquire;
7. The Supplemental Motion filed by Plaintiff on the day of filing (at the Clerk's request) to seal the Plaintiff's address and the Order granting the same.

    These documents constitute everything that Plaintiff has filed with the Court to date. The Clerk of the D.C. Superior Court requires the pseudonym motions be filed prior to filing suit, so they are treated as an ex parte motion that is presented to the chambers judge. As you can see from the docket, the Court granted both the Motion to Proceed under Pseudonym and the Motion to Seal. We would ask that you treat the Sealed Affidavit and any other document identifying our client as confidential until such time as the Court orders otherwise. Unless I hear otherwise from you within seven (7) days of the date of this letter, I will assume your client has been adequately served and I will file an affidavit with the Court to that effect.

Jon R. Fetterolf, Esq
May 13, 2014
Page 2

    In addition, I have attached Interrogatories and Requests for Production of Documents and a Notice of Deposition for your client. I realize you have not consented to the date on the Notice of Deposition and I am happy to work with you on scheduling it at a day and time that works for you and your client.

    I look forward to working with you on this matter. Please contact me at ghengerer@mdattorney.com or 443-909-7490 with any questions or concerns.

                                                Very truly yours,

                                                Geoffrey G. Hengerer

cc:    Andrew G. Slutkin, Esq.
        Steven J. Kelly, Esq.

**ENCLOSURES**

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET      **14 - 0002537**

Jane Doe _____  Case Number: _____

vs                                  Date: __April 24, 2014__

Alfredo Simon Cabrera _____   ☐ One of the defendants is being sued in their official capacity.

| Name: *(Please Print)* Andrew G. Slutkin | Relationship to Lawsuit |
|---|---|
| Firm Name: Silverman, Thompson, Slutkin & White, LLC | ☒ Attorney for Plaintiff |
| Telephone No.: 410.385.2225   Six digit Unified Bar No.: 433818 | ☐ Self (Pro Se) ☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury    ☒ 6 Person Jury    ☐ 12 Person Jury
Demand: $ __15,000,000.00__                       Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: _____  Judge: _____  Calendar #: _____

Case No.: _____  Judge: _____  Calendar #: _____

---

**NATURE OF SUIT:**   *(Check One Box Only)*

**A. CONTRACTS**                                                          **COLLECTION CASES**

☐ 01 Breach of Contract          ☐ 07 Personal Property              ☐ 14 Under $25,000 Pltf. Grants Consent
☐ 02 Breach of Warranty          ☐ 09 Real Property-Real Estate      ☐ 16 Under $25,000 Consent Denied
☐ 06 Negotiable Instrument       ☐ 12 Specific Performance           ☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 15 Special Education Fees      ☐ 13 Employment Discrimination      ☐ 18 OVER $25,000 Consent Denied
☐ 10 Mortgage Foreclosure

**B. PROPERTY TORTS**

☐ 01 Automobile                  ☐ 03 Destruction of Private Property   ☐ 05 Trespass
☐ 02 Conversion                  ☐ 04 Property Damage                   ☐ 06 Traffic Adjudication
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process            ☐ 09 Harassment                        ☒ 17 Personal Injury- (Not Automobile, Not Malpractice)
☐ 02 Alienation of Affection     ☐ 10 Invasion of Privacy               ☐ 18 Wrongful Death (Not Malpractice)
☐ 03 Assault and Battery         ☐ 11 Libel and Slander                 ☐ 19 Wrongful Eviction
☐ 04 Automobile- Personal Injury ☐ 12 Malicious Interference            ☐ 20 Friendly Suit
☐ 05 Deceit (Misrepresentation)  ☐ 13 Malicious Prosecution             ☐ 21 Asbestos
☐ 06 False Accusation            ☐ 14 Malpractice Legal                 ☐ 22 Toxic/Mass Torts
☐ 07 False Arrest                ☐ 15 Malpractice Medical (Including Wrongful Death)  ☐ 23 Tobacco
☐ 08 Fraud                       ☐ 16 Negligence- (Not Automobile, Not Malpractice)   ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/Jun 13

# Information Sheet, Continued

**C. OTHERS**
- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 04 Condemnation (Emin. Domain)
- ☐ 05 Ejectment
- ☐ 07 Insurance/Subrogation Under $25,000 Pltf. Grants Consent
- ☐ 08 Quiet Title
- ☐ 09 Special Writ/Warrants (DC Code § 11-941)
- ☐ 10 T.R.O./ Injunction
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 25 Liens: Tax/Water Consent Granted
- ☐ 26 Insurance/ Subrogation Under $25,000 Consent Denied
- ☐ 27 Insurance/ Subrogation Over $25,000 Pltf. Grants Consent
- ☐ 28 Motion to Confirm Arbitration Award (Collection Cases Only)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 30 Liens: Tax/ Water Consent Denied
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower
- ☐ 34 Insurance/Subrogation Over $25,000 Consent Denied

**II.**
- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate
- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-1519 (a)]
- ☐ 20 Master Meter (D.C. Code § 42-3301, et seq.)
- ☐ 21 Petition for Subpoena [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a) (1) (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

_____    4/24/14
Attorney's Signature                Date



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Jane Doe
_____
Plaintiff

vs.

Alfredo Simon Cabrera
_____
Defendant

Case Number **14-0002537**

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Andrew G. Slutkin
Name of Plaintiff's Attorney

201 North Charles Street Suite 2600
Address
Baltimore, MD 21201

(410) 385-2225
Telephone

*Clerk of the Court*

By _Adrienne J. Marsh_
Deputy Clerk

Date _4/24/2014_

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요    ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

Jane Doe
_____
                                    Demandante
          contra
                                                            Número de Caso: _____
Alfredo Simon Cabrera
_____
                                    Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Andrew G. Slutkin                                           *SECRETARIO DEL TRIBUNAL*
_____
Nombre del abogado del Demandante

201 North Charles Street Suite 2600                Por: _____
_____                            Subsecretario
Dirección
Baltimore, MD 21201
_____

(410) 385-2225                                              Fecha _____
_____
Teléfono

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요      ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

FILED
CIVIL ACTIONS BRANCH
APR 24 2014
Superior Court
of the District of Columbia
Washington, D.C.

| | |
|---|---|
| JANE DOE<br><br>*Plaintiff,*<br><br>v.<br><br>**ALFREDO SIMON CABRERA**<br>100 Walnut Street<br>Teaneck, New Jersey 07666-3931<br><br>*Defendant.* | CIVIL ACTION NO.<br><br>14 - 0002537 |

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff Jane Doe,[1] by and through her attorneys Andrew G. Slutkin, Geoffrey G. Hengerer, and Silverman, Thompson, Slutkin & White, LLC, hereby sues Defendant Alfredo Simon Cabrera and for her Complaint states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a natural person who resides in Monmouth County, New Jersey.

2. Defendant is a natural person who resides in Bergen County, New Jersey, and works in Hamilton County, Ohio.

3. This court has subject matter jurisdiction over this action pursuant to D.C. Code Ann. § 11-921(a).

4. This court has personal jurisdiction over the Defendant pursuant to D.C. Code Ann. § 13-423(a)(3) because all the acts and omissions alleged herein occurred within the geographic boundaries of the District of Columbia.

---

[1] Contemporaneously with the filing of this Complaint, Plaintiff has file a Motion to Proceed under a Pseudonym which sets forth the precise factual and legal basis upon which Plaintiff seeks to proceed in this case.



5. Venue in this court is proper because all of the acts and omissions alleged herein occurred within geographic boundaries of this Judicial District.

## FACTS COMMON TO ALL COUNTS

6. Defendant is a professional baseball pitcher for the Cincinnati Reds who was in the District of Columbia for a series against the Washington Nationals starting on April 25, 2013.

7. At the time, Jane Doe was a 27-year-old resident of the District of Columbia who was employed full-time as a social worker working with at-risk youth in the District of Columbia.

8. On the night of April 27, 2013, Jane Doe went to the Huxley nightclub located at 1730 M Street N.W., Washington D.C. 20036, with her roommate and her friends.

9. During the early morning hours, Plaintiff was approached by a man named Kevin Verdin, who claimed to be Defendant's manager. Verdin informed Plaintiff that two men sitting at a table in Huxley, Defendant and Johnny Cueto, were professional baseball players. Verdin conversed extensively with Plaintiff and her friends, offering them admission to the next day's match-up between the Cincinnati Reds and Washington Nationals and sharing pictures of his children with Plaintiff. After an extensive period of conversing in an apparent effort to build trust with Plaintiff, Verdin escorted Plaintiff to the table where Defendant and Cueto were sitting and introduced Jane Doe to Defendant.

10. Jane Doe conversed with Cueto and Defendant bought Jane Doe drinks.

11. Defendant then grabbed Jane Doe's hand and said "we are getting out of here." Defendant hailed a taxi to the Mayflower Renaissance Hotel, located at 1127 Connecticut Avenue N.W., Washington D.C. 20036, where more than 100 rooms had been rented by the

2

Cincinnati Reds for its players and Defendant. At that point, Jane Doe was visibly intoxicated and was therefore incapable of consenting to any sexual contact with Defendant.

12.     Around 2:30 a.m., Jane Doe entered Defendant's room, where he began to kiss her. However, Defendant abruptly changed his behavior from a romantic encounter into a terrifying physical attack. As soon as Defendant started to get rough with her, Jane Doe told him to stop. Defendant ignored that plea, pinning Jane Doe down on her stomach while she struggled and continued to demand Defendant stop and get off of her. Defendant then grabbed her by the hair and attempted unsuccessfully and repeatedly to force his penis (without a condom) into her vagina, causing Plaintiff to be in immediate searing pain. Unable to penetrate her vagina, Defendant shoved his penis (without a condom) into her rectum, causing Plaintiff to cry out in unbearable physical pain as he continued to rape her anally. Despite the fact that Plaintiff was crying and she was now bleeding from her vagina and anus, Defendant proceeded to grab Jane Doe by the hair and to hold her head in front of his penis until he ejaculated all over her face and hair.

13.     Jane Doe was crying and disoriented as a result of the brutal physical attack.

14.     Crying, disheveled and in fear for her safety, Jane Doe fled Defendant's room and took a taxi back to Huxley to seek help from her roommate. Jane Doe recounted the details of the horrifying physical attack to her roommate. Plaintiff continued to experience extreme physical pain and bleeding from her vagina and anus.

15.     Later that morning, Jane Doe went to the Washington Hospital Center for a Sexual Assault Forensic Examination ("SAFE"). The exam revealed genital swelling, vaginal and anal abrasions, anal tears, and protruding tissue from the anus as a result of the violent attack.

16. On May 2, Jane Doe reported the attack to the D.C. Metropolitan Police, with the support of victim advocates.

## COUNT I
### (Assault & Punitive Damages)

17. Plaintiff incorporates by reference the allegations of facts contained in the previous paragraphs.

18. Defendant's forced sexual contact and brutal physical assault upon Plaintiff caused Plaintiff to be in reasonable apprehension of imminent bodily harm.

19. Defendant's forced sexual and physical contact constitutes criminal sexual abuse in the first degree under D.C. Code Ann. § 22-3002 and criminal assault under § 22-404.

20. Defendant acted with the intent and capability to do bodily harm to Plaintiff when he held her down on the bed and committed forcible and unwanted vaginal and anal penetration without a condom.

21. As a direct and proximate result of Defendant's actions, Plaintiff suffered, and continues to suffer, substantial damages including, but not limited to, extreme and permanent pain and suffering, humiliation, mental distress, medical expenses, and lost wages.

22. Defendant's attack of Plaintiff was willful and outrageous and was characterized by evil motive, intent to injure, ill will and fraud, and was done with actual malice given her repeated and clear attempts to physically and verbally resist at all times. His actions shock the conscience and are so outrageous as to warrant the award of punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for five million dollars ($5,000,000.00) in compensatory damages and ten million dollars ($10,000,000.00) in punitive damages plus interest, costs, and any other relief this Court deems just and proper.

## COUNT II
### (Battery & Punitive Damages)

23. Plaintiff fully incorporates by reference the allegations set forth in the preceding paragraphs.

24. Defendant committed several acts that constitute harmful and offensive contact on Plaintiff on April 28, 2013. Specifically, Defendant pinned down Plaintiff and engaged in forcible and unwanted vaginal and anal penetration of Plaintiff while she physically resisted Defendant and verbally expressed a lack of consent to the physical and sexual contact. Defendant also ejaculated on Plaintiff's face and in her hair against her will and despite the obvious physical pain and emotional distress his attack produced.

25. Defendant's harmful and offensive vaginal and anal penetration, along with the action of ejaculating onto the Plaintiff's face, was committed willfully and intentionally and with actual malice in an effort to exercise power and control over Plaintiff, to humiliate her, and to gain sexual gratification without regard to the physical and emotional harm Defendant knew or should have known would result to Plaintiff from his actions.

26. Defendant's forced sexual contact constitutes criminal sexual abuse in the first degree under D.C. Code Ann. § 22-3002 and criminal battery § 22-404.

27. Defendant lacked privilege or permission to engage in these harmful and offensive acts. Defendant knew or should have known he lacked such privilege or permission because Plaintiff physically resisted the Defendant and verbally expressed a lack of consent to the physical and sexual contact at all times.

28. As a direct and proximate result of Defendant's forced sexual and physical contact, Plaintiff suffered, and continues to suffer, substantial damages including, but not limited

to, extreme and permanent pain and suffering, humiliation, mental distress, medical expenses, and lost wages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for five million dollars ($5,000,000.00) in compensatory damages and ten million dollars ($10,000,000.00) in punitive damages plus interest, costs, and any other relief this Court deems just and proper.

## COUNT III
### (Intentional Infliction of Emotional Distress & Punitive Damages)

29. Plaintiff incorporates by reference the allegations of facts contained in the previous paragraphs.

30. On April 28, 2013, Defendant engaged in the brutal attack of Plaintiff, who physically resisted Defendant and verbally expressed a lack of consent to the physical and sexual contact.

31. Defendant's actions of forced vaginal and anal penetration, as well as ejaculating onto Plaintiff's face, were so outrageous as to shock the conscience and to exceed the bounds of human decency.

32. Defendant's conduct was willful, outrageous, reckless, and in deliberate disregard of a high degree of probability that emotional distress would result to Plaintiff given her ongoing physical resistance and verbal expressions of her lack of consent to the physical and sexual contact.

33. As a direct and proximate result of Defendant's forced sexual and physical contact, Plaintiff has suffered, and continues to suffer, emotional distress so severe as to be accompanied by physical manifestations such as nausea, vomiting, sleeplessness, and hyper-vigilance.

**WHEREFORE,** Plaintiff demands judgment against Defendant for five million dollars ($5,000,000.00) in compensatory damages and ten million dollars ($10,000,000.00) in punitive damages plus interest, costs, and any other relief this Court deems just and proper.

Dated: April 24, 2014

Respectfully submitted,

_\[signature\]_

Andrew G. Slutkin, Bar No. 433818
Geoffrey G. Hengerer, Bar No. 495994
SILVERMAN, THOMPSON, SLUTKIN, & WHITE, LLC
201 North Charles Street, 26th Floor
Baltimore, Maryland 21201
Telephone: (410) 385-2225
Facsimile: (410) 547-2432
aslutkin@mdattorney.com
ghengerer@mdattorney.com

Steven J. Kelly (*Pro Hac Vice* Pending)
SILVERMAN, THOMPSON, SLUTKIN, & WHITE, LLC
201 North Charles Street, 26th Floor
Baltimore, Maryland 21201
Telephone: (410) 385-2225
Facsimile: (410) 547-2432
skelly@mdattorney.com

*Counsel for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff demands that this case be tried by a jury on all counts.

_____
Andrew G. Slutkin, Bar No. 433818
Geoffrey G. Hengerer, Bar No. 495994
SILVERMAN, THOMPSON, SLUTKIN, & WHITE, LLC
201 North Charles Street, 26th Floor
Baltimore, Maryland 21201
Telephone: (410) 385-2225
Facsimile: (410) 547-2432
aslutkin@mdattorney.com



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JANE DOE
Vs.
ALFREDO SIMON CABRERA

C.A. No.   2014 CA 002537 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge BRIAN F HOLEMAN
Date:  April 24, 2014
Initial Conference: 9:30 am, Friday, July 25, 2014
Location:  Courtroom 214
    500 Indiana Avenue N.W.
    WASHINGTON, DC  20001

Caio.doc

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc