# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

------------------------------------------------------------

Jane Doe, §
§
          Plaintiff, §
§
          v. §          Case No. 1:14-cv-01005 (RBW)
§
Alfredo Simon Cabrera, §
§
          Defendant. §

------------------------------------------------------------

## MEMORANDUM OF LAW IN SUPPORT DEFENDANT'S MOTION TO PRECLUDE PLAINTIFF FROM USING A PSEUDONYM

Jon R. Fetterolf (D.C. Bar No. 479225)
Amit P. Mehta (D.C. Bar No. 467231)
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 822-8106
Email: jfetterolf@zuckerman.com
Email: amehta@zuckerman.com

*Attorneys for Alfredo Simon Cabrera*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................ ii

BACKGROUND .................................................................................................................... 1

ARGUMENT ......................................................................................................................... 4

    PLAINTIFF SHOULD NOT BE PERMITTED TO PROCEED WITH
    THIS ACTION UNDER A PSEUDONYM ........................................................................ 4

        1.    Two of the Five Factors are Inapplicable Here and, Therefore,
            Weigh Against Plaintiff Proceeding Anonymously................................................... 7

        2.    Plaintiff Would Not Be Required to Reveal Details of the Utmost Intimacy............ 8

        3.    Plaintiff is at No Risk of Harm Merely Because Simon is a
            Professional Baseball Player....................................................................................... 9

        4.    Permitting Plaintiff to Proceed Anonymously Will Prejudice
            Simon. ........................................................................................................................ 10

    CONCLUSION.................................................................................................................. 12

4516776.4

## TABLE OF AUTHORITIES

**CASES**

*Cox Broadcasting Corp. v. Cohn*,
　　420 U.S. 469 (1975) ........................................................................................ 4

*Constand v. Cosby*,
　　229 F.R.D. 472 (E.D. Pa. 2005) .................................................................... 10

*Doe v. Bell Atl. Bus. Sys. Servs., Inc.*,
　　162 F.R.D. 418 (D. Mass. 1995) ................................................................. 5, 6

*Doe v. Bolton*,
　　410 U.S. 179 (1973) ......................................................................................... 5

*Doe v. Briscoe*,
　　61 Va. Cir. 96 (2003) ....................................................................................... 9

*Doe v. Del Rio*,
　　241 F.R.D. 154 (S.D.N.Y. 2006) ......................................................... 4, 5, 11-12

*Doe v. Frank*,
　　951 F.2d 320 (11th Cir. 1992) .................................................................. 4, 6, 7

*Doe v. Hallock*,
　　119 F.R.D. 640 (S.D. Miss. 1987) ................................................................. 10

*\*Doe v. Shakur*,
　　164 F.R.D. 359 (S.D.N.Y. 1996) ............................................................. *passim*

*Doe v. Smith*,
　　105 F. Supp. 2d 40 (E.D.N.Y. 1999) ........................................................ 6, 7, 9

*Doe v. Stegall*,
　　653 F.2d 180 (5th Cir. 1981) .......................................................................... 5

*Doe v. Univ. of R.I.*,
　　Civ.A.No. 93-0560B, 1993 WL 667341 (D. R.I. 1993) ................................ 5-6, 7

*Doe v. Wolowitz*,
　　01-73907, 2002 WL 1310614 (E.D. Mich. May 28, 2002) ......................... 7, 10

*Does I thru XXIII v. Advanced Textile Corp.*,
　　214 F.3d 1058 (9th Cir. 2000) ........................................................................ 4

*James v. Jacobson*,
　　6 F.3d 233 (4th Cir. 1993) .............................................................................. 6

4516776.4

*Plaintiff B v. Francis*,
  631 F.3d 1310 (11th Cir. 2011) ................................................................ 5

*Richmond Newspapers, Inc. v. Virginia*,
  448 U.S. 555 (1980) ................................................................................ 12

*Roe v. Wade*,
  410 U.S. 113 (1973) .................................................................................. 5

*\*Rose v. Beaumont Indep. Sch. Dist.*,
  240 F.R.D. 264 (E.D. Tex. 2007) ..................................................... *passim*

*Rowe v. Burton*,
  884 F. Supp. 1372 (D. Alaska 1994) ......................................................... 6

*San Bernardino Cnty. Dep't of Pub. Soc. Servs. v. Super. Ct.*,
  283 Cal. Rptr. 332 (1991) ....................................................................... 12

*S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*,
  599 F.2d 707 (5th Cir. 1979) .............................................................. 5, 10

*United States v. Microsoft Corp.*,
  56 F.3d 1448 (D.C. Cir. 1995) ........................................................ *passim*

**RULES**

D.D.C. Civ. R. 5.1(c)(1) ......................................................................... 1, 4

D.C. Super. Ct. R. 10(a) ............................................................................ 4

Fed. R. Civ. P. 10(a) ............................................................................. 1, 4

4516776.4

Alfredo Simon Cabrera ("Simon"), by and through counsel, respectfully requests this Court preclude Plaintiff from using the pseudonym "Jane Doe," and order Plaintiff to re-file her Complaint setting forth her real name and address as required by Rule 10 of the Federal Rules of Civil Procedure and Local Civil Rule 5.1(c)(1).  Simon and the public possess a constitutional right to an open and public trial, and the Court should not allow Plaintiff to litigate this matter anonymously while simultaneously providing press statements and interviews promoting her version of events.  Plaintiff not only fails to satisfy any of the rare circumstances where courts have allowed adult plaintiffs alleging sexual assaults to proceed in anonymity, but by voluntarily injecting her case into the media through her own press release as well interviews conducted by her counsel, Plaintiff's own actions are inconsistent with the safeguards of anonymity she seeks. Accordingly, Simon requests the Court preclude Plaintiff from using a pseudonym, and re-file her Complaint setting forth her real name and address.

## BACKGROUND

Simon is a professional baseball player who currently pitches for the Cincinnati Reds. From 2008 until 2011, Simon played for the Baltimore Orioles.  On April 24, 2014,[1] Plaintiff filed a Complaint with the Superior Court of the District of Columbia ("D.C. Superior Court") alleging a civil complaint against Simon for assault, battery, and intentional infliction of emotional distress arising from her allegation that Simon sexually assaulted her on or about April 28, 2013.[2]  Compl. at ¶¶ 24, 30.  Plaintiff is seeking $15 million in damages.  *Id.* at 7.

When Plaintiff filed her Complaint with D.C. Superior Court, she filed two motions. First, she filed a "motion for leave to proceed under a pseudonym and memorandum of points and authorities in support thereof."  Ex. 1 ("Motion").  Plaintiff also filed a motion "for sealing

---

[1] Simon was first sent a copy of the summons and Complaint by Plaintiff's counsel on May 13, 2014 via email.

[2] On June 12, 2014, the action was removed to the United States District Court for the District of Columbia.

Plaintiff's address," stating only that "her address be sealed for the reasons stated in the memorandum in support of her Motion to Proceed under a Pseudonym." *See* Ex. 2.  The motion was granted that same day without receiving a response from Simon.[3]  *See* Ex. 3.  Thus it is unclear from these papers whether the D.C. Superior Court's order permits Plaintiff to proceed anonymously, or just restricts her exact address from disclosure.  Plaintiff did not attach any affidavit in support of either motion.

Notwithstanding her request to proceed anonymously, the day after filing her Complaint, Plaintiff sent the following statement to Baltimore television station WBAL-TV:

> The public may know me as Jane Doe, but I have a name, a face and a family.  I am as human as the next person.  When I moved to DC for my job I really wanted to help people.  I always felt so fortunate to have the family I did and especially my education.  I wanted to make a difference.  Being a counselor for at-risk youth was hard but there was nothing more fulfilling than helping someone to become the person they were mean[t] (sic) to be.  But I never went back to that job after April 27, 2013.  I sometimes feel like this man stole my sense of purpose in life. I am in therapy now trying to work through the pain, but I am still angry.  While the physical injuries have healed, I will never be the same.

Ex. 4.  This statement was relayed through numerous other media outlets, resulting in a number of press reports that included the statement in whole or part.  *See e.g.,* Exs. 4, 5, 6.

Shortly after the complaint was filed, Plaintiff's lawyers (Steven Kelly and Bridgette Harwood) also sought to publicize Plaintiff's case through the media, providing comments to reporters in an attempt to bolster Plaintiff's credibility in the eyes of the public, while attacking Simon at the same time.  *See, e.g.*, Exs. 7, 8, 9, 10, 11.

Kelly, lead counsel for the Plaintiff in this action, told reporters, "[t]his was a very brutal attack," further noting "[i]t was very traumatic for her."  Ex. 8 at 1.  He explained "[t]here was forensic evidence that demonstrated injuries that are just inconsistent with the notion of consent,"

---

[3] Simon did not receive or have access to this filing or the Court's subsequent order until it was received via email on May 13, 2014.

4516776.4

giving his personal opinion that "[y]ou do not consent to the type of injuries that are demonstrated in the medical records here." Ex. 9 at 2.  Kelly credited Plaintiff's motivations for bringing her lawsuit, noting "[b]ased on what happened to her, I think she would definitely say that he's a danger to others," *see* Ex. 10 at 2, and further explaining that "[Plaintiff] would never subject [her]self to [a lawsuit] had it not been for a real concern for the potential for this happening to other people," *see* Ex. 11 at 1.  Kelly described Plaintiff as "an educated, very credible young woman," assuring the public that "[t]his is not a situation where we have a gold digger or publicity seeker." Ex. 10 at 2.  In addition to his quotes that appeared in various news outlets, Kelly also gave at least two video interviews—one to an ABC News affiliate in Baltimore (WMAR) the day after the complaint was filed,[4] and a second to NBC Washington, a Washington D.C. local news provider.[5]

Bridgette Harwood, also identified as a lawyer for the Plaintiff, also provided detailed comments to USA Today.  Harwood told USA Today, "I don't know how those injuries happen without severe force." Ex. 11 at 2.  Harwood took issue with the U.S. Attorney's office decision not to pursue any charges in this case, explaining that "[i]t's definitely one of those cases you can't seem to wrap your mind around it, for me and the advocate…[w]hile I understand their position, I think I would have made a different decision." *Id.*  Harwood later explained to Plaintiff her options to pursue the case in civil court, where the standard of proof was lower and explained that Plaintiff had "struggled so much with wanting to forget and pretend like this never

---

[4] *Available at* http://www.abc2news.com/web/wmar/news/local-news/investigations/woman-suing-former-oriole-alfredo-simon-says-i-will-never-be-the-same

[5] *Available at* http://www.nbcwashington.com/news/local/Cincinnati-Reds-Pitcher-Alfredo-Simon-Accused-of-Rape-at-D_C_-Hotel_Washington-DC-256641411.html

4516776.4

happened and this external pressure of 'I owe this to other people not to let him do this to someone else.'" *Id.*[6]

## ARGUMENT

### PLAINTIFF SHOULD NOT BE PERMITTED TO PROCEED WITH THIS ACTION UNDER A PSEUDONYM

Federal Rule of Civil Procedure 10(a) expressly requires that civil actions be brought in the true name of the plaintiffs, providing that pleadings "must name all the parties." Fed. R. Civ. P. 10(a);[7] *see Doe v. Del Rio*, 241 F.R.D. 154, 156 (S.D.N.Y. 2006). So, too, does Local Civil Rule 5.1(c)(1). These rules, therefore, do not allow parties to proceed anonymously.

Rule 10 is premised on the constitutional presumption of openness and transparency of the courts. "Plaintiffs' use of fictitious names runs afoul of the public's common law right of access to judicial proceedings," *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000), a right rooted in the First Amendment. *United States Const. Amend. I*; *see United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) ("Indeed, parties to a lawsuit must typically openly identify themselves in their pleadings to protect the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.") (citing *Doe v. Frank,* 951 F.2d 320, 322 (11th Cir. 1992); *Del Rio*, 241 F.R.D. at156 ("[T]he public has a right of access to the courts. Indeed, lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among those facts is the identity of the parties.") (internal citation omitted)).[8]

---

[6] The USA Today article further cited emails that they obtained referencing Plaintiff's report to the police, her subsequent grand jury testimony, and the U.S. Attorney's office decision to not pursue any charges in this matter. Ex. 11 at 2. We assume these emails were voluntarily provided by Plaintiff or her counsel.

[7] *Accord* D.C. Super. Ct. R. 10(a), which states "[e]very pleading shall contain a caption setting forth … the name or names of the party or parties on whose behalf the pleading is filed."

[8] *Cf. Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469 (1975) (finding a First Amendment right to publish information about a rape and murder).

Further, the defendant has a right to be publicly accused of wrongdoing, as opposed to be accused publicly by unknown persons: "[b]asic fairness dictates that those among [a] defendant['s] accusers who wish to participate ... as individual party plaintiffs must do so under their real names." *Microsoft Corp.*, 56 F.3d at 1463-64 (citing *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,* 599 F.2d 707, 713 (5th Cir. 1979) (hereinafter *SMU*)).

Because of these constitutional considerations, courts rarely have allowed a plaintiff to commence a suit using a fictitious name.  For example, courts have allowed anonymous filings in cases involving abortion;[9] prayer and personal religious beliefs;[10] and allegations of a sexual nature involving children.[11]  On the other hand, in cases where adult plaintiffs allege sexual assault, courts have almost uniformly denied plaintiffs' requests for anonymity, even when revealing the plaintiff's identity may cause her to "suffer some personal embarrassment."  *See e.g., Del Rio,* 241 F.R.D. at 159-62 (holding that plaintiffs alleging sexual abuse by police officer could not proceed anonymously); *Doe v. Shakur,* 164 F.R.D. 359, 360-62 (S.D.N.Y. 1996) (denying motion to remain anonymous by plaintiff suing celebrity Tupac Shakur for "brutal sexual assault"); *Doe v. Bell Atl. Bus. Sys. Servs., Inc.,* 162 F.R.D. 418, 421 (D. Mass. 1995) (denying request to proceed anonymously even though plaintiff alleged she may have contracted the HIV virus as a result of the alleged sexual assault and had fears of "intense embarrassment and shame within her community"); *Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264 (E.D. Tex. 1007) (denying the request of a 19-year-old plaintiff to proceed anonymously in sex assault case alleging forced sexual acts performed when she was 14); *Doe v. Univ. of R.I.*, Civ.A.No. 93-

[9] *See, e.g., Roe v. Wade*, 410 U.S. 113 (1973); *Doe v. Bolton*, 410 U.S. 179 (1973).

[10] *See, e.g., Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981).

[11] *See, e.g., Plaintiff B v. Francis*, 631 F.3d 1310, 1312 (11th Cir. 2011) (specifically noting that the minor plaintiffs, who were filmed in states of undress and partaking in acts of a sexual nature, faced the danger of becoming permanently identified with the videos in which they appeared if their identities were made public because those videos were available online and were publicly for sale).

4516776.4

0560B, 1993 WL 667341, at *3 (D. R.I. 1993) (denying the request of a student alleging sexual assault to proceed under pseudonym despite claims of danger of personal embarrassment and ridicule).

As noted by the United States Court of Appeals for the District of Columbia, while the decision to proceed anonymously is within the district court's discretion, it is only the exceptional case in which a court would "grant the 'rare dispensation' of anonymity" to a plaintiff, but only after "inquir[ing] into the circumstances of particular cases to determine whether the dispensation is warranted." *Microsoft Corp.*, 56 F.3d at 1464 (citation omitted). Moreover, in the rare circumstances where courts have considered such requests in sexual assault cases, they have done so only in the exceptional cases where detailed evidence "of the nature, level, or the intensity of the mental injury" to the plaintiff was presented. *Doe v. Smith*, 105 F. Supp. 2d 40, 42 (E.D.N.Y. 1999).

In considering requests to proceed anonymously, courts have typically weighed five factors: (1) whether the plaintiff is challenging governmental activity; (2) whether the plaintiff would be required to disclose information of the utmost intimacy; (3) whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether the plaintiff would risk suffering injury if identified; and (5) whether the party defending against a suit brought under a pseudonym would be prejudiced. *Shakur*, 164 F.R.D. at 360-61; (citing *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993) (case remanded to determine whether plaintiff could proceed anonymously in medical malpractice case where doctor artificially inseminated patient with his own sperm); *Frank*, 951 F.2d at 323 (postal worker brought suit against the federal government for discrimination); *Bell Atl.*, 162 F.R.D. at 420 (plaintiff alleging sexual harassment and assault not permitted to proceed anonymously);

-6-

*Rowe v. Burton*, 884 F. Supp. 1372, 1386 (D. Alaska 1994) (convicted sex offender challenging

state's sex crime registration laws was not permitted to proceed anonymously); *Univ. of R.I.*,

1993 WL 667341, at *2 (alleged victim of sexual assault not permitted to proceed anonymously).

In examining these five factors, the court "must engage in a balancing process," but ultimately

must determine "whether [ ] plaintiff has a *substantial* privacy right which outweighs the

'customary and constitutionally-embedded presumption of openness in judicial proceedings.'"

*Shakur*, 164 F.R.D. 359 at 361 (citing *Frank*, 951 F.2d at 323) (emphasis added).  Plaintiff

cannot make such a showing here.

1.      **Two of the Five Factors are Inapplicable Here and, Therefore, Weigh Against
        Allowing Plaintiff Proceeding Anonymously.**

        Two of the five factors cited by courts are not at issue here and thus weigh against

allowing Plaintiff to proceed anonymously.  Plaintiff is not challenging governmental activity;

nor—to the best of our knowledge—is there any concern that she will be compelled to admit her

intention to engage in criminal activity.  The absence of these two factors weighs against

Plaintiff proceeding anonymously.  *See Smith*, 105 F. Supp. 2d at 42; *Rose*, 240 F.R.D. at 267

("[t]he nature of [plaintiff's] claim does not involve any admission on her part that she has

personally engaged in any illegal activity or that she will violate the law in the future.

Accordingly, this factor does not weigh in favor of allowing her to use a fictitious name."); *Doe*

*v. Wolowitz*, 01-73907, 2002 WL 1310614, at *2 (E.D. Mich. May 28, 2002) ("[i]n this case

Plaintiff is challenging private, not governmental, activity.  That factor weighs in favor of

disclosure of Plaintiff's identity.").

        Accordingly, these two factors weigh against permitting Plaintiff to proceed

anonymously.

**2.      Plaintiff Would Not Be Required to Reveal Details of the Utmost Intimacy.**

A third factor courts consider in reviewing requests for anonymity is whether the plaintiff would be required to disclose information of the utmost intimacy. Even though sexual assault cases by their very nature may cause both parties to reveal intimate details of their sexual conduct, courts have generally denied requests for anonymity in such cases involving adults. *See supra* at 5-6 (citing cases). Here, Plaintiff is an adult in her late twenties, and her unspecified and unsupported allegations of a generalized harm if her identity is revealed falls well short of meeting the standard articulated by the various courts to have considered this factor.

*Doe v. Shakur*, *supra*, is directly analogous to the facts of this case. There, the court found that the plaintiff could not establish a sufficient risk of harm to proceed anonymously in a civil action alleging adult sexual assault where plaintiff (1) chose to bring the suit against a celebrity, (2) was seeking civil damages to vindicate her own interests, and (3) publicly named the defendant. 164 F.R.D. at 361-62 (noting these factors when deciding not to allow a plaintiff alleging she was "brutally raped" by hip hop artist Tupac Shakur to proceed in her civil case anonymously). The court noted that the risk of public exposure and personal embarrassment, coupled with "very legitimate privacy concerns" were not sufficient to override the presumption of an open proceeding. *See id.*

*Rose v. Beaumont Indep. Sch. Dist.*, *supra*, is also instructive. In *Rose*, the court denied anonymity to a 19-year-old alleging that, as a child of 14, she was forced by a school employee to perform sexual acts on current and former student athletes while participating in a sex club. 240 F.R.D. at 265. While noting the highly private and sexual nature of the matter, the court nonetheless concluded that, in a civil case in which the plaintiff sought to vindicate her own

interests, fairness required her to stand by her charges publicly and reveal her identity. *Id.* at 267.[12]

While Plaintiff states this is a "highly sensitive and personal matter," she has not come forward with evidence "of the nature, level, or the intensity of the mental injury" that would occur if her name was revealed. *See Smith*, 105 F. Supp. 2d at 42. Her generalized statement that "commentators have recognized that involuntarily disclosing the identity of victims of such acts results in real psychological harm," Motion at 4, is not nearly enough to overcome the constitutionally-rooted presumption of an open and transparent judicial proceeding.

Accordingly, this factor weighs against permitting Plaintiff to proceed anonymously.

### 3. Plaintiff is at No Risk of Harm Merely Because Simon is a Professional Baseball Player.

A fourth factor courts consider in reviewing requests for anonymity is whether the plaintiff would risk suffering injury if identified. While Plaintiff claims "this cases poses a real potential risk of retaliatory physical or emotional harm," Motion at 5, she provides no support for this assertion through affidavit or otherwise. For the last two years, Simon has pitched for the Cincinnati Reds, and prior to that, he pitched for the Baltimore Orioles. Plaintiff, on the other hand, lives in New Jersey, where she is unlikely to encounter fans of Simon or his present or past teams. But more importantly, Plaintiff cannot articulate any particularized threat based merely on Simon's status as a baseball player,[13] and courts have rejected requests to proceed anonymously based on such a generalized assertion of risk of harm. *See Doe v. Briscoe*, 61 Va. Cir. 96 (2003) (concluding that the risk of retaliation by church members against a 19-year-old

---

[12] The *Rose* court also noted that plaintiff's prior report to the police where her identity was revealed as another relevant consideration against anonymity. *See Rose*, 240 F.R.D. at 268. According to Plaintiff's Complaint in this case, she reported the alleged assault to the police, which presumably included her true identity. Compl. at ¶ 16.

[13] *See* Motion at 5 ("[T]his cases poses a real potential risk of retaliatory physical or emotional harm to Plaintiff. Defendant is a public figure because he is a professional athlete for the Cincinnati Reds, a Major League Baseball team.")

-9-

alleging she was sexual assaulted by the minister was not sufficient to warrant proceeding

anonymously).  *See also Shakur*, 164 F.R.D. at 362 ("Plaintiff's allegation that she has been

subjected to death threats would provide a legitimate basis for allowing her to proceed

anonymously.  Plaintiff has not, however, provided any details, nor has she explained how or

why the use of her real name in court papers would lead to harm ...").

Plaintiff claims there is a "real potential risk" that Simon[14] or his fans will "engage in

some form of retaliation" against her, but as noted above, an unspecified risk is an insufficient

basis to proceed anonymously.  Nor have we uncovered any precedent that allows a plaintiff to

proceed anonymously in a civil action *merely* because the defendant is well known or a

celebrity,[15] as the mere fact of media coverage is not, unto itself, probative of risk to the plaintiff.

*See Rose*, 240 F.R.D. at 268; *Shakur*, 164 F.R.D. at 362

Accordingly, this factor weighs against permitting Plaintiff to proceed anonymously.

**4.      Permitting Plaintiff to Proceed Anonymously Will Prejudice Simon.**

The last factor courts consider in reviewing requests for anonymity is whether the party

against whom a suit is brought under a pseudonym would be prejudiced. Courts have found that

defendants can be disadvantaged if they are required to defend themselves publicly while

plaintiffs make their "accusations from behind a cloak of anonymity."  *See Shakur*, 164 F.R.D. at

361.[16]  This concern is particularly important when personal credibility will play a large role in

the outcome of the matter.  *See Wolowitz*, 2002 WL 1310614, at *2.

---

[14] As Plaintiff notes in her Motion, Simon has had her name for some time.  This fact makes her concerns even less tenable.  *See Doe v. Hallock*, 119 F.R.D. 640, 644 (S.D. Miss. 1987) (where defendants already knows the plaintiff's name, fear of retaliation from defendants could not justify proceeding anonymously).

[15] *Cf. Shakur, supra*; *Constand v. Cosby*, 229 F.R.D. 472, 478 (E.D. Pa. 2005) (refusing to permit potential witnesses against entertainer Bill Cosby remain anonymous).

[16] Citing *SMU*, 599 F.2d at 713 (Because "the mere filing of a civil action against ... private parties may cause damage to their good names and reputation," "[b]asic fairness" dictates that plaintiffs who publicly accuse defendants in civil suits "must [sue] under their real names."); *see Hallock*, 119 F.R.D. at 644 ("[B]y filing her

Plaintiff has already begun using the anonymity granted to her by D.C. Superior Court as a sword and a shield. After she initiated this suit, she and her lawyers began trying her case against Simon through public statements in television and newspapers. *See supra* at 2-4. Their statements plainly were designed to blunt the skepticism that naturally would accompany a multi-million dollar civil suit filed long after prosecutors declined to bring charges against Simon. In similar circumstances, courts have denied plaintiffs anonymity. In *Rose, supra,* the court concluded that, although the Plaintiff may have been concerned that using her real name would allow strangers access to the intimate details of her sexual encounters, such considerations were abrogated because of the plaintiff's involvement in the media coverage related to the case. *Id.* at 268. The court noted that "[a]fter agreeing to tell her side of the story from behind the cloak of anonymity, [plaintiff] cannot now complain to the court about the potential for future coverage." *Id.* The facts of this case are similar. "[F]rom behind the cloak of anonymity," Plaintiff and her attorneys are proactively promoting their side of the story in the media. Plaintiff should not now be permitted to maintain her anonymity, but rather should be compelled to publicly stand behind her accusations. *Id.*; *see Microsoft Corp.*, 56 F.3d at 1463-64 (fairness dictates that accusers who which to participate in the judicial process must do so under their real names).

Plaintiff's anonymity also has the potential to prejudice Simon's defense. Plaintiff has unfairly shielded herself from witnesses who might come forward with valuable evidence about Plaintiff's allegations or her credibility generally, should her identity become public. Courts have noted that permitting litigants to proceed anonymously deprives the opposing party and the court "of the chance that a yet unknown witness would, upon learning the fact about the case,

complaint, the plaintiff has leveled serious charges against the defendants, and has specifically identified them in the complaint.").

know to step forward with valuable information about the events or the credibility of the witnesses." *Del Rio*, 241 F.R.D. at 159 (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 596–97 (1980) (Brennan, J., concurring) ("Public trials come to the attention of key witnesses unknown to the parties."); *see also San Bernardino Cnty. Dep't of Pub. Soc. Servs. v. Super. Ct.*, 283 Cal. Rptr. 332, 341 (1991) ("open proceedings discourage perjury and might encourage other witnesses to come forward which in turn leads to more accurate fact-finding"). It would be manifestly unfair to allow Plaintiff to promote her story to the public, while at the same time impairing Simon's access to the public as a source of potential defense information.

Accordingly, this final factor weighs against permitting Plaintiff to proceed anonymously.

## CONCLUSION

Because none of the five relevant factors courts generally consider in analyzing requests for anonymity support Plaintiff**,** Simon respectfully requests that this Court preclude Plaintiff from using a pseudonym, and re-file her Complaint setting forth her real name and address.

4516776.4

Dated: June 19, 2014
        Washington, D.C.

Respectfully Submitted,

/s/ *Jon R. Fetterolf*
Jon R. Fetterolf (D.C. Bar No. 479225)
Amit P. Mehta (D.C. Bar No. 467231)
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 822-8106
Email: jfetterolf@zuckerman.com
Email: amehta@zuckerman.com

*Attorneys for Alfredo Simon Cabrera*

-13-

4516776.4

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused the foregoing **MOTION TO PRECLUDE PLAINTIFF**

**FROM USING A PSEUDONYM AND MEMORANDUM OF LAW IN SUPPORT OF**

**DEFENDANT'S MOTION** to be electronically filed with the Clerk of the Court by using the

CM/ECF system on this 19th day of June, 2014.  I also have served a copy of the foregoing

Motion and Memorandum by first-class postage prepaid mail on the following:

Andrew G. Slutkin
Geoffrey G. Hengerer
Steven J. Kelly
SILVERMAN, THOMPSON, SLUTKIN & WHITE, LLC
201 North Charles Street, 26th Floor
Baltimore, Maryland 21201
aslutkin@mdattorney.com
ghengerer@mdattorney.com
skelly@mdattorney.com

/s/ *Jon R. Fetterolf*
Jon R. Fetterolf

4516776.4