**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JANE DOE | * | |
| Plaintiff, | * | |
| v. | * | Case No. 1:14-cv-01005 (RBW) |
| ALFREDO SIMON CABRERA | * | |
| Defendant. | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION TO PRECLUDE PLAINTIFF FROM USING A PSEUDONYM**

Plaintiff, Jane Doe, by and through her undersigned counsel, respectfully submits this Memorandum in Opposition to Defendant's Motion to Preclude Plaintiff from Using a Pseudonym (the "Motion").

## INTRODUCTION

Defendant's Motion turns the facts of this case on their head.  Defendant, who is Major League Baseball All Star with almost daily access to the media as well as an army of public relations and marketing professionals, seeks to paint himself as the "victim." The "perpetrator," in Defendant's distorted view, is Jane Doe—a 28-year-old sexual assault victim who was so brutalized and traumatized by the sexual assault Defendant committed, she was forced to leave her job and move out of the District of Columbia.  Under the guise of "fairness," Defendant variously seeks to paint Plaintiff as a publicity seeking "gold-digger" and to minimize both the gravity of the assault she underwent and the severity of injuries flowing therefrom.

This Court should deny the Motion because the *actual* facts of this case demonstrate that forcing Plaintiff to reveal highly sensitive and personal information about her physical and psychological health will result in real and substantial psychological harm to Plaintiff.  This

harm is evinced by an affidavit from Plaintiff and that of her treating psychologist.  Those affidavits reveal specific, identifiable, and actual harm that will result from the granting of Defendant's Motion.  In contrast, Defendant, who has known of Plaintiff's name and address since he was served with the Complaint and has given this information to a private investigative service retained to dig into Plaintiff's background, can demonstrate *no* risk of prejudice flowing from protecting Plaintiff's identity.  Accordingly, and for the reasons set forth more fully below, Plaintiff respectfully requests that the Court deny Defendant's Motion.

## RELEVANT FACTS[1]

On April 27, 2013, Plaintiff was a 27-year-old resident of the District of Columbia employed as a social worker helping at-risk youth in the city.  That evening, she was introduced to Defendant by a man named Kevin Verdin, who claimed to be Defendant's manager.  Verdin conversed extensively with Plaintiff and her friends, offering them admission to the next day's match-up between the Cincinnati Reds and Washington Nationals.  He even shared pictures of his children in an apparent effort to build trust with Plaintiff before introducing her to Defendant. After meeting Plaintiff, Defendant bought her several drinks.

In the early morning hours of April 28, 2013, Defendant hailed a taxi and took Plaintiff from the Huxley to the Mayflower Renaissance Hotel in DuPont Circle, where more than 100 rooms had been rented by the Cincinnati Reds for its players and Defendant.  After entering his hotel room with Plaintiff, Defendant made initial romantic advances toward Plaintiff, which quickly shifted into an aggressive and terrifying physical attack.  Plaintiff told Defendant to stop. Instead, Defendant physically pinned Plaintiff on her stomach as he attempted to vaginally penetrate her.  When vaginal intercourse was unsuccessful, Defendant proceeded to anally penetrate Plaintiff.  Even though Plaintiff was crying and bleeding from the attack, Defendant

---

[1] These facts are derived from the allegations in Plaintiff's Complaint.

held her head as he ejaculated all over her face and hair.  Plaintiff fled the Mayflower and reported to the Washington Hospital Center later that day, where she received an extensive Sexual Assault Forensic Exam ("SAFE") by a specially trained nurse, was tested for various sexually transmitted diseases and administered various prophylactic medications regarding the same.  Plaintiff's SAFE exam references various gynecological injuries as well as injuries to Plaintiff's rectum.

Plaintiff filed suit in the Superior Court for the District of Columbia ("D.C. Superior Court") on April 24, 2014.  Pursuant to D.C. Super. Rule 12-I(b)(ii), any motion to proceed under a pseudonym must be presented to the chambers judge for consideration prior to the filing of the Complaint.  Plaintiff presented her Motion to Proceed Under a Pseudonym ("Pseudonym Motion") and her Motion to Seal an affidavit containing her name and address.   The Chambers Judge granted both motions.  At the request of the clerk, Plaintiff subsequently prepared and filed a handwritten motion to seal Plaintiff's address from the public record, which was also granted by the Chambers Judge.  Once those pre-filing Motions were granted, the court styled the case as *Jane Doe v. Alfredo Simon Cabrera,* Civil Case No. 14-0002537, and issued the summons.  On May 13, 2014,Defendant was served with all the documents filed in that case, including the Sealed Affidavit containing Plaintiff's full name and current address.  In the cover letter forwarding the documents to Mr. Simon's counsel, the undersigned directed counsel to the court's orders granting the right to file under pseudonym and sealing the affidavit containing Plaintiff's name and address and asked that Defendant "treat the Sealed Affidavit and any other document identifying our client as confidential until such time as the Court orders otherwise." (*See* May 13, 2014 Letter from Geoffrey G. Hengerer, Esquire to Jon R. Fetterolf, Esquire, attached as **Exhibit A**.)

Contrary to Defendant's suggestions, neither Plaintiff nor the undersigned sought out publicity on Plaintiff's behalf.  Throughout the criminal investigation, Plaintiff was represented by Bridgette Harwood, an attorney for the independent advocacy organization Network for Victim Recovery of D.C. ("NVRDC").  Ms. Harwood and NVRDC are dedicated to increasing awareness concerning sexual assault and to calling attention to and addressing the low rate of successful sexual assault prosecutions in the District of Columbia.  While Plaintiff consented to permitting NVRDC to comment on this case as part of that mission, Ms. Harwood is not representing Plaintiff in this action and neither she nor NVRDC is affiliated with the undersigned.  Thus Defendant's accusations concerning the "media campaign" attributable to Plaintiff and the undersigned are baseless.

More fundamentally, Defendant attempts to gloss over the fact that the vast majority of the media attention generated by the filing of this case resulted from the fact that Alfredo Simon is an accomplished professional athlete who actively seeks out publicity.  *USA Today* was the first news outlet to pick up on the story of the filing of the Complaint.  In that story, Mr. Simon's previous lawyer, Jack Quinn, is prominently quoted as saying "[t]he allegations are totally baseless.  Mr. Simon will defend this matter fully and will be totally exonerated."  *See* Rachel Axon, *Woman files lawsuit saying she was raped by Reds Pitcher Alfredo Simon, USA Today,* (posted on April 24, 2014 and updated on April 25, 2014), attached as **Exhibit B**.[2]  Once that story was posted online, it was picked up by the Associated Press, which prompted numerous news organizations to run similar stories and to contact lawyers for the parties for comment.  Accordingly, it was Defendant's own celebrity status, and *not* Plaintiff's desire to "try this case"[3]

---

[2] Without any support, Defendant accuses the undersigned of providing emails referencing the police report, grand jury testimony and the U.S. Attorney's office's decision not to prosecute the media.  (Def.'s Mem. Supp. at 4 n.6).  These allegations are baseless as neither the undersigned nor Plaintiff provided any such materials to the media.
[3] (Def.'s Mem. Supp. at 11).

in the media that led to the majority of the press coverage.   Moreover, Mr. Simon and his attorneys had every opportunity to respond to the same media requests Plaintiff's attorneys were receiving.

Furthermore, Plaintiff did not issue a "press release" to gin up media attention, as Defendant suggests.  (Def.'s Mem. Supp. at 1.)  Plaintiff issued a brief statement, containing *no* identifying information, to respond to widespread Internet comments by Simon supporters attacking and disparaging her character and questioning her motives for bringing suit.  (*See* Affidavit of Jane Doe ¶ 11, attached as **Exhibit C**.)  Plaintiff *never* identified herself publicly to any news organization or issued a press release of any kind.  (*See id.* ¶ 4.)

## <u>ARGUMENT</u>

This Motion requires this Court to balance Plaintiff's constitutionally protected right to privacy against the public's right to open courts.  *See United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995).   This is *not*—as Defendant suggests—a contest between the respective rights of the parties.   (*See* Def.'s Mem. Supp. at 5.)  Determining whether the balance favors anonymity is a case-by-case inquiry that is within the sound discretion of the trial court. *Microsoft Corp.,* 56 F.3d at 1464.

This Court has recognized five factors that guide that analysis:

(1) Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*See Nat'l Ass'n of Waterfront Emp'rs v. Chao*, 587 F. Supp. 2d 90, 98 (D.D.C. 2008).  No one of these factors is dispositive and, in sexual assault cases, the first two factors are generally the

most important.  *See Doe v. Smith*, 105 F. Supp. 2d 40, 42-43 (E.D.N.Y. 1999) (finding

anonymous pleading appropriate where only first two factors were satisfied in Plaintiff's favor).[4]

### A.  THE FIRST TWO FACTORS STRONGLY FAVOR PLAINTIFF

In the context of sexual assault, the first two factors identified in *Chao* are

interrelated.  While courts have recognized allegations of sexual assault are "highly

personal and sensitive,"[5] sexual assault survivors must demonstrate the risk that revealing

this information will cause more than "mere embarrassment" to establish the kind of

compelling constitutional privacy interest that outweighs the presumption of openness of

courts.  *See Doe v. Del Rio*, 241 F.R.D. 154, 160 (S.D.N.Y. 2006).  To meet these

interrelated tests, the plaintiff must show that revealing their identity would (1) force

them to publicly reveal sensitive and personal information and (2) lead to demonstrable

physical or psychological harm.  *See id.*

As set forth below, Plaintiff far exceeds *both* thresholds.

First, the subject matter of this litigation is of the utmost personal nature.  This

case involves a violent and highly humiliating non-consensual sexual encounter between

Plaintiff and a professional baseball player.  The Complaint includes graphic descriptions

of the various sex acts performed on Plaintiff while she was physically restrained and

unable to resist the ongoing sexual attack.  (*See* Compl. ¶¶ 12, 14, 15.)  The Complaint

also makes specific reference to Plaintiff's genital anatomy, various hospital

examinations performed on her, tests (including for sexually transmitted diseases), and

---

[4] Because both parties here are adults, courts do not consider the age of the parties in sexual assault cases, but instead generally look to the remaining factors to determine whether the plaintiff has a compelling privacy interest. *See, e.g., Doe v. Smith,* 105 F. Supp. 2d at 42.  Because those factors strongly favor Plaintiff, the parties' age is of no moment.  *Cf. id.*
[5] *See, e.g., Doe v. Blue Cross & Blue Shield United of Wisc.,* 112 F.3d 869, 872 (7th Cir. 1997) (recognizing rape victims as among the class of plaintiffs generally entitled to anonymity).

various psychological and psychiatric treatment she received.  (*Id.*).   Courts have repeatedly recognized a compelling privacy interest in such medical information.  *See EW v. New York Blood Ctr.*, 213 F.R.D. 108, 112 (E.D.N.Y. 2003) (shielding information concerning sexually transmitted diseases potentially contracted by plaintiff); *Doe v. Shady Grove Adventist Hospital,* 598 A.2d 507 (Md. App. 1991) (same).   Further, the Complaint sets forth allegations concerning Plaintiff's sexual activities, and gives rise to issues concerning Plaintiff's sexual history.  (*See* Compl. ¶ 12.)   Courts have also held that plaintiffs have a compelling privacy interest in avoiding public disclosure of that type of information.  *See Doe v. Diocese Corp.*, 647 A.2d 1067, 1072 (Conn. Super. Ct. 1994) (noting "[o]ne's sexual history and practices are among the most intimate aspects of a person's life").

Second, Plaintiff has offered proof that the public disclosure of this highly personal and sensitive information will lead to substantial psychological harm.  Plaintiff has submitted a sworn affidavit in which she affirms that she has suffered "severe anxiety and depression as a result of the assault . . . so bad at various points, I have contemplated suicide."  (*See* Doe Aff. ¶ 9.)   She was so distraught by the assault, she gave up a fulfilling job as a professional working with at-risk youth.  (*Id.* ¶ 7.)  Moreover, the acts of one night resulted in Plaintiff moving away from D.C. – a city where she lived for several years.  (*Id.*)   Plaintiff notes that she has sought counseling, made significant progress in her treatment, and is now holding down a job.  (*Id.* ¶¶ 8 & 13.)  Plaintiff, however, is also justifiably fearful about being publicly identified.  In particular, she is afraid she will not be able to move forward with her case should she be identified and, regardless of whether she does, she is concerned that the identification will set her back

in her recovery and place her at "severe risk for her safety and survival." (*Id.* ¶ 17.) Plaintiff is also afraid of harassment and/or violence by Defendant's supporters and the fans, *i.e.*, the fanatics, of Defendant's team. (*Id.* ¶ 16.)

In addition, Plaintiff has submitted an affidavit from Jessica Senick, M.S.W., L.C.S.W., a licensed counseling social worker, who has been treating Plaintiff for symptoms related to the assault. (*See* Affidavit of Jessica Senick, attached as **Exhibit D**.) Ms. Senick notes that she has diagnosed Jane Doe with Post Traumatic Stress Disorder ("PTSD"), Major Depressive Disorder and Panic Disorder. (*Id.* ¶ 4.) Based on her work with Plaintiff, Ms. Senick concludes that forcing Jane Doe to reveal her identity will "result in serious additional injury to her by aggravating her underlying diagnosis of PTSD and anxiety and depression." (*Id.* ¶ 13.) Further, Ms. Senick believes "publicly disclosing Jane Doe's name in this lawsuit will *definitely* have a severe adverse effect on her ongoing recovery process. (*Id.* ¶ 14.)

When confronted with such evidence of demonstrable psychological harm flowing from forced public disclosure, courts are "nearly uniform"[6] in permitting sexual assault victims to proceed anonymously in civil actions. For instance, in a case relied upon by Defendant, the court reversed its prior refusal to allow anonymous pleading based on "evidence that proceeding publicly would seriously threaten [the plaintiff's] mental health, requiring her to choose between dropping her action and placing her life in jeopardy." *Doe v. Smith*, 105 F. Supp. 2d at 42-43. In addition, Judge Amy Berman Jackson of this Court recently permitted an adult sexual assault survivor to proceed anonymously based on the risk that publicity concerning the sexual assault "could

---

[6] (Def.'s Mem. Supp. at 5 (noting courts are "nearly uniform" in refusing to permit sexual assault victims to proceed anonymously based on "mere embarrassment.").

exacerbate the psychological harm that [the plaintiff] has already experienced . . . ." *Jane Doe v. De Amigos, LLC,* 1101755 (ABJ) April 30, 2011 Mem. Op. and Order, a copy of which is attached as **Exhibit E**. Federal district courts across the country have reached the same result when presented with such proof. *See, e.g., Doe v. Penzato*, CV10-5154 MEJ, 2011 WL 1833007 (N.D. Cal. May 13, 2011) (granting adult sexual assault victim's motion to proceed anonymously based plaintiff's fear of psychological harm); *accord Doe No. 2 v. Kolko,* 242 F.R.D. 193, 196 (E.D.N.Y. 2006); *Doe v. Evans,* 202 F.R.D. 173, 176 (E.D. Pa. 2001).

Further, *all* the authorities cited by Defendant are critically distinguishable based on the absence of any proof of psychological harm flowing from the public disclosure in those cases. *See Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 266 (E.D. Tex. 2007) (failing to discuss harm to the plaintiff); *Doe v. Del Rio*, 241 F.R.D. at 160 (plaintiff failed to demonstrate link between the psychological harm and public disclosure of her name); *Doe v. Shakur*, 164 F.R.D. 359, 362 (S.D.N.Y. 1996) (plaintiff identified nothing more than the type of "public humiliation and embarrassment" that is insufficient to overcome presumption of openness); *Doe v. Bell Atl. Bus. Sys. Servs., Inc.,* 162 F.R.D. 418, 421 (D. Mass. 1995) (same).

Plaintiff, therefore, has demonstrated that the first two *Chao* factors strongly favor preserving her anonymity because the information that would be revealed here is highly sensitive and personal and that the forced public disclosure of her identity poses a real risk of significant psychological harm. Defendant's Motion should be denied based on that evidence alone. *See Doe v. Smith*, 105 F. Supp. at 42-43 (finding compelling interest based on evidence demonstrating the first two factors favored plaintiff).

**B. THE FOURTH FACTOR IS SATISFIED BECAUSE PLAINTIFF IS VINDICATING HER RIGHTS AS A VICTIM OF CRIME**

Although Plaintiff is not suing a governmental entity, this lawsuit constitutes her attempt to vindicate her right as a victim of sexual assault. Courts have recognized that "the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes" and that allowing victims to sue in civil court furthers that goal. *Cf. Kolko*, 242 F.R.D. at 195. Granting Defendant's Motion would have a chilling effect on the willingness of victims of sexual assault to come forward and enforce their rights without fear of additional trauma and privacy violations. It is established that "[f]ailure to adequately protect a victim's fundamental right to privacy negatively impacts his or her fundamental right to access the courts." See M. Garvin, *Protecting Victim Privacy: The Tool of Anonymous Pleading in Civil Cases*, Nat. Crime Victim Inst. (2008), available online at http://allianceforvictimsrights.com/wp-content/uploads/2011/05/victim_privacy.pdf. Courts have recognized that sexual assault victims may fear public exposure and the stigma of having been victim to such a crime. *See EEOC v. ABM Indus.*, 249 F.R.D. 588 (E.D. Cal. 2008). Thus, permitting Plaintiff to proceed anonymously animates an important public policy and the fourth *Chao* factor is satisfied.

**C. THE FIFTH FACTOR FAVORS PLAINTIFF BECAUSE DEFENDANT HAS FAILED TO DEMONSTRATE ANY ACTUAL PREJUDICE**

Defendant identifies two ways in which he claims he will be prejudiced if his Motion is denied: (1) Plaintiff will be permitted to "try her case" in the media without revealing her name; and (2) anonymous pleading would deny Simon access to potential

witnesses who may come forward.  (Def.'s Mem. Supp. at 10-11.)  These arguments are wholly untethered from the facts of this case and the controlling law.

Defendant's first argument for prejudice is a red-herring that strongly suggests Defendant's true motivation for bringing this Motion—to punish and intimidate Plaintiff for pressing this case.  Plaintiff has done nothing more than respond to repeated media inquiries—just as Defendant has—generated by the fact that Defendant is a publicity-seeking celebrity.  Moreover, as Defendant well knows, the overwhelming majority of news outlets in the United States refuse to publicize the name and/or identifying information of adult sexual assault survivors unless the survivor consents to the publication.  *See* Shirley A. Wiegand, *Sports Heroes, Sexual Assault and the Unnamed Victim,* 12 Marq. Sports L. Rev. 501, 502 and n.6 (Fall, 2001).  Indeed, all the news coverage cited in Defendant's Motion is objective coverage from responsible journalists who, to a person, would refuse to publish identifying information about Plaintiff without her permission.  *See id.*  Thus, the only news outlets who would give Defendant the publicity concerning Plaintiff's name and address he so desperately seeks are the same bloggers, commenters and other self-styled "journalists" who have already attacked and attempted to undermine Plaintiff.  (*See* Jane Doe Aff. ¶¶ 11.)  These members of the "blogosphere" are not governed by journalistic ethics and, as they have done in many other cases, they are very likely to widely disseminate intimate details about Plaintiff's suffering in a manner purely intended to harass and intimidate her.  There is simply no "fairness" in such an outcome for anyone—including Defendant.

Defendant's second argument is fatally undermined by the fact that he was provided with Plaintiff's name and address when he was served with the Complaint.

Indeed, despite the D.C. Superior Court's orders permitting Plaintiff to proceed anonymously and sealing her address, Defendant's investigators have been making full use of Plaintiff's name—openly identifying her in connection with this case to at least two potential witnesses without first confirming the identity of the potential witnesses. (*See* Doe Aff. ¶ 18.)   Moreover, Plaintiff has not sought to impose *any* limitation on Defendant's ability to conduct whatever discovery he deems necessary (given the appropriate protective orders governing the use and dissemination of identifying information)—Plaintiff seeks only to protect against *public disclosure* of her name and address.  Defendant therefore cannot credibly claim to be prejudiced in any manner.  *See Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 687 (11th Cir. 2001) (noting plaintiff's offer to identify herself to defendant "eviscerates" prejudice argument); *Doe No. 2 v. Kolko,* 242 F.R.D. at 198 (requiring defendant to point to specific ways in which discovery would be limited to demonstrate prejudice by anonymous pleading of plaintiff identified to defendant); *Doe v. Smith,* 105 F. Supp. 2d at 45 (holding that there was no prejudice to defendant where plaintiff's name was disclosed and defendant's right to discovery not limited).

<u>**CONCLUSION**</u>

At stake in this Motion for Plaintiff is her privacy, her dignity and the hard-fought progress she has made in her path toward healing.  In contrast, Defendant cannot demonstrate a *single* way in which permitting Plaintiff to remain anonymous will prejudice his case.  His Motion is a thinly-veiled attempt to punish and bully the only true victim in this proceeding.  The Motion lacks any support in fact or in law and Plaintiff therefore respectfully requests that the Motion be denied.  A proposed order to that effect is attached.

Date: July 22, 2014                    Respectfully submitted,

                                       */s/ Geoffrey G. Hengerer*
                                       Andrew G. Slutkin, Esq. (DC Bar No. 433818)
                                       Geoffrey G. Hengerer, Esq. (DC Bar No. 495994)
                                       SILVERMAN|THOMPSON|SLUTKIN|WHITE|LLC
                                       201 North Charles Street, Suite 2600
                                       Baltimore, Maryland 21201
                                       Tel:  (410) 385-2225
                                       Fax: (410) 547-2432
                                       aslutkin@mdattorney.com
                                       ghengerer@mdattorney.com

                                       *Attorneys for the Plaintiff*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 22nd day of July, 2014, a copy of Plaintiff's foregoing Memorandum in Opposition to Defendant's Motion to Preclude Plaintiff from Using a Pseudonym, and the proposed order were served on counsel of record via the Court's CM/ECF electronic filing system.


   /s/                                                               
Geoffrey G. Hengerer