UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jane Doe,<br><br>     Plaintiff,<br><br>vs.<br><br>Alfredo Simon Cabrera,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO. 1:14-cv-01005 (RBW)<br>)<br>)<br>)<br>)<br>) |

## BRIEF OF AMICUS CURIAE THE NATIONAL CRIME VICTIM LAW INSTITUTE IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT'S MOTION TO PRECLUDE PLAINTIFF FROM USING A PSEUDONYM

Pursuant to Local Civil Rule 7 (m), the attorneys for the parties conferred on July 21st. This matter was not resolved during the course of the conference and this motion is opposed by Defense Counsel.

Dated: July 22, 2014
    Washington, D.C.

        /s/ T. Michael Andrews
        _____

        T. Michael Andrews (D.C. Bar No. 482164)
        DC Crime Victims Resource Center
        1300 Pennsylvania Ave, Suite 700, NW
        Washington, DC 20004
        Tel: (202) 531 3346
        Michael@dccrimevictims.org
        Counsel for Amicus Curiae
        National Crime Victims Law Institute

        _____

        Margaret Garvin (OR Bar #04465; MN Bar #294226)
        Terry Campos (IL ARDC #6276411)
        National Crime Victim Law Institute at Lewis & Clark Law School*
        310 SW 4th Ave, Suite 540
        Portland, Oregon 97204
    *Law School is not amicus and is listed for affiliation purposes only

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Jane Doe, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | CASE NO. 1:14-cv-01005 (RBW) |
| Alfredo Simon Cabrera, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## THE NATIONAL CRIME VICTIM LAW INSTITUTE'S MOTION FOR LEAVE TO PARTICIPATE AS AMICUS CURIAE IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT'S MOTION TO PRECLUDE PLAINTIFF FROM USING A PSEUDONYM

/s/ T. Michael Andrews
_____

T. Michael Andrews ( D.C. Bar No. 482164)
DC Crime Victims Resource Center
1300 Pennsylvania Ave, Suite 700, NW
Washington, DC 20004
Tel: (202) 531 3346
Michael@dccrimevictims.org
Counsel for Amicus Curiae
National Crime Victims Law Institute


_____

Margaret Garvin (OR Bar #04465; MN Bar #294226)
Terry Campos (IL ARDC #6276411)
National Crime Victim Law Institute at Lewis & Clark Law School*
310 SW 4th Ave, Suite 540
Portland, Oregon 97204
*Law School is not amicus and is listed for affiliation purposed only

1

The National Crime Victim Law Institute (NCVLI) respectfully requests leave to participate as amicus curiae and to file the accompanying brief in support of Plaintiffs' reply to Defendant's motion to preclude plaintiff from using a pseudonym.[1]

## Statement of Interest

*Amicus curiae* the National Crime Victim Law Institute (NCVLI) is a nonprofit educational and advocacy organization located at Lewis and Clark Law School in Portland, Oregon.  NCVLI's mission is to actively promote balance and fairness in the justice system through crime victim-centered legal advocacy, education, and resource sharing. NCVLI accomplishes its mission through education and training; promoting the National Alliance of Victims' Rights Attorneys; researching and analyzing developments in crime victim law; and litigating as *amicus curiae* issues of national importance regarding crime victims' rights in cases nationwide.  NCVLI also provides information to crime victims and crime victims' attorneys through its website, www.ncvli.org.   This case involves the fundamental rights of all victims to privacy and to access the courts for redress of harm.

## Reasons Why Amicus Participation is Desirable

In this case, NCVLI proposes to appear as amicus curiae on whether the Court should preclude plaintiff from using the pseudonym "Jane Doe" to maintain her anonymity throughout the proceedings.  By maintaining this Court's previous order, the Court would reinforce plaintiff's ability to seek remedies afforded by law, and avoid putting her to the Hobson's choice of seeking such remedy or maintaining her privacy behind a veil of silence.  Public policy in favor of seeing a case proceed to resolution on the merits and victims' rights to privacy and to access the courts counsels against forcing such a choice.  Granting leave for amicus curiae to participate and submit a brief on this issue will provide the Court the benefit of insights from a

---

[1] Plaintiff consented to Amicus Curiae's participation in this proceeding.  Defendant has opposed this motion.

leading national organization on crime victims' rights law on a critical issue of law that has important implications for victims nationwide.

## Conclusion

For the reasons set forth herein, and the legal arguments contained in the amicus curiae brief conditionally filed with this Motion, NCVLI respectfully requests that this Court grant leave to participate as amicus curiae in this proceeding and that it accept the accompanying brief for filing in this case.

Respectfully submitted,

/s/ T. Michael Andrews

_____

T. Michael Andrews ( D.C. Bar No. 482164)
DC Crime Victims Resource Center
1300 Pennsylvania Ave, Suite 700, NW
Washington, DC 20004
Tel: (202) 531 3346
Michael@dccrimevictims.org
Counsel for Amicus Curiae
 National Crime Victims Law Institute

_____

Margaret Garvin (OR Bar #04465; MN Bar #294226)
Terry Campos (IL ARDC #6276411)
National Crime Victim Law Institute at Lewis & Clark Law School*
310 SW 4th Ave, Suite 540
Portland, Oregon 97204

*Law School is not amicus and is listed for affiliation purposed only

Counsel for Amicus Curiae National Crime Victim Law Institute

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 22, 2014 the foregoing **Motion of the National Crime Victim Law Institute for Leave to Participate as Amicus Curiae in Support of Plaintiffs' Reply to Defendant's Motion to Preclude Plaintiff From Using a Pseudonym** to be electronically filed with the Clerk of the Court, using the Court's CM/ECF system, which will send electronic notification of the filing to the below CM/ECF participant. Parties may access this filing through the Court's system.  I have also served a copy of the forgoing Brief by first class postage prepaid mail on the following:

Andrew G. Slukin
Geoffrey G. Hengerer
Steven J. Kelly
Silverman, Thompson, Slukin & White, LLC
201 North Charles Street, 26th Floor
Baltimore, Maryland 21201

Jon R. Fetterolf
Amit P. Mehta
Zuckerman Spaeder LLP
1800 M. Street, N.W. Suite 1000
Washington, DC 20036

/s/ T. Michael Andrews
_____
T. Michael Andrews

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jane Doe, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) CASE NO. 1:14-cv-01005 (RBW) |
| Alfredo Simon Cabrera, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

### BRIEF OF AMICUS CURIAE THE NATIONAL CRIME VICTIM LAW INSTITUTE IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT'S MOTION TO PRECLUDE PLAINTIFF FROM USING A PSEUDONYM

/s/  T. Michael Andrews
_____

T. Michael Andrews (D.C. Bar No. 482164)
DC Crime Victims Resource Center
1300 Pennsylvania Ave, Suite 700, NW
Washington, DC 20004
Tel: (202) 531 3346
Michael@dccrimevictims.org
Counsel for Amicus Curiae
National Crime Victims Law Institute

_____

Margaret Garvin (OR Bar #04465; MN Bar #294226)
Terry Campos (IL ARDC #6276411)
National Crime Victim Law Institute at Lewis & Clark Law School*
310 SW 4th Ave, Suite 540
Portland, Oregon 97204

 *Law School is not amicus and is listed for affiliation purposes only

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................ii

STATEMENT OF INTEREST ............................................................................................1

ARGUMENT ......................................................................................................................1

The Victim-Plaintiff's Fundamental Rights to Privacy and to Access the Courts,
Coupled With the Public's Interest in Seeing Resolution of This Case on the
Merits, Are the Preeminent Interests at Stake in This Case; and They Necessitate
Allowing Her to Proceed By Pseudonym .............................................................................1

A. The Victim-Plaintiff's Fundamental Right to Seek Redress by Accessing
   Courts Without Sacrificing Her Fundamental Right to Privacy Justifies
   Proceeding Under a Pseudonym ....................................................................................2

B. The Presumption of Open Access Is Properly Overcome in Matters of Highly
   Sensitive and Personal Nature Such as the Present Case Where the Impact on
   the Public and Defendant's Rights are *de Minimus* ......................................................6

   i.   *High Profile Cases Involving Sexual Assault Are Matters of Highly
        Sensitive and Personal Nature Such that the Presumption of Open
        Access May be Overcome* ...........................................................................................6

   ii.  *Allowing Pseudonymous Plaintiffs in Sexual Assault Cases Does
        Not Significantly Infringe Upon the Public's Interest in Open
        Judicial Proceedings and, In Fact, Promotes the Public's Interest
        in Seeing Resolution of Important Issues on the Merits* .................................8

   iii. *Any Potential Prejudice to Defendant Caused by a Sexual Abuse
        or Assault Victim Proceeding Anonymously is de Minimus* .........................11

CONCLUSION ..................................................................................................................12

# TABLE OF AUTHORITIES

## CASES

*Anderson v. Blake,*
  469 F.3d 910 (10th Cir. 2006) ............................................................................................3

*Bloch v. Ribar,*
  156 F.3d 673 (6th Cir. 1998) ..............................................................................................3

*Cape Publ'ns v. City of Louisville,*
  147 S.W.3d 731 (Ky. Ct. App. 2003) ..................................................................................9

*Christopher v. Harbury,*
  536 U.S. 403 (2002) ............................................................................................................3

*Doe No. 1 v. Williams,*
  167 F. Supp. 2d 45 (D.D.C. 2001) ......................................................................................5

*Doe No. 2 v. Kolko,*
  242 F.R.D. 193 (E.D.N.Y. 2006) ............................................................................7, 10, 11

*Doe v. Berberich,*
  704 F. Supp. 269 (D.D.C. 1988) .........................................................................................5

*Doe v. D.C.,*
  No. CIV. A. 92-635-LFO, 1993 WL 128496 (D.D.C. Apr. 13, 1993) .................................5

*Doe v. DiGenova,*
  779 F.2d 74 (D.C. Cir. 1985) ..............................................................................................6

*Doe v. Evans,*
  202 F.R.D. 173 (E.D. Pa. 2001) ......................................................................................7, 9

*Doe v. Exxon Mobil Corp.,*
  573 F. Supp. 2d 16 (D.D.C. 2008) ......................................................................................5

*Doe v. Firn,*
  No. CV065001087S, 2006 WL 2847885 (Conn. Super. Ct. Sept. 22, 2006) ........................7

*Doe v. Frank,*
  951 F.2d 320 (11th Cir. 1992) ............................................................................................7

*Doe v. McMillan*,
    374 F. Supp. 1313 (D.D.C. 1974) *aff'd,* 566 F.2d 713 (D.C. Cir. 1977) ...............................6

*Doe v. Provident Life & Acc. Ins. Co.*,
    601 F. Supp. 2d 290 (D.D.C. 2009).....................................................................................5

*Doe v. Smith*,
    105 F. Supp. 2d 40 (E.D.N.Y. 1999) ...................................................................................7

*Doe v. Stegall*,
    653 F.2d 180 (5th Cir. 1981) ...............................................................................................9

*Doe v. U.S. Air Force*,
    812 F.2d 738 (D.C. Cir. 1987)..............................................................................................5

*Doe v. United States*,
    821 F.2d 694 (D.C. Cir. 1987)..............................................................................................6

*Does I thru XXIII v. Advanced Textile Corp.*,
    214 F.3d 1058 (9th Cir. 2000) .......................................................................................10, 11

*EW v. N.Y. Blood Center*,
    213 F.R.D. 108 (E.D.N.Y. 2003).........................................................................................6

*Florida Star v. B.J.F.*,
    491 U.S. 524 (1989)....................................................................................................3, 4, 7

*G.H. v. D.C.*,
    CIV.A. 12-1638 BAH, 2013 WL 5297203 (D.D.C. Aug. 16, 2013)....................................5

*Globe Newspaper Co., Inc. v. Clerk of Suffolk Cnty. Superior Court*,
    01-5588-F, 2002 WL 202464 (Mass. Super. Feb. 4, 2002)..................................................3, 8

*Gueits v. Kirkpatrick*,
    618 F. Supp. 2d 193 (E.D.N.Y. 2009) .................................................................................5

*James v. Jacobson,*
    6 F.3d 233 (4th Cir. 1993) ...............................................................................................7, 11

*L.H. A.Z., K.K, & D.R. v. Schwarzenegger*,
    No. CIV. S-06-2042 LKK/GGH, 2007 WL 662463 (E.D. Cal. Feb. 28, 2007) ....................10

*Michigan v. Lucas*,
    500 U.S. 145 (1991)............................................................................................................2

*Plaintiff B v. Francis*,
  631 F.3d 1310 (11th Cir. 2011) ............................................................................................*passim*

*Qualls v. Rumsfeld*,
  228 F.R.D. 8 (D.D.C. 2005) .................................................................................................5, 6

*Raiser v. Church of Jesus Christ of Latter-Day Saints*,
  182 F. App'x 810 (10th Cir. 2006) ............................................................................................7

*Roe v. Aware Woman Ctr. for Choice, Inc.*,
  253 F.3d 678 (11th Cir. 2001) ................................................................................................11

*Roe v. Providence Health System-Oregon*,
  Civil No. 06-1680-HU, 2007 WL 1876520 (D. Or. June 26, 2007)......................................10

*Roe v. Wade*,
  410 U.S. 113 (1973)..................................................................................................................2

*United States ex. Rel. Latimore v. Sielaff*,
  561 F.2d 691 (7th Cir. 1977) ....................................................................................................8

*United States v. Clark*,
  335 F. App'x 181 (3d Cir. 2009) ..............................................................................................5

*United States v. Darcy*,
  No. 1:09CR12, 2009 WL 1470495 (W.D.N.C. May 26, 2009)................................................5

*United States v. Madoff*,
  626 F. Supp. 2d 420 (S.D.N.Y. 2009) ......................................................................................9

*Whalen v. Roe*,
  429 U.S. 589 (1977)..................................................................................................................2

*Wilmink v. Kanawha County Board of Education*,
  No. Civ.A. 2:03-0179, 2006 WL 456021 (S.D. W.Va. Feb. 23, 2006)...................................9

## STATUTES AND RULES

18 U.S.C.A. § 3771....................................................................................................................2

D.C. Code § 23-1901 (b)(1)......................................................................................................2

F. R. Civ. P. 10(a).....................................................................................................................6

**SECONDARY SOURCES**

Andrea A. Curcio, *Rule 412 Laid Bare: A Procedural Rule that Cannot Adequately Protect Sexual Harassment Plaintiffs from Embarrassing Exposure*, 67 U. Cin. L. Rev. 125 (1998)......................................................................................................................................3

Bonnie S. Fisher, et al., U.S. Dep't of Justice, Nat'l Inst. of Justice, *The Sexual Victimization of College Women* (2000), *available at* http://www.ncjrs.gov/pdffiles1/nij/182369.pdf ...........................................................................4

Brett Jarad Berlin, Comment, *Revealing the Constitutional Infirmities of the "Crime Victims Protection Act," Florida's New Privacy Statute for Sexual Assault Victims*, 23 Fla. St. U. L. Rev. 513 (1995) ............................................................................................4

Jayne S. Ressler, *Privacy, Plaintiffs, and Pseudonyms:  The Anonymous Doe Plaintiff in the Information Age*, 53 U. Kan. L. Rev. 195 (2004) ...................................................................3

Kellie Wingate Campbell, *Victim Confidentiality Laws Promote Safety and Dignity*, 69 J. Mo. B. 76 (2013)...................................................................................................................2, 4

*Rape in the United States: The Chronic Failure to Report and Investigate Rape Cases: Hearing before the S. Comm. on the Judiciary Subcomm. on Crime and Drugs* (Sept. 14, 2010), available at http://www.judiciary.senate.gov/imo/media/doc/10-09-14KilpatrickTestimony.pdf (statement of Dean G. Kilpatrick)..................................................4

## STATEMENT OF INTEREST

*Amicus curiae* the National Crime Victim Law Institute (NCVLI) is a nonprofit educational and advocacy organization located at Lewis and Clark Law School in Portland, Oregon. NCVLI's mission is to actively promote balance and fairness in the justice system through crime victim-centered legal advocacy, education, and resource sharing. NCVLI accomplishes its mission through education and training; promoting the National Alliance of Victims' Rights Attorneys; researching and analyzing developments in crime victim law; and litigating as *amicus curiae* issues of national importance regarding crime victims' rights in cases nationwide. NCVLI also provides information to crime victims and crime victims' attorneys through its website, www.ncvli.org. This case involves the fundamental rights of all victims to privacy and to access the courts for redress of harm.

## ARGUMENT

### THE VICTIM-PLAINTIFF'S FUNDAMENTAL RIGHTS TO PRIVACY AND TO ACCESS THE COURTS, COUPLED WITH THE PUBLIC'S INTEREST IN SEEING RESOLUTION OF THIS CASE ON THE MERITS, ARE THE PREEMINENT INTERESTS AT STAKE IN THIS CASE; AND THEY NECESSITATE ALLOWING HER TO PROCEED BY PSEUDONYM.

The victim-plaintiff initiated this civil suit in order to seek redress for a sexual crime committed against her. Because of the sensitive nature of sex crimes in general, and the graphic and high profile nature of this case, she proceeded under a pseudonym. Defendant now challenges the propriety of victim-plaintiff's use of the pseudonym and asks the Court to require her to disclose her identity to the public. If disclosed, the victim-plaintiff's name and photograph are likely to be disseminated not only locally but, via the Internet, nationally and even internationally, causing her permanent harm.[1] This Court should deny defendant's motion

---

[1] The importance of the Internet dissemination is that negative effects of disclosure will not fade as

because the victim-plaintiff's rights to privacy and to access the courts[2] outweigh any potential negligible harm to the public's and defendant's rights.

## A. The Victim-Plaintiff's Fundamental Right to Seek Redress by Accessing Courts Without Sacrificing Her Fundamental Right to Privacy Justifies Proceeding Under a Pseudonym.

Victims of sex crimes have two fundamental rights that are severely impeded when matters of a highly sensitive and personal nature become public: the right to privacy and the right to access the courts.

The victim-plaintiff has a constitutional and statutory right to privacy. While the U.S. Constitution does not explicitly mention the right to privacy, it is well-settled that such a right exists. *See Roe v. Wade*, 410 U.S. 113, 152-153 (1973) (recognizing that "a right of personal privacy . . . does exist under the Constitution"); s*ee also Whalen v. Roe*, 429 U.S. 589, 599 (1977) (noting cases finding protected privacy interests include an "individual interest in avoiding disclosure of personal matters"). Additionally, under the CVRA and District of Columbia law, crime victims are guaranteed "[t]he right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8); D.C. Code § 23-1901 (b)(1) ("A crime victim has the right to . . . [b]e treated with fairness and with respect for the victim's dignity and privacy[.]").[3] In addition, the victim-plaintiff has a constitutional right to

---

contemporaneous reporting on the case subsides. In this Internet age, the victim-plaintiff's name and story will be permanently recorded and available to the public if her identity is revealed. *See* Kellie Wingate Campbell, *Victim Confidentiality Laws Promote Safety and Dignity*, 69 J. Mo. B. 76, 82 (2013) ("The permanency of information posted to the Internet either legitimately or maliciously makes it even more important to safeguard confidential victim information . . . .").

[2] Because of the imminent harm to the victim-plaintiff's rights of privacy and access to justice, *amicus* focuses on these rights; notably, however, under the Crime Victims' Rights Act (CVRA), a crime victim is also entitled to "the right to be reasonably protected from the accused." 18 U.S.C.A. § 3771(1)(a). Once her name is revealed, defendant could use the media to harass, intimidate and pressure victim-plaintiff.

[3] These rights to privacy encompass a victim's interest in the non-disclosure of personal information, including sexual assault. *See, e.g., Michigan v. Lucas*, 500 U.S. 145, 149 (1991) (recognizing a state's

2

access the courts.[4]  These rights are intertwined in cases of sexual violence.

Courts and legal scholars alike recognize that violations of privacy implicate an individual's constitutional right to access the courts. *See, e.g., Globe Newspaper Co., Inc. v. Clerk of Suffolk Cnty. Superior Court, 01-5588-F, 2002 WL 202464, \*6 (Mass. Super. Feb. 4, 2002)* (noting "[i]f the identit[ies] of these victims are not protected by the courts, then their access to the courts will be severely diminished, because they will not be able to turn to the courts for relief from or compensation of their emotional injuries without aggravating those same injuries."); Andrea A. Curcio, *Rule 412 Laid Bare: A Procedural Rule that Cannot Adequately Protect Sexual Harassment Plaintiffs from Embarrassing Exposure*, 67 U. Cin. L. Rev. 125, 155-56 (1998) ("There is nothing more intimate than childhood sexual abuse, and nothing as potentially devastating to a plaintiff than to have that abuse publicly exposed.").  In essence, the result of involuntary loss of privacy is a loss of access to the courts. *See* Jayne S. Ressler, *Privacy, Plaintiffs, and Pseudonyms:  The Anonymous Doe Plaintiff in the Information Age*, 53 U. Kan. L. Rev. 195, 219 (2004) (noting that potential plaintiffs may forfeit the opportunity to seek justice out of fear of disclosure and other would-be plaintiffs may not even initiate litigation).

---

legitimate interest in protecting rape victims' privacy may outweigh defendant's constitutional right to confrontation); *Florida Star  v. B.J.F.*, 491 U.S. 524, 536 (1989) (finding that "it is undeniable" that protecting the privacy of victims of sexual offenses is a "highly significant" state interest and that such an interest, under certain circumstances, may warrant the imposition of civil sanctions for the publication of the name of a rape victim); *Anderson v. Blake*, 469 F.3d 910, 914 (10th Cir. 2006) (holding that rape victim has a constitutionally protected privacy interest in videotape depicting her rape); *Bloch v. Ribar*, 156 F.3d 673, 686 (6th Cir. 1998) (concluding that "a rape victim has a fundamental right of privacy in preventing government officials from gratuitously and unnecessarily releasing the intimate details of the rape where no penological purpose is being served").

[4] The United States Supreme Court has grounded the right of access to courts in the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, the Fifth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection and Due Process Clauses. *Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002).

Indeed, the threat of loss of privacy can result in a significant chilling effect on the reporting and pursuit of cases against sexual offenders.[5] The very real danger that the most intimate details of victims' lives and their victimization may be vetted in a public forum contributes to the fact that sex crimes are among the most underreported and under-prosecuted in this country. *See, e.g.*, *Rape in the United States: The Chronic Failure to Report and Investigate Rape Cases: Hearing before the S. Comm. on the Judiciary Subcomm. on Crime and Drugs*, 11 (Sept. 14, 2010), available at http://www.judiciary.senate.gov/imo/media/doc/10-09-14KilpatrickTestimony.pdf (statement of Dean G. Kilpatrick) (observing that "[m]ost rape cases (over 80%) are still not reported to police, indicating that this remains a chronic problem that we must address"); Bonnie S. Fisher, et al., U.S. Dep't of Justice, Nat'l Inst. of Justice, *The Sexual Victimization of College Women* 23 (2000), *available at* http://www.ncjrs.gov/pdffiles1/nij/182369.pdf.

To avoid the loss of victims' privacy and access rights, courts across the country routinely allow the victims to proceed anonymously in civil and criminal cases involving personal and sensitive matters. *See, e.g. Florida Star v. B.J.F.*, 491 U.S. 524, 527 n.2 (1989) (referring to rape victim by her initials, "in order to preserve [her] privacy interests") (internal citation omitted); *Plaintiff B v. Francis*, 631 F.3d 1310, 1317 (11th Cir. 2011) (vacating the district court's order denying the victim-plaintiffs' motion to remain anonymous after finding "[t]he issues involved in this case could not be of a more sensitive and highly personal nature— they involve descriptions of the [Victim-p]laintiffs in various stages of nudity and engaged in

---

[5] *See* Campbell, *supra* note 1, at 82 ("There is no question that many victims of crime do not come forward due to fear of exposure."); Brett Jarad Berlin, Comment, *Revealing the Constitutional Infirmities of the "Crime Victims Protection Act," Florida's New Privacy Statute for Sexual Assault Victims*, 23 Fla. St. U. L. Rev. 513, 520 (1995) ("[S]tudies indicate that rape victims allege they would be far more willing and likely to come forward, report the crime, and assist the authorities as necessary, if statutorily enforced anonymity were available or dependable.").

explicit sexual conduct while they were minors who were coerced by the Defendants into those activities"); *United States v. Clark*, 335 F. App'x 181 (3d Cir. 2009) (concluding that redaction of child pornography victims' names and their family members' names from victim impact statements was consistent with the CVRA's guarantee of the right to be treated with respect for one's dignity and privacy); *Gueits v. Kirkpatrick*, 618 F. Supp. 2d 193, 199 n.1 (E.D.N.Y. 2009) (stating that the court would not use the rape victim's name "out of respect for her dignity and privacy," as protected by the CVRA); *see also United States v. Darcy*, No. 1:09CR12, 2009 WL 1470495, *1 (W.D.N.C. May 26, 2009) (directing the government to refile Motion for Relief under the CVRA with "Jane Doe #1" substituted for the name of the victim to protect the victim's privacy).

The District Court for the District of Columbia has allowed pseudonymous pleading when the "need for anonymity" outweighs "the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *See Qualls v. Rumsfeld*, 228 F.R.D. 8, 10 (D.D.C. 2005) (citing *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).)[6] Thus, allowing the victim-plaintiff to continue to proceed in this action

---

[6] Because the test is not unduly burdensome on plaintiffs; anonymous plaintiffs are not uncommon in civil cases in the District Court of the District of Columbia. *See, e.g., G.H. v. D.C.*, CIV.A. 12-1638 BAH, 2013 WL 5297203, *1 n.1 (D.D.C. Aug. 16, 2013) (noting without analysis that the court granted plaintiff's request to proceed anonymously); *Doe v. Provident Life & Acc. Ins. Co.*, 601 F. Supp. 2d 290, 291 n.1 (D.D.C. 2009) ("'John Doe' is a pseudonym which plaintiff is permitted to use in the filings in this case pursuant to his motion to do so."); *Doe v. Exxon Mobil Corp.*, 573 F. Supp. 2d 16, 21 (D.D.C. 2008) (noting without analysis that "[o]n June 19, 2001, Plaintiffs, 11 Indonesian citizens proceeding under pseudonyms, filed their Complaint [dkt # 3] against the four Exxon Defendants and Defendant PT Arun. Plaintiffs asserted 15 claims."); *Doe No. 1 v. Williams*, 167 F. Supp. 2d 45, 47 n.1 (D.D.C. 2001) (noting without analysis that "[t]he Court granted plaintiffs leave to proceed by pseudonym on the condition that they disclose to defendants the identity of the five Doe plaintiffs, subject to a protective order"), *rev'd on other grounds sub nom. Does 1-5 v. Williams*, No. 01-7162, 2003 WL 21466903 (D.C. Cir. June 19, 2003); *Doe v. D.C.*, No. CIV. A. 92-635-LFO, 1993 WL 128496, *1 (D.D.C. Apr. 13, 1993) (noting that plaintiffs are suing under pseudonyms); *Doe v. Berberich*, 704 F. Supp. 269, 270 (D.D.C. 1988) (noting that plaintiffs are two females proceeding under pseudonym); *Doe v. U.S. Air Force*, 812 F.2d 738, 739 n.1 (D.C. Cir. 1987) (noting that the district court granted plaintiff permission to file his complaint under a pseudonym because of the Air Force's belief that he is homosexual.); *Doe v. United*

by pseudonym is an appropriate method of protecting her rights to privacy and to access the courts, particularly given the sensitive nature of the matters at issue and the highly public profile of defendant.  To do otherwise puts this victim to the Hobson's choice of seeking redress *or* preserving her privacy — an untenable outcome.  *See Francis*, 631 F.3d at 1319 (vacating the district court's order denying the victim-plaintiffs' motion to remain anonymous because the court did not give due consideration to the victim-plaintiffs' harm if forced to litigate in their real names and "[j]ustice should not carry such a high price"); *EW v. N.Y. Blood Center*, 213 F.R.D. 108, 113 (E.D.N.Y. 2003) (granting plaintiff's motion to proceed anonymously because the facts of the case provided no basis for "imposing [the] invasion of privacy as the price for litigating a legitimate private complaint").

**B. The Presumption of Open Access Is Properly Overcome in Matters of Highly Sensitive and Personal Nature Such as the Present Case Where the Impact on the Public and Defendant's Rights are *de Minimus*.**

      *i.    High Profile Cases Involving Sexual Assault Are Matters of Highly Sensitive and Personal Nature Such that the Presumption of Open Access May be Overcome.*

While it is well-recognized that there is a presumption in favor of naming parties to a lawsuit stemming from the common law doctrine of open courtrooms, *see, e.g.,* F. R. Civ. P. 10(a) (providing, in part, "[i]n the complaint the title of the action shall include the names of all the parties."),  this presumption is not absolute.  Rather, courts "have increasingly recognized an exception to [the presumption of disclosure] in limited matters of a highly sensitive and personal

---

*States*, 821 F.2d 694, 695 n.1 (D.C. Cir. 1987) (noting that "[a]t her request, and by order of the district court, the plaintiff is proceeding anonymously in this case"); *Doe v. DiGenova*, 779 F.2d 74, 76 n.1 (D.C. Cir. 1985) (noting without analysis that "[t]he plaintiff-appellant was granted leave to proceed under the pseudonym "John Doe" by Order of the United States District Court for the District of Columbia."); *Doe v. McMillan*, 374 F. Supp. 1313, 1314 (D.D.C. 1974) *aff'd*, 566 F.2d 713 (D.C. Cir. 1977) (noting plaintiffs were proceeding under pseudonyms); *accord Qualls*, 228 F.R.D. at 10 ("D.C. Circuit Court of Appeals have not expressly condoned th[e practice of pseudonymous pleading]; though, from time to time they have permitted pseudonymous litigation to proceed without comment.").

nature." *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992) (noting that presumption can be

overcome in cases involving matters of "highly sensitive and personal nature"); *see also Raiser*

*v. Church of Jesus Christ of Latter-Day Saints*, 182 F. App'x 810, 811 (10th Cir. 2006) (same);

*James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993) (same).

Courts routinely find that sex crime cases involve matters of a "highly sensitive and

personal nature" and the interest of protecting the victims' privacy can overcome the

presumptions of openness and disclosure. *See, e.g.*, *Francis*, 631 F.3d at  1316-18 (finding the

trial court abused its discretion when it denied the victim-plaintiffs' motion to remain

anonymous at the civil trial involving their exploitation in the Girls Gone Wild videos given the

sensitive and highly personal nature of the issues in the suit); *Doe No. 2 v. Kolko*, 242 F.R.D.

193, 196 (E.D.N.Y. 2006) (granting the sexual abuse victim leave to proceed anonymously in the

civil suit); *Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001) (finding the sexual assault victim-

plaintiff's "fear of increased embarrassment, humiliation, and emotional distress" if her name

were to be disclosed was well-founded and provided justification for granting her motion to

proceed by pseudonym); *Doe v. Smith*, 105 F. Supp. 2d 40, 41 (E.D.N.Y. 1999) (granting the

victim-plaintiff leave to proceed anonymously in action against psychiatrist alleging assault,

molestation, and sexual abuse during course of treatment); *cf. Florida Star*, 491 U.S. at 542

(White, J., dissenting) ("It has been recognized that "short of homicide, [rape] is the ultimate

violation of self.") (quoting *Coker v. Georgia*, 433 U.S. 584, 597 (1977)).

The practice of allowing the protection of a sexual assault victim's privacy to overcome

the presumptions of openness and disclosure recognizes that re-victimization and harm is

particularly acute, and extends beyond mere embarrassment and humiliation, when these

victims' identities or other private information are revealed to the public. *See, e.g., Doe v. Firn*,

No. CV065001087S, 2006 WL 2847885, *5 (Conn. Super. Ct. Sept. 22, 2006) ("To force the plaintiff to proceed without the protection of the pseudonym Jane Doe could only subject the plaintiff to additional psychological harm and emotional distress."); *United States ex. Rel. Latimore v. Sielaff*, 561 F.2d 691, 694-95 (7th Cir. 1977) ("The ordeal of describing an unwanted sexual encounter before persons with no more than a prurient interest in it aggravates the original injury."); *Globe Newspaper Co. Inc. v. Clerk of Suffolk Cnty Superior Court*, No. 01-5588-F, 2002 WL 202464, *6 (Mass. Super. Feb. 4, 2002) ("[F]or many victims of sexual abuse, especially child sexual abuse, public revelation of the abuse, if not sought by them, victimizes them yet again.").

In this case, the victim-plaintiff will have to reveal specific graphic details of how defendant sexually assaulted her. *See, e.g.,* Plaintiff's Motion for Leave to Proceed Under a Pseudonym and Memorandum of Points and Authorities in Support Thereof at 2. As the above-cited literature and caselaw make clear, requiring sexual assault victims' real identity to be publically and permanently linked to the disclosure of such highly sensitive and private details of their assault will cause them to suffer serious harm. And the harm to this victim-plaintiff will be compounded by the intense media attention surrounding this case. Anonymous pleading is warranted here as "[j]ustice should not carry such a high price[.]" *Francis*, 631 F.3d at 1319.

> ii.    *Allowing Pseudonymous Plaintiffs in Sexual Assault Cases Does Not Significantly Infringe Upon the Public's Interest in Open Judicial Proceedings and, In Fact, Promotes the Public's Interest in Seeing Resolution of Important Issues on the Merits.*

The public's right to open proceedings does not require this Court order victim-plaintiff to disclose her name.

> The public right to scrutinize governmental functioning . . . is not so completely impaired by a grant of anonymity to a party as it is by closure of the trial itself. Party anonymity does not obstruct the

> public's view of the issues joined or the court's performances in
> resolving them. The assurance of fairness preserved by public
> presence at trial is not lost when one party's cause is pursued under
> a fictitious name. These crucial interests served by open trials . . .
> are not inevitably compromised by allowing a party to proceed
> anonymously.

*Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981); *see also Evans*, 202 F.R.D. at 176 (noting in a

case where a sexual assault victim was allowed to proceed under pseudonym that "although the

public certainly has an interest in the *issues* Mary Doe's complaint raises, protecting her identity

will not impede the public's ability to following the proceedings") (emphasis in original).

Accordingly, in balancing a victim's right to privacy against the public's right to access,

numerous courts have found that the victim's right prevails. *See, e.g.*, *United States v. Madoff*,

626 F. Supp. 2d 420, 426 (S.D.N.Y. 2009) (finding that victims' privacy interests outweigh

common law and constitutional rights of access where victims expressed wish to not have

identities disclosed); *Wilmink v. Kanawha County Board of Education*, No. Civ.A. 2:03-0179,

2006 WL 456021, at *3 (S.D. W.Va. Feb. 23, 2006) (allowing redaction of the names of sex

abuse victims, stating "[t]he events described in the documents represent some of the most

painful chapters in the lives of the individuals whose information has been redacted. As a result,

the competing interest of keeping this information private significantly outweighs the public's

common law right of access"); *Cape Publ'ns v. City of Louisville*, 147 S.W.3d 731, 735 (Ky. Ct.

App. 2003) (upholding policy of redacting identifying information of sexual assault victims from

publicly available incident reports upon finding that, *inter alia*, the public's interest in disclosure

did not outweigh "the privacy interests of victims of sexual offenses, particularly when those

privacy interests are coupled with a compelling public interest in insuring the physical safety of

the victims and encouraging them to report sexual offenses without fear of exposure" (quoting

Ky. Att'y Gen Open Records Decision, In re: The Courier-Journal/City of Louisville Division of

9

Police, 02-ORD-36,  February 22, 2002)).

Notably, in addition to the above-analysis that counsels in favor of pseudonymous pleading in cases of a sexual nature, the public also has a separate interest that is promoted by protecting plaintiffs' identities:  seeing these types of cases decided on the merits.  *Cf. Does I Thru XXIII.*, 214 F.3d at 1073 (finding the public has an interest in seeing the case decided on the merits because employee suits to enforce their statutory rights benefit the general public and "permitting plaintiffs to use pseudonyms will serve the public's interest in this lawsuit by enabling it to go forward")  Allowing victims to proceed anonymously promotes this interest because victims are more likely to proceed with a case through resolution on the merits if they may do so without threat of exposure.  *See, e.g., Roe v. Providence Health System-Oregon*, Civil No. 06-1680-HU, 2007 WL 1876520 *4 (D. Or. June 26, 2007) (noting that the public had an interest in seeing a case decided on the merits, which might be undermined if plaintiffs were mandated to provide their true identity and were thereby deterred from continuing the lawsuit); *L.H. A.Z., K.K, & D.R. v. Schwarzenegger*, No. CIV. S-06-2042 LKK/GGH, 2007 WL 662463, *18 (E.D. Cal. Feb. 28, 2007) (noting that "[w]hen the willingness to file suit is chilled by fear of retaliatory action, the public interest in seeing the suit move forward on its merits outweighs the public interest in knowing the plaintiffs' names").

Requiring the victim-plaintiff to proceed with her real name would likely chill not only the victim in this case, but victims in future cases as well.  *Cf. Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) (granting in victim leave to proceed anonymously in part because "the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes").  Victims of similar abuse, seeing this victim-plaintiff's personal details on public display, may choose to remain silent rather than

10

risk being subjected to re-victimization. Given the chilling effect not only on the victim-plaintiff in the present case but also on all sexual assault victims if the Court were to grant defendant's motion, and the minimal impact on the public's interest in open proceedings if the Court were to deny defendant's motion, the Court must conclude that the victim-plaintiff's interest in proceeding anonymously outweighs the public's interest in knowing her identity.

> ii.     *Any Potential Prejudice to Defendant Caused by a Sexual Abuse or Assault Victim Proceeding Anonymously is de Minimus.*

In determining whether a victim-plaintiff may proceed by pseudonym, courts must also balance the victim-plaintiff's interest against potential prejudice to defendant's rights. *See, e.g.*, *James*, 6 F.3d at 238 (finding unfairness to other party is a factor to consider when considering whether to grant anonymous pleading); *Does I Thru XXIII*, 214 F.3d at 1068 (finding the use of pseudonyms to be permissible "when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity"). Here, defendant is aware of the victim-plaintiff's identity; accordingly, there is no basis to assert that he will be prejudiced by being unable to mount an adequate defense. *See Doe No. 2*, 242 F.R.D. at 198 (finding that, in a case where defendants know plaintiff's true identity, "[o]ther than the need to make redactions and take measures not to disclose plaintiff's identity, defendants will not be hampered or inconvenienced merely by plaintiff's anonymity in court papers"); *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 687 (11th Cir. 2001) (finding defendants' argument for requiring plaintiff to proceed using her real name "is eviscerated by [plaintiff's] offer to disclose her name to the defendants for discovery purposes on condition that they do not disclose it to the general public" as it is "a reasonable way to reconcile the competing interests"). The minimal inconvenience to defendant is wholly insufficient to override the victim-plaintiff's constitutional and statutory rights to privacy and to access the courts.

## CONCLUSION

Sexual assault victims should not be required to sacrifice their fundamental right to privacy in order to exercise their fundamental right to access the courts, particularly when anonymous pleadings can remedy the situation without unduly burdening the rights and interests of others. Given the graphic nature of the evidence to be presented, the very high profile nature of this case, and the very real and substantial possibility of re-victimization of this victim-plaintiff, this case presents a particularly compelling need for the minimal accommodations of pseudonymous pleading. Denying defendant's motion and allowing the victim-plaintiff to continue using a pseudonym is in line with federal jurisprudence, victims' rights law, and sound public policy.

Respectfully submitted,

/s/ T. Michael Andrews

_____

T. Michael Andrews  (D.C. Bar No. 482164)
DC Crime Victims Resource Center
1300 Pennsylvania Ave, Suite 700, NW
Washington, DC 20004
Tel: (202) 531 3346
Michael@dccrimevictims.org
Counsel for Amicus Curiae
National Crime Victims Law Institute

_____

Margaret Garvin (OR Bar #04465; MN Bar #294226)
Terry Campos (IL ARDC #6276411)
National Crime Victim Law Institute at Lewis & Clark Law School*
310 SW 4th Ave, Suite 540
Portland, Oregon 97204

*Law School is not amicus and is listed for affiliation purposed only

12

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 22, 2014, the foregoing **Brief of Amicus Curiae the**

**National Crime Victim Law Institute in Support of Plaintiffs' Reply to Defendant's Motion**

**to Preclude Plaintiff From Using a Pseudonym** to be electronically filed with the Clerk of the

Court, using the Court's CM/ECF system, which will send electronic notification of the filing to

the below CM/ECF participant. Parties may access this filing through the Court's system. I have

also served a copy of the forgoing Brief by first class postage prepaid mail on the following:

Andrew G. Slukin
Geoffrey G. Hengerer
Steven J. Kelly
Silverman, Thompson, Slukin & White, LLC
201 North Charles Street, 26th Floor
Baltimore, Maryland 21201

Jon R. Fetterolf
Amit P. Mehta
Zuckerman Spaeder LLP
1800 M. Street, N.W. Suite 1000
Washington, DC 20036

/s/ T. Michael Andrews
_____
*T. Michael Andrews*