**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JANE DOE, Plaintiff, v. ALFREDO SIMON CABRERA, Defendant. | ) | Civil Action No. 14-1005 (RBW) |

**ORDER**

This civil matter is currently before the Court on the defendant's Motion for Disclosure of Jane Doe's Grand Jury Testimony ("Def.'s Mot."). Upon careful consideration of the parties' submissions,[1] the Court concludes that the defendant's motion must be denied at this juncture.

According to the plaintiff, in April 2013, she was sexually assaulted by the defendant at a hotel in the District of Columbia.[2] Doe v. Cabrera, _ F.R.D. _, _, 2014 WL 4656610, at *1-3 (D.D.C. 2014). Thereafter, the alleged assault was investigated by the District of Columbia Metropolitan Police Department, as well as the United States Attorney's Office for the District of Columbia ("USAO"). Def.'s Mem. at 2-3. More specifically, the USAO "initiated a . . . grand jury investigation into [the] [p]laintiff's accusations" before a grand jury of the Superior Court of the District of Columbia, id. at 1, see also Def.'s Mot. at 1, during which the plaintiff presented

---

[1] In addition to the defendant's motion, the Court considered the following submissions by the parties in rendering its decision: (1) the Memorandum in Support of Motion for Disclosure of Jane Doe's Grand Jury Testimony ("Def.'s Mem."); (2) the Plaintiff's Opposition to [the] Defendant's Motion for Disclosure of Jane Doe's Grand Jury Testimony ("Pl.'s Opp'n"); and (3) the Reply Brief in Support of [the Defendant's] Motion for Disclosure of Jane Doe's Grand Jury Testimony ("Def.'s Reply").

[2] The Court has previously provided a detailed recitation of the factual allegations in this case. Doe v. Cabrera, _ F.R.D. _, _, 2014 WL 4656610, at *1-3 (D.D.C. 2014). The Court will only recount those facts necessary to resolve the motion currently before the Court.

testimony, Def.'s Mem. at 1, 3. Ultimately, the USAO declined to prosecute the defendant. Id. at 3. The defendant now seeks an Order from the Court requiring the disclosure of the plaintiff's grand jury testimony pursuant to Federal Rule of Criminal Procedure 6(e). Def.'s Mot. at 1. However, the defendant's motion is premature.

Generally, "requests for disclosure of grand jury transcripts should be first directed to the court that supervised the grand jury's activities." Douglas Oil Co. of Cal. v. Petrol Stops Nw., 441 U.S. 211, 226 (1979); see also id. at 224-26; Camiolo v. State Farm Fire & Cas. Co., 334 F.3d 345, 357 (3d Cir. 2003) ("In the absence of a ruling from the supervising judge either granting or denying access to the state grand jury materials, the question before us is whether the District Court should have proceeded to rule on [petitioner's] motion seeking to compel the production of state grand jury testimony. We conclude that it should not have. At a minimum, and out of the respect and deference owed the state court, the District Court should have abstained from addressing [petitioner's] motion. Principles of comity and federalism demand that a district court presented with a request to compel the disclosure of any matter occurring before a Pennsylvania investigating grand jury should direct the party to first formally petition the judicial officer who possesses the supervisory authority to grant or deny such access." (internal citations omitted)); id. at 357-59; Am. Tank Transp., Inc. v. First People's Cmty. Fed. Credit Union, 86 F.3d 1148, 1996 WL 265993, at *4 (4th Cir. 1996) (per curiam) (remarking that "generally, only the court that has jurisdiction over the grand jury has the authority to direct disclosure" (alteration and internal quotation marks omitted)); Socialist Workers Party v. Grubisic, 619 F.2d 641, 644 (7th Cir. 1980) ("In the federal system, Rule 6(e) generally requires that requests for grand jury disclosure first be submitted to the court that supervised the grand jury's activities. The supervisory court has first-hand knowledge of the need for secrecy in those

particular proceedings. Moreover, when state grand jury proceedings are subject to disclosure, comity dictates that the federal courts defer action on any disclosure requests until the party seeking disclosure shows that the state supervisory court has considered his request and has ruled on the continuing need for secrecy." (internal citations omitted)); Harewood v. Braithwaite, No. 09-cv-2874(PKC/RML), 2013 WL 3863905, at *1-2 (E.D.N.Y. July 23, 2013) ("The overwhelming majority of precedent within [the Second] [C]ircuit supports the proposition that the appropriate process is for a movant to first seek relief in state court, regardless of whether an order unsealing grand jury minutes is ultimately proper.").

Here, the defendant has made no representation that he has sought the relief he requests from the Superior Court of the District of Columbia, where the grand jury proceeding occurred, Def.'s Mot. at 1 ("Jane Doe's testimony before [the Superior Court of the District of Columbia]"); Def.'s Mem. at 1 ("The [USAO] initiated a D.C. Superior Court grand jury investigation into [the] [p]laintiff's accusations . . . ."), let alone provide an explanation as to why this Court is in a better position than the Superior Court of the District of Columbia to grant the requested relief.[3] The Court will, therefore, deny without prejudice the defendant's motion and refrain from ruling on the merits of the motion at this time. Accordingly, it is hereby

**ORDERED** that the Motion for Disclosure of Jane Doe's Grand Jury Testimony is **DENIED WITHOUT PREJUDICE** and can be refiled after the defendant petitions the

---

[3] In conclusory fashion, the defendant asserts that "[t]his motion is properly before th[e] Court pursuant to D.C. Superior Court Rule of Criminal Procedure 6(e)(3)(C)(i) . . . ." Def.'s Mot. at 1. The rule states that a "[d]isclosure otherwise prohibited by this [r]ule of matters occurring before the grand jury may also be made . . . [w]hen so directed by an order of a court within the District of Columbia preliminarily to or in connection with a judicial proceeding." D.C. Super. Ct. R. Crim. P. 6(e)(3)(C)(i) (emphasis added). The rule merely allows the Court to order the disclosure of grand jury testimony, but it is silent as to how the Court should exercise its discretion in doing so. In light of the case authority cited by the Court in this Order, the Court finds it more prudent to allow the Superior Court of the District of Columbia in the first instance to resolve the issue of whether the plaintiff's testimony before the grand jury should be disclosed.

Superior Court of the District of Columbia for disclosure of the plaintiff's grand jury testimony and obtains a final ruling on the motion from that court.

**SO ORDERED** this 10th day of June, 2015.

REGGIE B. WALTON
United States District Judge