**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JANE DOE | * | |
|    Plaintiff, | * | |
| v. | * | Case No. 1:14-cv-01005 (RBW) |
| ALFREDO SIMON CABRERA | * | |
|    Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR DISCLOSURE OF JANE DOE'S GRAND JURY TESTIMONY**

Plaintiff, Jane Doe, by and through her undersigned counsel, respectfully submits this Opposition to Defendant's Renewed Motion for Disclosure of Jane Doe's Grand Jury Testimony (the "Motion") [Document 63]. Plaintiff specifically incorporates by reference the arguments and points and authorities contained in her Opposition to Defendant's Motion for Disclosure of Jane Doe's Grand Jury Testimony [ECF No. 33].

**INTRODUCTION**

Defendant's Renewed Motion for Disclosure of Jane Doe's Grand Jury Testimony should be denied for two primary reasons.

First, the Superior Court for the District of Columbia's ("D.C. Superior Court") finding that the need for grand jury secrecy is "minimal" is based upon the (mistaken) assumption that Plaintiff will proceed under a pseudonym throughout this litigation. The court failed to consider this Court's prior ruling that Plaintiff's actual identity will be revealed at trial. That error is material because the policy considerations for protecting grand jury witness's identity is vital in cases—such as this one—involving sexual assault.

Second, Defendant's request for wholesale access to the grand jury testimony is overly broad and unfairly prejudicial to Plaintiff. Defendant is entitled to, at most, have this Court conduct an *in camera* comparison of the grand-jury testimony and Plaintiff's deposition testimony to determine whether Defendant can use the testimony for impeachment purposes at trial. Defendant seeks unfettered access to the entirety of the transcript to use as a discovery device (even though discovery has concluded) and at trial. Defendant's request is contrary to the authority of this judicial district and would set a dangerously low bar for litigants to obtain and use grand-jury testimony in an unlimited fashion.

For these reasons, discussed more fully below, Plaintiff respectfully requests that Defendant's Renewed Motion be denied.

## RELEVANT FACTUAL/PROCEDURAL BACKGROUND

Defendant initially filed, on December 15, 2014, a motion in this Court seeking disclosure of Plaintiff's grand-jury testimony. ECF No. 25. Following full briefing, this Court, on June 10, 2015, denied the motion and directed Defendant to file a motion in the D.C. Superior Court. ECF. No. 56.

Defendant submitted a Petition for Disclosure of Jane Doe's Grand Jury Testimony on June 15, 2015. In the Petition, Defendant sought "expedited" review of the petition noting that Plaintiff's deposition was scheduled for July 8 and 9, 2015, and that the discovery deadline in the case expired on July 20, 2015. Def's Pet. at 1.

Based largely on the briefing submitted by the parties in this Court, Chief Judge Lee F. Satterfield of the D.C. Superior Court issued a three-page Order granting Defendant's Motion and finding, in relevant part, that the policy considerations favoring grand-jury secrecy were not present where "the only witness whose testimony is to be disclosed is the plaintiff, who is proceeding under a pseudonym . . . ." July 17, 2015, D.C. Super. Ct. Order at 3. As the Court is

well-aware, its September 10, 2014, Order provides that Plaintiff "will not be allowed to use a pseudonym during the trial of this case if it proceeds to trial." ECF No. 18.

Plaintiff's deposition took place on July 8 and 9, 2015, as scheduled—prior to the D.C. Superior Court's ruling on Defendant's Petition. At the conclusion of her deposition, which lasted for more than 9.5 hours, counsel for the Defendant held open the deposition for the express purpose of deposing Plaintiff regarding her grand-jury testimony, to the extent the testimony was later made available. *See* July 9, 2015, Dep. Tr. Jane Doe at 549, attached as **Exhibit A**.[1]

## ARGUMENT

The D.C. Superior Court properly ordered Plaintiff's grand jury testimony to be transmitted to this Court for final determination as to whether Defendant's "particularized need" to review the testimony outweighs the need for grand-jury secrecy pursuant to *Douglas Oil Co. of Cal. v. Petrol Stops, Nw.,* 441 U.S. 211, 222 n.12 (1979). Defendant fails to meet that test for two primary reasons.

First, the D.C. Superior Court failed to consider that Plaintiff's identity will be revealed at or prior to trial. The court's opinion notes that grand-jury secrecy serves the "important policy consideration" of encouraging crime victims and other witnesses to "testify freely in future grand juries without fear that their testimony will later become public." July 17, 2015, D.C. Super. Ct. Order at 3. However, the court found that consideration "overwhelmingly outweighed" in the case where Plaintiff is proceeding under a pseudonym. *Id.* The court was apparently unaware of the fact that Plaintiff's name must be revealed at trial pursuant to this Court's prior Order (ECF No. 18). Accordingly, the grand-jury secrecy concerns do apply here and Defendant is required

---

[1] The Deposition Transcript is being designated as CONFIDENTIAL pursuant to the Stipulated Protective Order and identifying information has been redacted from the two-page extract of this Exhibit.

to demonstrate that his "particularized need" for the testimony outweighs that vital interest. *See Douglas Oil Co. of Cal.,* 441 U.S. at 222 n.12.

Second, Defendant's request for unfettered access to complete grand-jury testimony for the purposes of discovery is aggressively overbroad. After having Ms. Doe travel from northern New Jersey for two full days of deposition, at which she was questioned extensively concerning her grand-jury testimony, Defendant now seeks to force her to be deposed again based on that testimony. *See* Ex. A. Defendant also seeks to use the testimony broadly as substantive evidence and for impeachment at trial. *See* ECF No. 25 at 8 (stating that "the jury in the case would be permitted to consider her statements to the grand jury as evidence that a sexual assault did *not* occur").

Permitting such unfettered access to grand-jury testimony given the facts before this Court would vitiate the grand-jury secrecy rule in ways that significantly depart from the precedent applied by this judicial district. To fall within the exception to the grand-jury secrecy rule,[2] Defendant bears the burden of establishing a "particularized need" that outweighs the need for continued secrecy and that the materials sought to be disclosed are carefully confined to that need. *See generally id.* As Defendant has himself recognized, courts have found "particularized need" where the specific portions of the grand-jury testimony sought are used "***at trial*** to impeach a witness, to refresh his recollection, to test his credibility and the like . . . ." ECF No. 25 at 7 (quoting *Douglas Oil,* 441 U.S. at 222) (emphasis added).

There is simply no legal support for Defendant's contention that he is entitled to unfettered access to the grand-jury testimony for comprehensive use as a discovery device, substantive evidence, and for impeachment at trial. As this Court has recognized, that the movant

---

[2] D.C. Superior Court Rule of Criminal Procedure 6(e)(3)(C)(i).

seeks grand-jury transcripts "for purposes of impeachment, refreshing recollections and testing credibility, fails to suffice" as a sufficient reason for disclosure. *Pakistan Int'l Airlines Corp. v. McDonnell Douglas Corp.*, 94 F.R.D. 566, 567 (D.D.C. 1982):

> Were this the test, a plaintiff in every civil case, where there has been a related criminal prosecution, could proffer this reason and obtain the grand jury testimony. If such a proffered representation sufficed, it would almost amount to allowing general discovery in a civil case as distinguished from satisfying the compelling need requirement.

Indeed, as discussed in Plaintiff's Opposition, Defendant failed to cite a *single* case in which, despite a grand-jury witness' objection, transcripts were produced for such unlimited use in discovery. *See*, *e.g.*, *In re Special Grand Jury 89-2*, 143 F.3d 565, 568 (10th Cir. 1998) (district court erred by failing to conduct careful witness-by-witness review of deposition testimony to determine particularized need to refresh witness recollection *at trial*); *Dennis v. United States*, 384 U.S. 855 (1966) (discussing a request to view portions of grand-jury transcripts while witnesses were available for cross-examination *at trial*); *see also Grumman Aerospace Corp. v Titanium Metals Corp.*, 554 F. Supp. 771, 774 (E.D.N.Y. 1982) (recognizing "access to grand jury minutes cannot be used solely to circumvent traditional discovery methods").

Plaintiff does not dispute that there are circumstances under which Defendant may be entitled to the limited release of certain portions of grand-jury proceedings. For instance, such relief may be warranted if Plaintiff refused to answer questions at deposition on topics to which she testified at the grand jury, which did not occur here. *See Pakistan Int'l Airlines Corp.*, 94 F.R.D. at 567. Further, it is possible Defendant could use "inconsistent" testimony for impeachment purposes at trial. *See id.* However, prior to releasing the transcript, this Court would be required to carefully conduct an *in camera* comparison of portions of the deposition testimony and the grand-jury transcript to determine what grand-jury testimony may be released

and for what purpose. *See id.*; *Douglas Oil,* 244 U.S. at 227. Defendant has not made such a narrow request here and—until and unless Defendant identifies a particularized need for such a narrow, lawful use—his request for disclosure of Plaintiff's grand-jury testimony should be denied.

## CONCLUSION

Accordingly, and for all the foregoing reasons, Plaintiff Jane Doe respectfully requests that Defendant's Motion be denied.

Dated:  July 30, 2015        Respectfully submitted,
/s/Steven J. Kelly_____
Steven J. Kelly (DC Bar No. 1021534)
Christopher Mincher, (admitted *pro hac vice*)
SILVERMAN|THOMPSON|SLUTKIN|WHITE|LLC
201 North Charles Street, Suite 2600
Baltimore, Maryland 21201
Tel: (410) 385-2225
Fax: (410) 547-2432
skelly@mdattorney.com
cmincher@mdattorney.com
*Attorneys for the Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that true and correct copies of the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR DISCLOSURE OF JANE DOE'S GRAND JURY TESTIMONY were electronically filed with the Clerk of the Court by using the CM/ECF system, which will furnish electronic copies to all counsel.

Dated at Baltimore, Maryland, this 30th day of July 2015.

/s/
Steven J. Kelly (DC Bar No. 1021534)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JANE DOE, | * | |
| Plaintiff, | * | |
| v. | * | Case No. 1:14-cv-01005 (RBW) |
| ALFREDO SIMON CABRERA, | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**[PROPOSED] ORDER DENYING DEFENDANT'S MOTION
TO DISCLOSE JANE DOE'S GRAND JURY TESTIMONY**

Upon consideration of Defendant's Motion for Disclosure of Jane Doe's Grand Jury Testimony [Document 30], and Plaintiff's Opposition to the same, it is on this ___ day of _____ 2015 hereby ORDERED that the Motion is DENIED.

_____
Reggie W. Walton
United States District Judge