# EXHIBIT C

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

SCOTTSDALE PINNACLE ASSOCIATES,

Debtor-in-Possession.

No. 94-115-MISC-TEH

No. 93-40272 T
Chapter 11

SCOTTSDALE PINNACLE ASSOCIATES,

Appellant,

vs.

TALLEY REALTY FINANCE AND INVESTMENT
COMPANY, INC. et al.,

Appellees.

Appeal from Final Order
of the U.S. Bankruptcy
Court, Hon. Leslie
Tchaikovsky, U.S.
Bankruptcy Judge

Date: October 31, 1994
Time: 10:00 a.m.
Courtroom: 12

### CERTIFICATION BY BANKRUPTCY JUDGE RE REMAND OF APPEAL

The above-captioned court currently has before it consolidated appeals from two bankruptcy court orders: (1) an order denying confirmation of a chapter 11 plan of reorganization submitted by appellant Scottsdale Pinnacle Associates ("Scottsdale") and (2) an order granting appellees Talley Realty Finance and Investment Company, Inc. and First Interstate Bank of Arizona ("FIB/Talley") relief from the automatic stay of 11 U.S.C. §362 so that they may foreclose

their security interest on real property owned by Scottsdale. The undersigned is advised that Scottsdale has moved the above-captioned court to remand the appeals to the bankruptcy court so that it may file a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The motion would seek the vacation of the orders on appeal to this court.

The basis for the motion is that the undersigned violated 28 U.S.C. §455(a) when, while the bankruptcy case was pending and prior to the trial giving rise to the orders on appeal, my law clerk accepted future employment with one of the law firms representing appellees, that I failed to disclose that fact to Scottsdale, and that my law clerk continued to participate in the case to some extent. I have been asked to certify the relevant facts to the district court and to advise the district court whether, if the appeal is remanded, I would entertain a motion under Rule 60(b). Having reviewed the facts and law, I have concluded that I did violate 28 U.S.C. §455(a) by permitting circumstances to occur creating an appearance of impropriety. As a result, I have now recused myself from the bankruptcy case in its entirety and have caused the case to be reassigned to the Honorable Randall J. Newsome. I hereby certify that the appeals should be remanded so that Judge Newsome may determine the appropriate remedy for the violation pursuant to Rule 60(b).

A.   SUMMARY OF FACTS

The above-captioned chapter 11 case was filed on January

CERTIFICATION

2

AO 72
(Rev 8/82)

14, 1993.   The case is what is commonly known in bankruptcy circles as a single asset real estate case.   The debtor is a limited partnership whose principal asset is development property in Arizona.   Appellees are secured creditors whose secured debt exceeds the value of the real property in its present undeveloped state by several million dollars.   There is a small amount of unsecured noninsider debt.   However, the only other substantial debt is held by limited partners who also contributed money as junior secured loans.   As a consequence of this debt structure, the case is more than most chapter 11 cases essentially a two party dispute, the debtor on the one hand, the noninsider secured creditors on the other.

During the first nine months of the case, my law clerk was Howard Rutten, whose role in the case is not in question.   (Like most bankruptcy judges, I have only one law clerk.)   Mr. Rutten's term ended in late August 1993.   He was replaced by Marilyn Marcello Bautista, who was hired for a term of one year. Shortly after she began working for me, Ms. Bautista interviewed for a job with the law firm of Murphy, Weir & Butler ("Murphy, Weir").   The interview process went very quickly.   To the best of our recollection, it began in late October 1993, she received an offer on November 19, 1993, and accepted it on November 22, 1993.   The trial giving rise to the orders on appeal was conducted in July 1993.   Ms. Bautista completed her term as my law clerk in late August 1994 and began working for Murphy, Weir in early October 1994.

CERTIFICATION

3

From the time Ms. Bautista began interviewing with Murphy, Weir, I instructed Ms. Bautista that she was to do no more substantive work on any case in which Murphy, Weir represented a party in interest. From that time on to the end of her term in August 1994, she in fact did no such work. She did no legal research. She prepared no memoranda. I did not confer with her on any substantive matters. I did not ask her to observe and take notes of any court proceedings in such cases.

However, I did not disclose to the parties in interest in any such cases that Ms. Bautista had accepted future employment with Murphy, Weir. Additionally, I did not completely seal her off from the case. I permitted her to review routine applications for employment of professionals and for compensation in such cases as long as they were not applications submitted on behalf of Murphy, Weir. I also permitted her to accept routine phone calls pertaining to procedural matters in such cases. Finally, I permitted her to observe courtroom proceedings in such cases for her own interest.

## B. APPLICABLE LAW

The leading case dealing with a recusal motion made after entry of judgment is <u>Liljeberg v. Health Services Acquisition Corp.</u>, 486 U.S. 847, 108 S.Ct. 2194 (1988). In <u>Liljeberg</u>, the Court notes that two steps are involved. First, a determination must be made whether there was a violation of 28 U.S.C. §455(a). Second, if a violation is found, the appropriate remdedy must be determined. Under some circumstances, the error may be deemed

CERTIFICATION

4

harmless.   In others, various factors must be weighed in determining how to proceed:  e.g., "the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." Liljeberg v. Health Services Acquisition Corp., 386 U.S. at 864, 108 S.Ct. at 2205 (1988).   The appropriate remedy should be determined by a judge other than the one guilty of the violation.  Id., 386 U.S. 866, 108 S.Ct. at 2206.

1.  Violation of 28 U.S.C. §455(a).

In support of and in opposition to Scottsdale's motion requesting the certification, the parties have cited a number of cases dealing with recusal motions.   None of the cases cited involving law clerks is precisely on point.   In those cases where recusal was deemed required, the law clerks had performed substantive work on the proceedings in question.   See Hall v. Small Business Administration, 695 F.2d 175 (5th Cir. 1983); Miller Industries v. Caterpillar Tractor Co., 516 F.Supp. 84 (S.D.Ala. 1980).   In those cases where it was determined that no recusal was required, disclosure had been made and the law clerk had been completely sealed off from participation in the case. See Milgard Tempering, Inc. v. Selas Corp of America, 902 F.2d 703 (9th Cir. 1990); Hunt v. American Bank & Trust Co. of Baton Rouge, 783 F.2d 1011 (11th Cir. 1986).   The facts certified above fall somewhere in the middle.

However, the facts set forth in Liljeberg itself, while

CERTIFICATION                                                    5

involving a judge rather a law clerk, are somewhat similar. In Liljeberg, a bench trial was conducted by a judge who also sat on the Board of Trustees for a university. That university was negotiating to buy land from one of the parties to the lawsuit. An outcome in the lawsuit favorable to that party would have a substantial bearing on the success of the university's negotiations. At the time he conducted the trial, the judge had forgotten about the connection. However, he admitted that he had known about it at one time. The appellate court concluded that there was at least an appearance of impropriety constituting a violation of 28 U.S.C. §455(a). Given that precedent, it is impossible for me to say that Ms. Bautista's undisclosed acceptance of future employment with an attorney for one of the parties did not similarly create an appearance of impropriety. Thus, it appears that I violated 28 U.S.C. §455(a) by failing to disclose the fact of Ms. Bautista's acceptance of an offer of future employment by Murphy, Weir and by not more completely disassociating her from the case.

## 2. Appropriate Remedy

As noted above, once it has been determined that there has been a violation of 28 U.S.C. §455(a), it does not automatically follow that a final order or judgment must be vacated. The appropriate remedy must be determined after considering a variety of factors. That consideration is normally triggered by a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which is applicable to bankruptcy proceedings

CERTIFICATION

6

pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure. However, in order for such a motion to be presented, the district court must remand the appeals back to the bankruptcy court. The undersigned recommends that the district court do so.

According to Liljeberg, however, the Rule 60(b) motion should be heard by a different judge.

> Third, it is remarkable--and quite inexcusable--that Judge Collins failed to recuse himself...[when reminded of the disqualifying facts]. A full disclosure at that time would have completely removed any basis for questioning the judge's impartiality and would have made it possible for a different judge to decide whether the interests--and appearance--of justice would have been served by a retrial. [Emphasis added.]

Liljeberg v. Health Services Acquisition Corp., 486 U.S. at 866, 108 S.Ct. at 2206. Moreover, since the proceeding in question is the heart of the bankruptcy case, the undersigned concludes that she should recuse herself from the case in its entirety. One of the two other bankruptcy judges in this division, the Honorable Edward D. Jellen, is disqualified from accepting the

CERTIFICATION

AO 72
(Rev 8/82)

reassignment of the case by having conducted a settlement conference between the parties to this appeal. As a result, the case will be reassigned to the remaining judge, the Honorable Randall J. Newsome.

I hereby certify and declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and was executed by me on October 31, 1994 in Oakland, California.

_Cheslie Tchaikovsky_
United States Bankruptcy Judge

CERTIFICATION

8

## PROOF OF SERVICE

I, the undersigned, a regularly appointed and qualified clerk in the office of the United States Bankruptcy Court for the Northern District of California at Oakland, hereby certify:

That I, in the performance of my duties as such clerk, served a copy of the foregoing document by depositing it in the regular United States mail at Oakland, California, on the date shown below, in a sealed envelope bearing the lawful frank of the Bankruptcy Court, addressed as listed below.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 31, 1994

Office of the United States Trustee
1301 Clay Street, Suite 690 N
Oakland, CA  94612

Nossaman, Guthner, Knox & Elliott
John T. Hansen
50 California Street, 34th Floor
San Francisco, CA 94111

Law Offices of William Webb Farrer
221 Sansome Street, Suite 200
San Francisco, CA 94104

Joseph W. Kruchek
Shimmel, Hill, Bishop & Gruender, P.C.
3700 North 24th Street
Phoenix, AZ  85012-2652

Raymond M. Hunter
Frazer, Ryan, Goldberg & Hunter, L.L.P.
3101 N. Central Avenue, Suite 1600
Phoenix, AZ 85012-2652

Patrick Murphy
Murphy, Weir & Butler
101 California Street
39th Floor
San Francisco, CA 94111

CERTIFICATION                                                      9

AO 72
(Rev 8/82)