# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 14-1005 (RBW) |
| ) | |
| ALFREDO SIMON CABRERA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION

This civil matter came before the Court on the defendant's Renewed Motion for Disclosure of Jane Doe's Grand Jury Testimony ("Def.'s Renewed Mot."). The motion was orally granted by the Court at a hearing conducted on August 5, 2015. See August 6, 2015 Order (memorializing ruling from previous day's hearing), ECF No. 72. This Opinion serves to provide the legal justification for the Court's decision and supplements the record of the hearing.[1]

---

[1] In addition to the defendant's renewed motion, the Court considered the following submissions by the parties in rendering its decision: (1) the Motion for Disclosure of Jane Doe's Grand Jury Testimony ("Def.'s Mot."); (2) the Memorandum in Support of Motion for Disclosure of Jane Doe's Grand Jury Testimony ("Def.'s Mem."); (3) the Plaintiff's Opposition to [the] Defendant's Motion for Disclosure of Jane Doe's Grand Jury Testimony ("Pl.'s Opp'n"); (4) the Reply Brief in Support of [the Defendant's] Motion for Disclosure of Jane Doe's Grand Jury Testimony ("Def.'s Reply"); (5) the Plaintiff's Opposition to [the] Defendant's Renewed Motion for Disclosure of Jane Doe's Grand Jury Testimony ("Pl.'s Renewed Opp'n"); (6) the Reply in Support of Renewed Motion for Disclosure of Jane Doe's Grand Jury Testimony ("Def.'s Renewed Reply"); and (7) the Consent Notice of Superior Court Order to Disclose Grand Jury Materials to This Court ("Notice").

# I.   BACKGROUND

According to the plaintiff, in April 2013, she was sexually assaulted by the defendant at a hotel in the District of Columbia.[2]  Doe v. Cabrera, 307 F.R.D. 1, 2-3 (D.D.C. 2014).  Thereafter, the alleged assault was investigated by the District of Columbia Metropolitan Police Department, as well as the United States Attorney's Office for the District of Columbia ("USAO").  Def.'s Mem. at 2-3.  The investigation resulted in the USAO "initiat[ing] a . . . grand jury investigation into [the] [p]laintiff's accusations" during which the plaintiff presented testimony.  Id. at 1. Ultimately, the USAO declined to prosecute the defendant, id. at 3, and the plaintiff instituted this civil action against the defendant to recover monetary damages for the injuries she allegedly sustained from the alleged assault, see Doe, 307 F.R.D. at 2-3.

On December 10, 2014, the defendant moved to obtain the transcript of the plaintiff's grand jury testimony.  Def.'s Mot. at 1-2.  But consistent with case authority, the Court denied the defendant's motion without prejudice, reasoning that the defendant must first petition the Superior Court of the District of Columbia ("Superior Court") for disclosure of the plaintiff's grand jury testimony, as that was the court where the grand jury was convened.  June 10, 2015 Order at 2-4, ECF No. 56.

On June 15, 2015, the defendant petitioned the Superior Court, seeking the disclosure of the plaintiff's grand jury testimony.  Notice, Exhibit ("Ex.") A (Order, Doe v. Cabrera, No. 2015 GJRSLD 132 (D.C. Super. Ct. July 17, 2015) ("Superior Court Order")) at 1.  Although the Superior Court deferred to this Court on a final ruling as to whether the plaintiff's grand jury testimony should be disclosed to the defendant, it nevertheless ordered the USAO to produce a copy of the transcript of the plaintiff's grand jury testimony to the Court so that it can completely

---

[2]  The Court has previously provided a detailed recitation of the factual allegations in this case.  Doe v. Cabrera, 307 F.R.D. 1, 2-3 (D.D.C. 2014).

resolve the issue.  Id. at 3.  In doing so, the Superior Court also advised the Court that, inter alia,

"the need for continued grand jury secrecy is minimal in this case."  Id. at 1.  The defendant then

renewed his motion for an Order from this Court requiring the disclosure of the plaintiff's grand

jury testimony pursuant to Federal Rule of Criminal Procedure 6(e).  Def.'s Renewed Mot. at 1-

2.

## II.    LEGAL STANDARD

Under Federal Rule of Criminal Procedure 6, a "court may authorize disclosure—at a

time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter . . .

preliminarily to or in connection with a judicial proceeding . . . ."  Fed. R. Crim. P. 6(e)(3)(E)(i).

Specifically, "[p]arties seeking grand jury transcripts . . . must show[:] [(1)] that the material they

seek is needed to avoid a possible injustice in another judicial proceeding[;] [(2)]  that the need

for disclosure is greater than the need for continued secrecy[;] and [(3)] that their request is

structured to cover only material so needed."  Douglas Oil Co. of Cal. v. Petrol Stops Nw., 441

U.S. 211, 222 (1979).  This showing must be made "with particularity."  United States v. Procter

& Gamble Co., 356 U.S. 677, 682 (1958).  "[T]he typical showing of particularized need arises

when a litigant seeks to use 'the grand jury transcript at the trial to impeach a witness, to refresh

his recollection, to test his credibility and the like.'"  Douglas Oil, 441 U.S. at 222 n.12 (quoting

Procter & Gamble, 356 U.S. at 683).  "Such use is necessary to avoid misleading the trier of

fact."  Id.  And "a court called upon to determine whether grand jury transcripts should be

released necessarily is infused with substantial discretion."  Id. at 223 (citing Pittsburgh Plate

Glass Co. v. United States, 360 U.S. 395, 399 (1959)).

### III.    ANALYSIS

Consideration of each of the factors set forth in <u>Douglas Oil</u>, as well as an <u>in camera</u> inspection of the plaintiff's grand jury testimony,[3] leads the Court to the inescapable conclusion that the transcript of the plaintiff's grand jury testimony must be provided to the defendant.

### A.  Whether Disclosure Will Avoid Injustice

First, the plaintiff does not contend that there would be no injustice here if the defendant were denied access to the plaintiff's grand jury testimony.  Nor could the plaintiff advance such a position as there appear to be some inconsistencies between her allegations in this case and what she told the grand jury.[4]  If justice is to be done in this case, these conceivable inconsistencies must be assessed by a jury.  Moreover, because the plaintiff contends that she cannot recall with particularity her grand jury testimony, <u>see</u> Def.'s Renewed Reply at 4 n.2; Def.'s Renewed Reply, Ex. B (Deposition Transcript of Jane Doe ("Doe Dep. Tr.")) at 356:3-358:10 (plaintiff testifying, <u>inter alia</u>, that she "[does not] remember [the] specifics" of her grand jury testimony), the defendant must have access to the transcript of that testimony, so that he may attempt to refresh her recollection, impeach her credibility, or bolster his defense with what she previously said under oath.  Notably, Circuits and district courts throughout the country have routinely explained that disclosure of grand jury testimony is permitted in similar circumstances.  <u>E.g.</u>, <u>In re Special Grand Jury 89-2</u>, 143 F.3d 565, 571 (10th Cir. 1998) ("The reality of the

---

[3]  The USAO delivered a copy of the transcript of the plaintiff's grand jury testimony to the Court's chambers on July 20, 2015.  Out of an abundance of caution, the Court conducted an <u>in camera</u> review of the transcript before confirming its decision.  <u>See</u> <u>In re Sealed Case No. 98-3077</u>, 151 F.3d 1059, 1074 (D.C. Cir. 1998) ("The use of <u>in camera</u> review in proceedings collateral to a grand jury investigation is by no means novel.  District courts are often required to conduct an <u>in camera</u> review of grand jury material requested under Rule [6(e)(3)(E)(i)] to determine what material, if any, is responsive to the need asserted by the requesting party . . . ." (footnote omitted)).

[4]  To be clear, the Court is not affirmatively stating that there are <u>in fact</u> inconsistencies, as what seem to be inconsistencies may be reconciled with additional testimony.  Moreover, portions of the plaintiff's grand jury testimony appear to be consistent with her allegations in this case.

[particularized] need [for grand jury testimony] can be shown by pointing to actual inability to recall relevant information or examples of inconsistent testimony on material issues."); In re Grand Jury Testimony, 832 F.2d 60, 63 (5th Cir. 1987) ("We and other courts have read Douglas Oil to require that a party seeking disclosure for impeachment or refreshment of recollection of witnesses first demonstrate actual inability to recall or inconsistent testimony."); In re Fed. Grand Jury Proceedings, 760 F.2d 436, 439 (2d Cir. 1985) ("Appellant argues that he needs the grand jury testimony of those grand jury witnesses who are scheduled to be called in the disciplinary hearings in order to refresh their recollections or impeach and otherwise test their credibility in the course of the hearings.  The Supreme Court has indeed recognized that a petitioner's desire to use grand jury transcripts in subsequent proceedings for these purposes may constitute the particularized need required for disclosure."); see also In re Petition to Inspect & Copy Grand Jury Materials, 576 F. Supp. 1275, 1280 (S.D. Fla. 1983) ("[L]itigants in a 'judicial proceeding,' will occasionally have a 'particularized need,' for grand jury material to prevent an injustice in that proceeding.  Thus, disclosure has been deemed proper to impeach a witness or test his credibility, or to refresh a witness' recollection." (internal citations omitted)), aff'd, 735 F.2d 1261 (11th Cir. 1984); Pak. Int'l Airlines Corp. v. McDonnell Douglas Corp., 94 F.R.D. 566, 569 (D.D.C. 1982) ("[W]here there is some showing of a need to refresh recollection or a basis for impeaching a witness, a grand jury transcript may be produced to be used at the deposition of that witness or in cross-examination at the trial.")[5]; id. at 569 n.7.

---

[5]  The plaintiff misconstrues what the Court expressed in Pak. Int'l Airlines.  See Pl.'s Renewed Opp'n at 4-5.  Although "[a] general representation that [a party] requires the . . . transcripts of the potential deponents' grand jury testimony for purposes of impeachment, refreshing recollections and testing credibility, fails to suffice" for demonstrating a "particularized need," Pak. Int'l Airlines, 94 F.R.D. at 567 n.1 (emphasis added), that is not the case where, as here, there is an actual "showing of a need" for such testimony, id. at 568-69; see also Def.'s Renewed Reply, Ex. B (Doe Dep. Tr.) at 356:3-358:10.

### B.  Whether Disclosure Outweighs Secrecy

As just discussed, there is a need for disclosure of the plaintiff's grand jury testimony to avoid a potential unjust result in this case.  And this need outweighs the continuing need for secrecy of the plaintiff's grand jury testimony, which the Superior Court—the court that convened the grand jury before whom the plaintiff presented her testimony—has already found to be "minimal in this case."  Notice, Ex. A (Superior Court Order) at 1; see also id. at 2 ("The policy considerations underlying grand jury secrecy are extremely weak in this particular case."). Nevertheless, the plaintiff challenges the Superior Court's secrecy analysis because it "failed to consider that [the] [p]laintiff's identity will be revealed at or prior to trial."  Pl.'s Renewed Opp'n at 3.  The plaintiff inexplicably argues that had the Superior Court properly taken into consideration the need to encourage witnesses to testify freely in future grand juries without fear that their testimony will later become public, the Superior Court would have ruled in her favor, maintaining the secrecy of her grand jury testimony.  Id.  Even assuming that this one policy consideration weighed in favor of secrecy, other policy considerations did not.  See Douglas Oil, 441 U.S. at 219 n.5 (identifying five policy considerations); see also Notice, Ex. A (Superior Court Order) at 2-3 (other policy considerations weighed against secrecy).

And the Court is not convinced that disclosure of the plaintiff's grand jury testimony in this case will somehow discourage other potential witnesses from freely testifying before a grand jury in the future.  As the Superior Court noted, the lessened secrecy concerns are limited to the facts of "this particular case," Notice, Ex. A (Superior Court Order) at 2 (emphasis added), where "the only witness whose [grand jury] testimony is to be disclosed is the plaintiff" and the "substance of . . . [the] testimony has already been made public through the filing of a civil lawsuit," id. at 3.  Further, with disclosure of grand jury testimony limited only to instances

where, for example—as it appears to be the case here—a witness' memory of the witness' own grand jury testimony or the witness' credibility is called into question, see Procter & Gamble, 356 U.S. at 683 (secrecy of grand jury transcript "is lifted discretely and limitedly," if it is used to "impeach a witness, to refresh his recollection, [or] to test his credibility and the like"), the Court finds such disclosure will unlikely deter other witnesses from presenting grand jury testimony.

### C.  Whether Disclosure Is Limited

The defendant's request is circumscribed to what is necessary to guard against an injustice occurring in this case.  The defendant narrowed the universe of grand jury materials he sought to obtain to include only the transcript of the plaintiff's grand jury testimony.  Although the defendant has requested the transcript in full, the "request is structured to cover only material so needed," Douglas Oil, 441 U.S. at 222, because, as revealed by the Court's in camera inspection, her entire grand jury testimony concerns her encounter with the defendant, the alleged assault, and the events that occurred thereafter in connection with the alleged assault, see id. at 222 n.12 (disclosure appropriate where "a particular witness' testimony . . . bear[s] upon some aspect of his direct testimony at trial").  And the entirety of this testimony meets the limited needs of the defendant.

In short, because the defendant has met his burden under the disclosure standard as set forth in Douglas Oil, the defendant can reopen the deposition of the plaintiff and examine her on the substance of her grand jury testimony.[6]  Moreover, the defendant will be permitted to use the

---

[6] According to the plaintiff, there is no case authority that permits the Court to order the release of her grand jury transcript for use as a discovery tool.  See Pl.'s Renewed Opp'n at 5.  This proposition is belied, however, by case law that the plaintiff herself has cited.  See id.; Pak. Int'l Airlines, 94 F.R.D. at 569 ("where there is some showing of a need to refresh recollection or a basis for impeaching a witness, a grand jury transcript may be produced to be used at the deposition of that witness or in cross-examination at the trial" (emphasis added)); see also Douglas Oil, 441 U.S. at 216-17, 223 (concluding that there was no error in district court's disclosure order, which allowed grand
(continued . . . )

plaintiff's grand jury testimony during the trial of this case, if there is a proper legal basis to do so.

## IV.   CONCLUSION

For the foregoing reasons, the defendant's motion was granted.[7]

**SO ORDERED** this 4th day of September, 2015.

REGGIE B. WALTON
United States District Judge

---

( . . . continued)
jury transcripts to "be used solely for the purpose of impeaching that witness or refreshing the recollection of a witness, either in deposition or at trial" (ellipses and internal quotation marks omitted) (emphasis added)). Notably, the plaintiff did not object to the defendant's insistence on reopening her deposition, if he were to obtain a transcript of her grand jury testimony.  See Pl.'s Renewed Opp'n, Ex. A (Deposition Transcript of Jane Doe ("Doe Dep. Tr.")) at 548:20-549:13.

[7]  The plaintiff contends that any inconsistencies in her grand jury testimony cannot be admitted as substantive evidence during the trial of this case.  See Pl.'s Renewed Opp'n at 4.  A ruling on whether this position has merit will be reserved until an actual controversy arises as to the use of the transcript as substantive evidence at trial. Although there is authority that sanctions the use of inconsistencies in grand jury testimony as substantive evidence, see, e.g., United States v. Emor, No. 10-cr-0298(PLF), 2012 WL 458610, at *2 (D.D.C. Feb. 13, 2012) (citing United States v. Branham, 515 F.3d 1268, 1274 n.1 (D.C. Cir. 2008)), any ruling on the admissibility of those inconsistencies for whatever purpose is premature at this time.