```
 1                IN THE UNITED STATES DISTRICT COURT

 2                    FOR THE DISTRICT OF COLUMBIA

 3

 4   JANE DOE,                          :   Criminal Action

 5            Plaintiff,                :   No.  1:14-cv-01005

 6   v.                                 :   September 29, 2015

 7   ALFREDO SIMON CABRERA,             :   12:15 p.m.

 8            Defendant.                :   Telephone Conference

 9

10

11                    TRANSCRIPT OF PROCEEDINGS

12           BEFORE THE HONORABLE ELLEN SEGAL HUVELLE

13                   UNITED STATES DISTRICT JUDGE

14

15   APPEARANCES:

16   For the Plaintiff:         Andrew G. Slutkin
                                Silverman Thompson Slutkin &
17                              White
                                201 North Charles Street
18                              Suite 2600
                                Baltimore, MD 21201
19

20   For the Defendant:         Jon Ross Fetterolf
                                Rachel Cotton
21                              Zuckerman Spaeder, LLP
                                1800 M Street, NW
22                              Suite 1000
                                Washington, DC 20036
23
     *APPEARANCES CONTINUED ON FOLLOWING PAGE*
24

25   Reported by:               Linda S. Kinkade RDR CRR RMR
                                Federal Official Court Reporter
```

```
 1      APPEARANCES (continued):

 2

 3      On Behalf of
        Benjamin Voce-Gardner:          Thomas B. Mason
 4                                      Timothy J. Simeone
                                        Harris Wiltshire & Grannis LLP
 5                                      1919 M Street, NW
                                        Washington, DC 20036
 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S
 2                              (In session at 12:15 p.m.)
 3           COURTROOM DEPUTY:  Will counsel state who is on the
 4   call, please.
 5           MR. FETTEROLF:  Sure.  This is Jon Fetterolf and
 6   Rachel Cotton from Zuckerman Spaeder on behalf of Alfredo Simon
 7   Cabrera.
 8           MR. MASON:  This is Tom Mason and Tim Simeone of
 9   Harris, Wiltshire & Grannis for interested nonparty Ben
10   Voce-Gardner.
11           MR. SLUTKIN:  Good morning, everybody.  Andy Slutkin.
12           THE COURT:  I'm sorry.  The plaintiff's counsel, I
13   didn't hear your name.
14           MR. SLUTKIN:  Good morning, Your Honor.  It's Andrew
15   Slutkin, S-L-U-T-K-I-N.
16           THE COURT:  Okay.  I assume that we -- this is Judge
17   Huvelle.  I assume that everybody is on the phone; we're not
18   expecting anyone else.
19           MR. SLUTKIN:  That's correct, Your Honor.
20           THE COURT:  Okay.  We are on the record.  I am in the
21   courtroom.  I often don't do scheduling matters in the
22   courtroom, but to let you know we actually got a call from the
23   National Law Journal wondering whether this would be on the
24   record, and it is on the record and it is in open court.  I can
25   also let you know there's nobody here.  So that's the state of
```

1  affairs.
2      I want to put one thing on the record because, given the
3  history here, I thought I ought to say this.  I don't know any
4  of the lawyers involved.  I don't know the plaintiff's counsel.
5  I don't know Mr. Fetterolf, although I think he worked at a law
6  firm that I worked at, but I left before he even arrived.
7      Is that accurate, Mr. Fetterolf?  I don't think I've ever
8  met you.
9          MR. FETTEROLF:  We may have met at a party or two,
10 Your Honor, but, yes, I worked at Williams & Connolly for 14
11 years and was a partner there for six.
12         THE COURT:  Okay.  Well, I had left by then for sure.
13 Mr. Mason I don't know either, but I have to say that -- and I'm
14 just disclosing this out of an abundance of caution -- that my
15 husband is at Covington & Burling and is on a case in which
16 Mr. Mason has been hired by -- on behalf of the State of
17 Minnesota who is represented or they are represented by
18 Covington to file an ethics affidavit, I guess, in a case.  So
19 Mr. Mason must have met my husband, I guess.  I don't recall
20 ever meeting him myself.
21     So, Mr. Slutkin, given all the things that seem to have
22 gone on before that, I think I've covered the ground.  I don't
23 see any of this as a problem, but I just wanted you to know.  I
24 do know Harris out of Harris, Wiltshire & Grannis.  Some of
25 those people were at Williams & Connolly where Mr. Mason is now.

1      But this discovery dispute came randomly to me even though
2  I'm the head of the calendar committee and told the clerk's
3  office to reassign it.  I believe that Judge Walton requested
4  reassignment.  The calendar committee then instructed the
5  clerk's office to do it randomly, which basically was done
6  pulling out names from a hat, and so that's how I ended up with
7  this case.
8      And at the moment my total role has to be limited to the
9  motion to quash subpoena as nonparty, but just for clarification
10 sake, is this motion filed, Mr. Mason, on behalf of
11 Mr. Voce-Gardner or on behalf of Ms. Fernandez and
12 Mr. Voce-Gardner?
13         MR. MASON:  I do not represent -- I represent
14 Mr. Voce-Gardner.  I do not represent Ms. Fernandez.  So it's a
15 joint motion that was filed by Mr. Voce-Gardner and my client,
16 and also filed by Mr. Simon, Mr. Fetterolf's client.
17         THE COURT:  Why do we call him Mr. Simon?  I thought
18 his name was Cabrera.
19         MR. FETTEROLF:  I think, Your Honor, he goes by
20 Alfredo Simon when he's in the United States, so we can call him
21 Mr. Cabrera.
22         THE COURT:  Okay.  So nothing has happened with
23 respect to Fernandez.  And is there going to be a motion to
24 compel, Mr. Slutkin, or what?  Where do we stand on that?
25         MR. SLUTKIN:  Yes, Your Honor, we do plan to file a

1  motion to compel.  I think that's probably the best way to get
2  this at issue on both of the subpoenas.
3          THE COURT:  Okay.  Well, since there's a lot of
4  overlap, hopefully we'll resolve some of the stuff ourselves
5  here and may or may not be necessary, I don't know.
6      I want to have a schedule -- the interested nonparties have
7  a right to file a reply, and I would like to move this along
8  since this is sort of a discovery dispute and not the merits of
9  the case.  So I got an opposition yesterday from plaintiff's
10 counsel, and can we have a reply by the 5th?
11         COUNSEL APPEARING BY TELEPHONE:  October 5th?  Let me
12 just look at my calendar.  Sorry.  I would ask for the 7th, Your
13 Honor.
14         THE COURT:  Okay.  Any problem with that, Mr. Slutkin?
15         MR. SLUTKIN:  No, Your Honor, that's certainly fine.
16         THE COURT:  Okay.  So the reply is the 7th of October.
17 And I propose to have argument and to try to resolve this matter
18 either -- I propose the 20th or 21st in the afternoon.  Is there
19 some time that is not available to somebody?
20         MR. SLUTKIN:  Your Honor, at this time -- this is Andy
21 Slutkin, counsel for the plaintiff -- I am holding the 20th for
22 a mediation in a case.  That's between the 20th and the 22nd.
23 So if there's a way to do it on the 21st, I would greatly
24 appreciate it.
25         THE COURT:  How about for Mr. Mason and Mr. Fetterolf?

```
 1              MR. MASON:  This is Mr. Mason.  The 21st is fine.
 2              THE COURT:  How about Mr. Fetterolf?
 3              MR. FETTEROLF:  Your Honor, that's fine for me too.
 4              THE COURT:  Okay.  So 2:30.  We'll have argument in my
 5    courtroom.  And may I ask that between now and the time that the
 6    reply is filed, which -- that counsel get together and see --
 7    there are a couple of questions that the counsel for the
 8    plaintiffs have, which are factual and not document, you might
 9    be able to just answer them.  I mean, when somebody says, for
10    instance, when somebody says they did pro bono legal work, that
11    means, to me, they are not being paid for it.  So if my
12    assumption is wrong, tell me and Mr. Slutkin.  Second of all,
13    the subpoena request, the one that's really before me is the one
14    that went to the associate in New York.  Is there a subpoena to
15    -- that's the only subpoena before me at the moment, right?
16              MR. FETTEROLF:  Your Honor -- this is Jon Fetterolf --
17    as to Mr. Mason who only represents Mr. Gardner, but Mr. Simon
18    has an interest in having both subpoenas quashed.  So I think,
19    technically, that is before you, and we'll address the fact that
20    it doesn't appear that plaintiff at least in putting forth its
21    opposition -- I mean, I have to sort of take an opposition
22    motion as to that ... filing a motion to compel, so technically
23    both subpoenas are in front of you as it relates to Mr. Simon's
24    motion to quash and both have been attached to that motion.
25              MR. SLUTKIN:  Actually, Your Honor -- this is Andy
```

1   Slutkin -- on the second page of the joint motion to quash it
2   does say that Mr. Simon seeks a protective order with respect to
3   those subpoenas. So I think it technically is at issue.
4           THE COURT: Okay. That's fine. There's a lot of
5   overlap. From my point of view, I have to say that, if Judge
6   Walton felt that one of these subpoenas should be considered by
7   another judge, he would be crazy not to think the second one
8   should be too.
9       So I would like to suggest that some of these issues -- for
10  instance, when there are declarations, I mean, you may be able
11  to explain something in the reply to me, but when you rely on
12  emails that have been exchanged outside chambers and you
13  summarize them, I really can't see how you cannot give them to
14  the other side. You'd have to move heaven and earth to convince
15  me that you can talk about them but not give them to him at this
16  point.
17      So I would zero in both sides in thinking about what you
18  can accomplish in terms of communications from Ms. Fernandez to
19  members of Zuckerman that relate to this matter, the case before
20  Judge Walton. If you can come to an agreement on that, you'll
21  go a long way to addressing the concerns I have.
22      I realize that we'll have argument on a lot of other
23  things, but it's a pretty broad subpoena, so -- and I think that
24  plaintiff's counsel has at least telegraphed that they would be
25  willing to narrow things down.

```
 1          So I'm going to require the parties before the 7th when
 2     they file their final reply to consult and see if you can narrow
 3     the issues for dispute and narrow the requests.  So there should
 4     be two, both sides, narrowing, and let me know by the reply --
 5     are you both going to be able to have an intelligent
 6     conversation before then?
 7          MR. SLUTKIN:  Yes, Your Honor.  Certainly we -- I
 8     mean, I don't know Mr. Mason, but Mr. Fetterolf and my firm --
 9          THE COURT:  I'm sorry.  Who's speaking?
10          MR. SLUTKIN:  I'm sorry.  Andy Slutkin, counsel for
11     the plaintiff.
12          We have certainly have a good relationship with
13     Mr. Fetterolf.  We have disagreements at times in the case, but
14     I would expect nothing other than the usual with him.  I don't
15     know Mr. Mason, but I'm sure we can have a discussion, try and
16     narrow issues, and see if we can't make it a little easier on
17     the Court.
18          THE COURT:  Okay.  Any problem, Mr. Fetterolf,
19     Mr. Mason?  We have a schedule for you -- I mean, you can file a
20     day or two late.  If we can get this in a little more manageable
21     shape, it's worth it for everybody.  A lot of -- a lot of the
22     discovery may be too broad, but there's some key things going on
23     here.  Can you live with the 9th and get done what I call
24     intelligent exchange?  I mean live with the 7th.  Sorry.
25          MR. MASON:  I just don't know everybody's schedule.
```

```
 1    My sense is, if we need more time to talk and then respond,
 2    we'll ask for it.
 3              THE COURT:  I'm sorry.  Can you tell me who's
 4    speaking?
 5              MR. MASON:  This is Tom Mason.  I'm sorry, Your Honor.
 6    It's Tom Mason, Mr. Voce-Gardner's attorney.
 7              THE COURT:  Okay.  That's fine.  If you need more
 8    time, just file a consent.  I just need enough time to prepare
 9    for the 21st at 2:30.
10        I'm unaware of any other issues that need to be addressed
11    now until we have argument.  Is there anything on behalf of any
12    of the lawyers?
13              MR. SLUTKIN:  Not from the plaintiff, Your Honor.
14    This is Andy Slutkin.
15              MR. FETTEROLF:  No, Your Honor.  Jon Fetterolf.
16              THE COURT:  And Mr. Mason?
17              MR. MASON:  No, Your Honor.  It's Tom Mason.
18              THE COURT:  All right.  We will issue a scheduling
19    order for the 21st of October at 2:30 and the reply on the 7th
20    of October.  In the case, since there's no miscellaneous number,
21    we'll have to issue it in the case of 14-1005.  Okay?
22              COUNSEL APPEARING BY TELEPHONE:  Okay.
23              THE COURT:  All right.  Thank you very much, and we'll
24    see you in my courtroom on the 21st.  Thank you.
25         (Proceedings concluded at 12:27 p.m.)
```

# CERTIFICATE

I, Linda S. Kinkade, RDR, RMR, CRR, do hereby certify:

That the foregoing is a true and correct transcript of the proceedings had in the within-entitled action; that I reported the same in stenotype, to the best of my ability, being the duly appointed, qualified, and acting official court reporter of said court; and thereafter transcribed the same into typewriting through computer-aided transcription.

DATED: October 2, 2015      _____

Linda S. Kinkade, RDR, RMR, CRR