## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jane Doe, | § |
| Plaintiff, | § |
| | § |
| | §  Case No. 1:14-cv-01005 (RBW) |
| v. | § |
| | § |
| Alfredo Simon Cabrera, | § |
| | § |
| Defendant. | § |

## DEFENDANT'S MOTION IN LIMINE FOR SANCTIONS
## PRECLUDING EVIDENCE OF DAMAGES

Defendant Alfredo Simon Cabrera, through undersigned counsel, hereby moves *in limine* for sanctions precluding Plaintiff Jane Doe from presenting at trial any evidence or argument relating to her claim for economic damages, or any evidence or argument ascribing a specific dollar value to her claim for non-economic damages.  Plaintiff has not provided Defendant with a documented computation of her damages, as required by Fed. R. Civ. P. 26(a)(1)(A)(iii), thereby preventing Defendant from conducting discovery regarding the basis for her calculations or developing expert testimony or other evidence rebutting such a computation, and triggering the self-executing exclusion sanction set forth in Fed. R. Civ. P. 37(c) and LCvR 26.2.  Defendant's counsel has conferred with Plaintiff's counsel, as required by Local Civil Rule 7(m), and Plaintiff's counsel opposes the motion.

## RELEVANT BACKGROUND

In her Complaint, filed April 24, 2014, Plaintiff alleges that she suffered and continues to suffer, as a result of Defendant's alleged conduct, substantial damages.  She claims $5 million in compensatory damages in the form of extreme and permanent pain and suffering, humiliation, mental distress, medical expenses, and lost wages, and also seeks $10 million in punitive damages.  Plaintiff's initial disclosures, however, served September 5, 2014, contained only

summary descriptions of compensatory and punitive damages estimated to exceed $15 million, Ex. A, Pl. Initial Disclosures 5-6, Sept. 5, 2014, despite the requirement under Fed. R. Civ. P. 26(a)(1)(A)(iii), and LCvR 26.2, that parties disclose

> a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Plaintiff "reserve[d] the right to supplement [her] initial disclosures regarding the computation of damages as discovery progresses," Ex. A, Pl. Initial Disclosures 6, and indeed was required to do so, *see* Fed. R. Civ. P. 26(e)(1)(A) (parties have an obligation to supplement disclosures when prior disclosures are "incomplete or incorrect"); *cf.* LCvR 26.2(a) (a party "must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case").

On December 19, 2014, Defendant served interrogatories on Plaintiff, including an interrogatory asking for an itemization of her claimed damages. That interrogatory and Plaintiff's answer served on February 13, 2015, are copied in full below:

> **INTERROGATORY NO. 4.** Itemize how you calculate your damages claimed and identify all documents that support your damages calculation.
>
> **RESPONSE:**
>
> Plaintiff objects to the forgoing Interrogatory on the grounds listed in General Objections 1, 2, 3, 7, 9, 11 and 14. Responding further, Plaintiff objects on the grounds that discovery is continuing, that any answer would be premature, and that this Interrogatory should not require an answer, if at all, until after discovery has been completed and disclosures concerning expert witnesses is [sic] required on or before March 27, 2015 (Proponent Rule 26(a)(2) Disclosures) or April 24, 2015 (Opponent Rule 26(a)(2) Disclosures).

Ex. B, Pl. Objs. & Resps. to Def. First Req. for Interrogs. 8-9.[1]   On July 9, 2015, during Defendant's deposition of Plaintiff, Defendant's counsel reminded Plaintiff's counsel that Plaintiff had not supplemented her response to this interrogatory.[2]

More than three months later, with discovery now closed, Plaintiff still has not supplemented her interrogatory response, nor has she supplemented her initial disclosures regarding computation of damages, nor has any expert report submitted by Plaintiff included a specific damages calculation.  While Local Civ. R. 16.5(b)(vii) requires Plaintiff to provide an itemization of her claimed damages in a joint pre-trial statement, compliance with this separate and independent requirement does not cure Plaintiff's earlier failures, and thus the sanction of exclusion is appropriate even if Plaintiff complies with LCvR 16.5(b)(vii).

## LEGAL STANDARD

Fed. R. Civ. P. 37(c)(1),[3] like LCvR 26.2(a),[4] "gives teeth" to the Fed. R. Civ. P. 26 disclosure requirements "by forbidding the use at trial of any information required to be

---

[1] Among the general objections referenced in Plaintiff's response were that Defendant's interrogatory imposed obligations beyond the scope of the Federal Rules of Civil Procedure 26 and 33 and the Local Rules of this Court, sought privileged information, required legal conclusions, sought information not in the possession, custody, or control of Plaintiff, and was vague, ambiguous, overbroad, and unduly burdensome.

[2] *See* Ex. C, Pl. Dep. 408:12-19, July 9, 2015 ("MR. FETTEROLF:  Oh.  Steve, one thing I wanted to note on the— just the record here, is it appears that Interrogatory No. 4 about calculating damages claimed and identifying all documents that support this calculation, there's an objection to it being premature until discovery disclosures.  So I'm just going to put on here a request to know whether you plan to supplement this or not.").

[3] Rule 37(c)(1) states:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.  In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:  (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)– (vi).

disclosed by Rule 26(a) [or (e)] that is not properly disclosed," *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001), unless the failure to disclose is "'substantially justified or is harmless,'" *Wannall v. Honeywell, Inc.*, 775 F.3d 425, 429 (D.C. Cir. 2014) (quoting Fed. R. Civ. P. 37(c)(1)).  Rule 37(c)(1) is a "self-executing sanction," such that the motive or reason for the failure to disclose is irrelevant, and the "overwhelming weight of authority is that preclusion is *required* and *mandatory* absent some unusual or extenuating circumstances—that is, a 'substantial justification.'"  *Elion v. Jackson*, No. 05-0992 (PLF), 2006 WL 2583694, at *1 (D.D.C. Sept. 8, 2006) (emphasis in original) (citing *Klonoski v. Mahlab*, 156 F.3d 255, 269, 271 (1st Cir. 1998)); *see Wannall*, 775 F.3d at 430 (a finding of bad faith or extreme misconduct is not required under Rule 37(c)); *NutraSweet Co. v. X-L Eng'g Co.*, 227 F.3d 776, 785-86 (7th Cir. 2000) ("sanction of exclusion is automatic and mandatory" unless violation was justified or harmless) (citation omitted).  The burden is on the party facing sanctions to prove that its violation was either "substantially justified or harmless."  *Yeti*, 259 F.3d at 1106-07; *see Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 21 (1st Cir. 2001).

## ARGUMENT

It is beyond dispute that Plaintiff failed, without any justification, to disclose during discovery "a computation of each category of damages claimed," as required under Fed. R. Civ.

---

[4] Local Rule 26.2(a) provides, in relevant part:

> A party that without substantial justification fails to disclose information required by this Rule or Rule 26(a) or 26(e)(1), F.R.Civ.P., or to amend a prior response to discovery as required by Rule 26(e)(2), F.R.Civ.P., is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.  In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.  These sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C), F.R.Civ.P., in addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, and may also include informing the jury of the failure to make the disclosure.

5052644.4

P. 26(a) and LCvR 26.2.   The plain terms of Fed. R. Civ. P. 37(c) and LCvR 26.2 require sanctions precluding Plaintiff from offering at trial evidence she should have disclosed during discovery.   *See Wannall*, 775 F.3d at 429 (citing Fed. R. Civ. P. 37(c)).

### 1.   Economic Damages

A computation of Plaintiff's past economic damages, such as medical expenses and lost wages could have been prepared before discovery from information in Plaintiff's custody or readily obtainable by Plaintiff or her counsel, and therefore should have been included in Plaintiff's initial disclosures (and supplemented thereafter, where appropriate).   *See* 6 Moore's Federal Practice § 26.22[4][c][ii], at 26-90 (3d ed.) ("The party making [a] claim [for damages] has the obligation, when it makes its initial disclosures, to disclose to the other parties the best information then available to it concerning that claim, however limited and potentially changing it may be.").   And future economic damages depend on factual assumptions and computation methodologies, such that they are typically proven using expert testimony or other evidence likely to be challenged by the opposing party, underscoring the importance of their prompt disclosure long before the end of discovery.

Had Defendant received during discovery a computation of Plaintiff's economic damages, he could have, among other things, deposed Plaintiff regarding the facts and documents underpinning the computation, deposed other fact witnesses whose testimony might be relevant to the computation, identified expert witnesses to rebut the factual assumptions and calculation methodologies reflected by the calculation of economic damages.   Permitting Plaintiff to present the jury with evidence of her claimed economic damages after her failure to satisfy her disclosure obligations shielded such information from the adversarial scrutiny facilitated by initial discovery disclosures (and prompt supplemental disclosures) would result in

5052644.4

precisely the type of unfair prejudice Fed. R. Civ. P. 37(c) sanctions are intended to prevent. *See Wannall*, 775 F.3d at 429-30 (concluding that allowing late submission of supplemental expert disclosure "would have required either reopening discovery (and possibly delaying trial) or denying [the opposing party] the opportunity to cross-examine [the expert] on his new opinions before trial and an adequate chance to offer expert testimony in rebuttal," which "are exactly the types of 'harms' that disclosure deadlines are intended to prevent" (citing Fed. R. Civ. P. 26, advisory committee notes to 1993 amendment)).

### 2.  Non-Economic Damages

As for Plaintiff's claimed non-economic damages, it is of course true that such damages are less susceptible to precise calculation than economic damages, but neither Fed. R. Civ. P. 26(a)(1)(A)(iii) nor LCvR 26.2 exempts such non-economic damages from its scope. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii) (requiring "a computation of *each category* of damages claimed" (emphasis added)).  Plaintiff made no effort whatsoever in her initial disclosures, or in any supplemental disclosure, to value her claimed damages for pain and suffering, humiliation, or mental distress. *See Dixon v. Bankhead*, No. 4:00CV344-WS, 2000 WL 33175440, at *1 (N.D. Fla. Dec. 20, 2000) (explaining that "[a]ll the claimant needs to do" to comply with the computation disclosure requirement "is sit down and calculate the damages that are claimed," including putting a dollar value on intangible emotional harm).  Having eschewed her disclosure obligations with respect to non-economic damages (and flaunted those obligations even for her more calculable claimed economic damages), Plaintiff should be precluded from assigning a specific dollar amount to those non-economic damages in front of the jury. *See EEOC v. Wal-Mart Stores, Inc.*, 276 F.R.D. 637, 639-40 (E.D. Wash. 2011) ("[I]f Plaintiff intends to suggest a specific amount to the jury for emotional distress damages, yet fails to supplement its Rule 26

disclosures to provide Defendant with a computation of damages, Plaintiff may be foreclosed from suggesting that specific amount for emotional distress damages to the jury at trial."); *EEOC v. Gen. Motors Corp.*, No. 3:06-cv-19-WHB-LRA, 2009 WL 910812, at *2-3 (S.D. Miss. Apr. 1, 2009) (barring plaintiff who had not complied with Rule 26(a)(1)(A)(iii) from suggesting to the jury a specific dollar amount of non-economic damages); *cf. Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (not requiring plaintiffs to disclose a computation of damages for emotional distress, based on their representation that they did not intend to ask the jury for a specific dollar amount of damages at trial).[5]

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court enter an order precluding Plaintiff (1) from introducing any evidence or presenting any argument at trial regarding her claimed economic damages, and (2) from introducing any evidence or presenting any argument ascribing a specific dollar value to her non-economic damages.  If the Court decides not to exclude such evidence and argument, but agrees that Plaintiff has failed to comply with her disclosure obligations, then the Court should impose any other appropriate sanctions authorized by Fed. R. Civ. P. 37(c)(1).

---

[5] Plaintiff did not satisfy her disclosure obligation by identifying expert witnesses whose testimony she intends to introduce in support of the fact that she has suffered mental and emotional harm, as it is not Defendant's responsibility to divine the *amount* of non-economic damages to which Plaintiff believes she is entitled. *See Gould Paper Corp. v. Madisen Corp.*, 614 F. Supp. 2d 485, 490 (S.D.N.Y. 2009) (defendants did not meet their obligation to provide a computation of their contractual counterclaim damages during discovery where hundreds of pages of produced documents allegedly containing the basis of their damages claim were unaccompanied by any explanation or a computation).

5052644.4

Dated:  October 16, 2015                    Respectfully submitted,

                                            /s/ *Jon R. Fetterolf*
                                            Jon R. Fetterolf (D.C. Bar No. 479225)
                                            Rachel F. Cotton (D.C. Bar No. 997132)
                                            ZUCKERMAN SPAEDER LLP
                                            1800 M Street, N.W., Suite 1000
                                            Washington, DC 20036
                                            Tel:  (202) 778-1800
                                            Fax:  (202) 822-8106
                                            jfetterolf@zuckerman.com
                                            rcotton@zuckerman.com

                                            *Attorneys for Defendant Alfredo Simon Cabrera*

5052644.4

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing **DEFENDANT'S MOTION *IN LIMINE***

**FOR SANCTIONS PRECLUDING EVIDENCE OF DAMAGES** to be electronically filed

with the Clerk of the Court by using the CM/ECF system on this 16th day of October, 2015, and

electronically served via the CM/ECF system on the following:


                  Andrew G. Slutkin
                  Steven J. Kelly
                  Christopher Mincher
                  SILVERMAN, THOMPSON, SLUTKIN & WHITE, LLC
                  201 North Charles Street, 26th Floor
                  Baltimore, MD 21201
                  aslutkin@mdattorney.com
                  skelly@mdattorney.com
                  cmincher@mdattorney.com


                                            /s/ *Rachel F. Cotton*
                                            Rachel F. Cotton