UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jane Doe,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Alfredo Simon Cabrera,<br><br>　　　　　Defendant. | §<br>§<br>§<br>§　Case No. 1:14-cv-01005 (RBW)<br>§<br>§<br>§<br>§<br>§ |

**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE
REFERENCES AT TRIAL THAT PLAINTIFF IS A
"VICTIM" AND DEFENDANT IS AN "ASSAILANT" OR "RAPIST"**

Defendant Alfredo Simon Cabrera, through undersigned counsel, hereby moves *in limine* to bar Plaintiff from referencing Plaintiff as a "victim" and Defendant as an "assailant" or "rapist" at trial and to require that evidence introduced at trial be redacted of these terms. Defendant seeks to bar all such references from Plaintiff's attorney questioning, attorney argument, witness testimony, and other evidence. Defendant's counsel has conferred with Plaintiff's counsel, as required by Local Civil Rule 7(m), and Plaintiff's counsel opposes the motion.

**INTRODUCTION**

This case involves allegations that Defendant sexually assaulted Plaintiff on April 28, 2013. The jury will be asked to determine whether or not Plaintiff has proven those allegations by a preponderance of the evidence based on the evidence presented at trial. Defendant believes that Plaintiff's counsel, witnesses, and evidence may refer to the Plaintiff as a "victim" and the Defendant as an "assailant" or "rapist" in order to circumvent the evidence and appeal to a jury's sympathy. Such highly inflammatory terms have no probative value and are extremely prejudicial.

Defendant maintains that Plaintiff engaged in consensual sex with Defendant. After Plaintiff's allegations of sexual assault were investigated by the Metropolitan Police Department and evaluated by the United States Attorney's Office for the District of Columbia, the government chose not to bring charges against Defendant. Defendant has not been charged, much less adjudicated an "assailant" or "rapist." So too, Plaintiff has not been found to be a "victim."

Yet Plaintiff's evidence contains references that assume Plaintiff is a "victim" and Plaintiff has described herself as a "victim." *See, e.g.*, Ex. A, Sexual Assault Medical Forensic Record ("SANE Report"), at DCFNE-0002 ("Was the victim threatened or injured with a weapon?"), DCFNE-0002 ("Was the victim strangled?"), DCFNE-0003 (containing a chart for "Victim's Body Part[s]"), and DCFNE-0014 (noting the name of the "Victim Advocate"); Ex. B, Pl. Dep. 356:17-22, July 9, 2015 (describing "victim blaming"), and 425:6-8 ("I don't think having been a victim of assault and the criminal justice system not doing their job should put me at risk."). Plaintiff's counsel has also used the term. Ex. B, Pl. Dep. 298:14-19, July 8, 2015 ("there's a privilege between what the advocate says to the victim."). Similarly, Plaintiff's evidence refers to Defendant as an "assailant" and Plaintiff has used the term "rapist" to describe Defendant. Ex. A, SANE Report, at DCFNE-0002 ("Were any of the assailants injured in any way?") and DCFNE-0003 (containing a chart for "Assailant Body Part"); Ex. B, Plaintiff Dep. 411:17-19 ("anything that people wrote about him being a rapist or someone who assaults or dangerous are [sic] true."); Ex. C, Text Msg. from Pl. to Gina Bulett, GB00028, ln. 593 ("the rapist is starting in the [baseball] games").

## ARGUMENT

Courts throughout the country recognize the danger in trial participants referring to a complainant or plaintiff as a "victim" and the defendant as an "assailant," "rapist" or some other

term that denotes the jury's determination is a *fait accompli*. *See, e.g.*, *State v. Wigg*, 889 A.2d 233, 236 (Vt. 2005); *Jackson v. State*, 600 A.2d 21, 24 (Del. 1991); *State v. Devey*, 138 P.3d 90, 95-96 (Utah Ct. App. 2006).[1] At times grounding their analysis in Federal Rule of Evidence 403 or its state equivalent, *Wigg*, 889 A.2d at 236, and at times focusing on the fact-finding role of the jury, *Jackson*, 600 A.2d at 24, these courts recognize the danger of unfair prejudice and juror confusion when these highly charged terms are used before a jury.

Under Federal Rule of Evidence 403, the Court should exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 403. The term "victim" "has no inherent probative value," *Wigg*, 889 A.2d at 236 (citations omitted), and the terms "rapist" and "assailant" fall into that same characterization. "[W]ith little or no weight on the probative side of the balance," exclusion is appropriate if the Court "f[inds] virtually any danger of unfair prejudice." *Id.* at 236-37.

The prejudicial nature of these terms is particularly acute here, where the nature of the parties' sexual contact is at issue. Defendant asserts that Plaintiff had consensual sex with Defendant. By definition, the terms "victim," "rapist," and "assailant" not only contradict Defendant's position, but a jury could interpret them as proof that Plaintiff's claims are true. This would be highly inappropriate, because the crucial question for this jury will be *whether* a sexual assault occurred (unlike some trials where the crucial question is *who* committed a sexual assault). References to the Plaintiff as a "victim" and the Defendant as an "assailant" or "rapist" tell a jury that this critical question already has been answered. Because these terms go to the very heart of the dispute in this case, they should not be allowed. *Jackson*, 600 A.2d at 24 ("the

---

[1] Defendant recognizes that these cases arise in the criminal context. Given the gravity and content of Plaintiff's sexual assault claim against Defendant, their reasoning applies to the instant motion.

5053478.5

word 'victim' should not be used in a case where the commission of a crime is in dispute"); *Devey*, 138 P.3d at 96 n.5 ("we conclude that the term ["victim"] should be avoided generally in cases where the ultimate issue before the jury is whether any crime actually occurred."); *see also Nuutinen v. CBS Corp.*, No. 97-C-678, 2015 WL 3645899, at *8 (E.D. Wis. June 9, 2015) (slip op.) (where causation of plaintiff's illness at issue, plaintiff cannot be referred to as an "asbestos victim").

Use of the terms would be particularly unfair because Defendant has never been charged with (much less convicted of) the crime these terms describe. Yet these references imply to the jury that a criminal proceeding has adjudicated Plaintiff a "victim" and Defendant an "assailant" or "rapist," which will confuse the jury. The confusion will be further exacerbated by documents or evidence—like the SANE Report—that use the term "victim." *Wigg*, 889 A.2d at 237 ("there was a danger of unfair prejudice because the detective's choice of language implied that he and the prosecution believed the complainant's testimony, adding weight to the State's case. . . . [T]he court should have required the officer to use a more neutral term to identify the complainant"); *see also* Ex. D, Rotolo Expert Report ¶ 32 (SANE Report "contained the terms 'assailant' and 'victim,' which imply the guilt of the Defendant and denote bias in favor of the patient.").

The fact-finding role of the jury will be compromised by use of these terms in evidence or attorney argument. In a case such as this, where Defendant asserts that no sexual assault occurred, "and the allegations against that defendant are based almost exclusively on the complaining witness's testimony" all trial participants and all trial evidence "should be prohibited from referring to the complaining witness as 'the victim.'" *Devey*, 138 P.3d at 95

5053478.5

(citations omitted). The terms are inappropriate for use at trial because they only serve to prejudice the Defendant and confuse the jury.

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court enter an order (1) barring Plaintiff from referring to Plaintiff as a "victim" and Defendant as an "assailant" or "rapist;" and (2) requiring that any evidence introduced at trial be redacted of these terms.

Dated:  October 16, 2015

Respectfully submitted,

/s/ *Jon R. Fetterolf*
Jon R. Fetterolf (D.C. Bar No. 479225)
Rachel F. Cotton (D.C. Bar No. 997132)
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, DC 20036
Tel:  (202) 778-1800
Fax:  (202) 822-8106
jfetterolf@zuckerman.com
rcotton@zuckerman.com

*Attorneys for Defendant Alfredo Simon Cabrera*

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing **DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE REFERENCES AT TRIAL THAT PLAINTIFF IS A "VICTIM" AND DEFENDANT IS AN "ASSAILANT" OR "RAPIST"** to be electronically filed with the Clerk of the Court by using the CM/ECF system on this 16th day of October, 2015, and electronically served via the CM/ECF system on the following:

> Andrew G. Slutkin
> Steven J. Kelly
> Christopher Mincher
> SILVERMAN, THOMPSON, SLUTKIN & WHITE, LLC
> 201 North Charles Street, 26th Floor
> Baltimore, MD 21201
> aslutkin@mdattorney.com
> skelly@mdattorney.com
> cmincher@mdattorney.com

/s/ *Rachel F. Cotton*
Rachel F. Cotton

5053478.5