UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jane Doe,<br>           Plaintiff,<br><br>       v.<br><br>Alfredo Simon Cabrera,<br><br>           Defendant. | §<br>§<br>§<br>§<br>§   Case No. 1:14-cv-01005 (RBW)<br>§<br>§<br>§<br>§ |

**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE
CUMULATIVE AND DUPLICATIVE TESTIMONY**

Despite Federal Rule of Evidence 403's clear edict that needlessly cumulative testimony is improper, Plaintiff intends to call *five* expert witnesses regarding her alleged injuries: two experts to offer testimony about her alleged physical injuries and three experts to offer testimony about her alleged mental health. This redundant and duplicative testimony is prejudicial and impermissible. Accordingly, the Court should exercise its discretion under Federal Rule of Evidence 403 to exclude cumulative or duplicative witnesses and limit Plaintiff's expert witnesses to one physical injury expert and one mental health expert.

Defendant's counsel has conferred with Plaintiff's counsel, as required by Local Civil Rule 7(m), and Plaintiff's counsel opposes this motion.

**LEGAL STANDARD**

Federal Rule of Evidence 403 provides that evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confus[ion] of the issues, misleading the jury, undue delay, waste of time, or needless[] present[ation of] cumulative evidence." This Rule applies to both lay and expert testimony, but cumulative expert testimony is particularly dangerous because it may create the risk that a jury will resolve differences in expert opinion by "counting heads" instead of by giving fair consideration to the quality and

credibility of each expert's opinions. *Sunstar, Inc. v. Alberto–Culver Co.*, No. 01 C 0736, 01 C 5825, 2004 WL 1899927, at *25 (N.D. Ill. Aug. 23, 2004). Expert testimony may be excluded as needlessly cumulative where there is "substantial overlap" between the areas on which two experts will testify. *Price v. Fox Entm't Grp., Inc.*, 499 F. Supp. 2d 382, 390 (S.D.N.Y. 2007).

## ARGUMENT

### A. The Proposed Testimony Regarding Plaintiff's Alleged Physical Injuries Is Cumulative and Duplicative.

With regard to Plaintiff's alleged physical injuries, Plaintiff has designated two affirmative experts—Linda Ledray and Heather DeVore, M.D.—whose expected testimony is almost entirely cumulative and duplicative.[1] Ledray and DeVore have similar backgrounds: Ledray is a Sexual Assault Nurse Examiner ("SANE") and DeVore is the medical director of the D.C. SANE program (and in that capacity supervises the SANE nurse who examined Plaintiff). Both Ledray and DeVore have based their substantially similar expert opinions *solely* on a review of the SANE Report. The testimony of these experts substantially and needlessly overlaps.

Indeed, the proposed expert testimony of Ledray and DeVore is nearly identical. DeVore's proposed opinions are that: (1) the SANE's examination of Plaintiff was performed "in accordance with the policies, procedures, guidelines and training provided by [D.C. Forensic Nurse Examiners];" (2) the treatment rendered to Plaintiff was "medically necessary and . . . directly related to the April 28, 2013 sexual assault;" (3) the vaginal and anal injuries suffered by Plaintiff were "consistent with blunt force trauma, including penile [vaginal and] anal penetration;" and (4) Plaintiff "should not be considered a 'late reporter' because she reported

---

[1] Defendant has moved to exclude portions of each of these experts' testimony in separately filed motions. *See* Def.'s Mot. *in Limine* to Exclude Portions of the Proffered Test. of Pl.'s Expert Heather DeVore, M.D. & Def.'s Mot. *in Limine* to Exclude Portions of the Proffered Test. of Pl.'s Expert Linda Ledray.

well within the average time for a survivor of sexual assault." Ex. A, DeVore Expert Report 6, ¶¶ 1, 2, 4, 5.

Ledray's proposed expert opinions are that: (1) the SANE's examination of Plaintiff was performed "in accordance with the policies and procedures that govern such examinations;" (2) the genital injuries suffered by Plaintiff would be considered "consistent with forced penetration and inconsistent with consenting sexual contact;" and (3) Plaintiff's "report was not 'late' and that she reported to the police in a period that is well within the period in which most victims of sexual assault report." Ex. B, Ledray Expert Report 4-5.[2]

As is obvious, Ledray and DeVore's testimony is nearly indistinguishable. Their backgrounds and credentials are similar—Ledray is a SANE and DeVore administers a SANE program—and in rendering their opinions, each employed the same methodology of doing no more than reviewing the records created by the SANE nurse who examined Plaintiff. The Court should exclude this duplicative and cumulative expert testimony and preclude Plaintiff from having both experts testify at trial. *See Sunstar, Inc.*, 2004 WL 1899927, at *24-25 (noting the general prohibition on a party offering more than one expert "to express the same opinions on a subject"); *Geico Cas. Co. v. Beauford*, No. 8:05-cv-697-T-24EAJ, 2007 WL 2412974, at *4 (M.D. Fla. Aug. 21, 2007) (defendants precluded from presenting two insurance industry experts whose testimonies at trial would overlap and be duplicative); *Goldstein v. Centocor*, No. 05-21515 COV, 2007 WL 61913, at *2 (S.D. Fla. Jan. 5, 2007) (granting motion *in limine* to exclude second pulmonologist's testimony where credentials were virtually identical); *Lachute v. Oschsner Clinic Found.*, No. 11-2783, 2012 WL 5818149, at *1 (E.D. La. Nov. 15, 2012)

---

[2] Ledray withdrew her other opinions during her deposition. *See* Def.'s Mot. *in Limine* to Exclude Portions of the Proffered Test. of Pl.'s Expert Linda Ledray 1-2 & n.1.

(finding that the testimony of two experts with different specialties was cumulative on three out of four topics and defendant must choose between the experts to address those topics).

**B. The Proposed Testimony Regarding Plaintiff's Alleged Damages Is Cumulative and Duplicative.**

Plaintiff has also proposed that three mental health providers testify about her alleged mental health injuries after April 28, 2013—Maureen DeSantis, Elizabeth Hembree, and Annie Steinberg.[3] The testimony of these three mental health experts is cumulative and duplicative.

Ms. DeSantis is a trained psychotherapist and Dr. Hembree is a practicing clinical psychologist whom Plaintiff has designated as "hybrid fact/expert witnesses." Dr. Steinberg is a practicing psychiatrist and a retained expert in this case. All three are mental health professionals with specialties in trauma counseling. All three intend to offer the same testimony on substantially overlapping topics.

According to Plaintiff's expert disclosures, Ms. DeSantis will testify that: (1) "Plaintiff suffered severe emotional distress and other psychological injuries as a proximate result of the sexual assault committed against her by Defendant on April 28, 2013;" (2) the "future treatment Plaintiff will require to address the psychological injury proximately caused by Defendant, and as to the precise costs associated with the same;" and (3) "the treatment she provided to Plaintiff was medically necessary, that the treatment was a direct and proximate result of the assault committed by Defendant and that all charges associated with the same are fair and reasonable." Ex. C, Pl.'s Rule 26(a)(2) Disclosures 6, Apr. 15, 2015.

Plaintiff's expert disclosures state that Dr. Hembree will testify on the exact same topics, except that, unlike Ms. DeSantis, Dr. Hembree will also testify on her diagnoses of Plaintiff. Dr.

---

[3] Plaintiff also originally designated Jessica Senick and Jennifer Minnick-Brennan as hybrid fact/expert witnesses, but has represented to Defendant that she does not intend to call either individual.

4

Hembree's disclosed topics of testimony are: (1) "any diagnosis she has rendered to Plaintiff in connection with the assault and any treatment she has rendered to Plaintiff;" (2) "that Plaintiff suffered severe emotional distress and other psychological injuries as a proximate result of the sexual assault committed against her by Defendant on April 28, 2013;" (3) "future treatment Plaintiff will require to address the psychological injury proximately caused by Defendant, and as to the precise costs associated with the same;" and (4) "the treatment she provided to Plaintiff was medically necessary, that the treatment was a direct and proximate result of the assault committed by Defendant and that all charges associated with the same are fair and reasonable." *Id.* at 5.[4]

Plaintiff also proposes to offer expert testimony from Dr. Steinberg, a retained expert in this case, which will entirely overlap with Ms. DeSantis and Dr. Hembree's proposed testimony. Like Ms. DeSantis and Dr. Hembree, Dr. Steinberg's report diagnoses Plaintiff with mental health conditions; discloses testimony on Plaintiff's psychological injuries; opines that those injuries were caused by the alleged sexual assault; and discusses Plaintiff's need for future treatment. *See, e.g.*, Ex. D, Steinberg Expert Report 24-26.

In other words, Ms. DeSantis, Dr. Hembree and Dr. Steinberg will offer the *same opinions* on precisely the *same topics*. All three experts diagnosed Plaintiff with Post Traumatic Stress Disorder. Ex. E, DeSantis Dep. 137:20-22, Apr. 8, 2015; Ex. F, Hembree Dep. 154:9-10, July 13, 2015; Ex. D, Steinberg Expert Report 23.[5] Dr. Hembree and Dr. Steinberg also diagnosed Plaintiff with Major Depressive Disorder. Ex. F, Hembree Dep. 154:9-10; Ex. D,

---

[4] Defendant has moved to exclude portions of Ms. DeSantis and Dr. Hembree's proposed expert testimony in light of Plaintiff's designation of them as hybrid fact/expert witnesses and election not to submit a Fed. R. Civ. P. 26(a)(2)(B) report for them. *See* Def.'s Mot. *In Limine* to Exclude Portions of the Proffered Expert Testimony of Pl.'s Hybrid Witnesses Elizabeth Hembree & Maureen DeSantis.

[5] Although Ms. DeSantis diagnosed Plaintiff with PTSD, according to Plaintiff's expert disclosures, Ms. DeSantis will not testify on that topic.

Steinberg Expert Report 23. All three experts documented Plaintiff's self-reported mental health symptoms, such as anxiety, intrusive thoughts, recurrent memories, flashbacks, and diminished interest in activities. Ex. G, DeSantis Counseling Progress Notes, 180TLA-0022; Ex. F, Hembree Dep. 108:2-112:21; Ex. D, Steinberg Expert Report 11-12. All three experts have attributed those mental health symptoms to the alleged assault. Ex. E, DeSantis Dep. 111:15-19; Ex. F, Hembree Dep. 108:2-13, 251:2-9; Ex. D, Steinberg Expert Report at 24. And all three experts stated that Plaintiff was in need of additional therapy at the time at which each evaluated her. Ex. G, DeSantis Counseling Progress Notes, 180TLA-0031; Ex. F, Hembree Dep. 148:5-6; Ex. D, Steinberg Expert Report 26.

Such redundant and cumulative testimony is an effort by Plaintiff to sway the jury by inviting jurors to "count[] heads" rather than fairly evaluate the evidence. *Sunstar, Inc.*, 2004 WL 1899927, at *25; *see also Eagle Oil & Gas Co. v. Travelers Prop. Cas. Co. of Am.*, No. 7:12-cv-00133-O, 2014 WL 3744976, at *9 (N.D. Tex. July 30, 2014) (excluding testimony of hybrid expert as cumulative because it "largely duplicate[d]" the testimony of a retained expert). The needlessly cumulative and prejudicial nature of the proposed testimony by Dr. Hembree and Dr. Steinberg is particularly acute given that both evaluated Plaintiff in the same time period— Dr. Steinberg examined Plaintiff in July 2014, after being retained as an expert, and referred Plaintiff to Dr. Hembree, who evaluated Plaintiff between August and December 2014.

This Court should exercise its discretion to ensure that the jury is not subjected to duplicative and cumulative testimony about Plaintiff's alleged mental health injuries. Permitting the jury to hear multiple renditions of Plaintiff's alleged damages from three mental health experts with similar backgrounds and similar opinions will prejudice the jury without meaningfully assisting them in finding the relevant facts. Accordingly, Plaintiff should be

limited to a single mental health expert or, at the very least, the Court must ensure that the testimony does not overlap on topics like Plaintiff's alleged diagnoses, psychological injuries, the cause of those injuries, and/or future treatment required.

## **CONCLUSION**

For the foregoing reasons, Defendant requests that the Court preclude Plaintiff from offering duplicative and cumulative testimony. At the very least, Defendant requests that the Court require Plaintiff to limit her experts' testimony to ensure that no duplicative or cumulative testimony is presented the jury.

Dated: October 16, 2015

/s/ *Jon R. Fetterolf*
Jon R. Fetterolf (D.C. Bar No. 479225)
Rachel F. Cotton (D.C. Bar No. 997132)
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, DC 20036
Tel: (202) 778-1800
Fax: (202) 822-8106
Email: jfetterolf@zuckerman.com
Email: rcotton@zuckerman.com

*Attorneys for Defendant Alfredo Simon Cabrera*

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, and electronically served via the CM/ECF system on the following:

>Andrew G. Slutkin
>Steven J. Kelly
>Christopher Mincher
>SILVERMAN, THOMPSON, SLUTKIN & WHITE, LLC
>201 North Charles Street, 26th Floor
>Baltimore, MD 21201
>aslutkin@mdattorney.com
>skelly@mdattorney.com
>cmincher@mdattorney.com

>/s/ *Rachel F. Cotton*
>Rachel F. Cotton