**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | §  |
|---|---|
| Jane Doe, | § |
|         Plaintiff, | § |
| | § |
|         v. | §   Case No. 1:14-cv-01005 (RBW) |
| | § |
| Alfredo Simon Cabrera, | § |
| | § |
|         Defendant. | § |

**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE PORTIONS OF THE PROFFERED TESTIMONY OF PLAINTIFF'S EXPERT HEATHER DEVORE, M.D.**

Defendant Alfredo Simon Cabrera, through undersigned counsel, hereby moves *in limine* to exclude portions of the proffered testimony of Heather DeVore, M.D. Defendant's counsel has conferred with Plaintiff's counsel, as required by Local Civil Rule 7(m), and Plaintiff's counsel opposes the motion.

## INTRODUCTION

Plaintiff has retained Heather DeVore, M.D., ("DeVore"), the Executive Director of the District of Columbia Forensic Nurse Examiners ("DCFNE") and Medical Director of the D.C. Sexual Assault Nurse Examiner ("SANE") Program where Plaintiff was examined on April 28, 2013. Ex. A, DeVore Expert Report. DeVore has proffered expert testimony on a number of subjects, which should be excluded.

First, DeVore purports to opine on Plaintiff's alleged injuries and, *inter alia*, whether such injuries are consistent with blunt force trauma. DeVore's testimony about Plaintiff's alleged injuries is based entirely on the physical findings purportedly documented by the SANE who examined Plaintiff on April 28, 2013. But as set forth in a separate motion *in limine*, those findings are unreliable and, therefore, any testimony based on such findings is rendered unreliable.

5053376.3

...

Second, to the extent the Court allows DeVore to offer any testimony regarding Plaintiff's alleged injuries, her proposed testimony that the alleged rectal tissue protrusion described by the SANE as "tissue from rectum protruding through rectum"—of which there are no photographs—is consistent with anal penile penetration must be excluded because DeVore explicitly acknowledged that (a) she had never seen such tissue protrusion, and (b) she did not even know if it was possible for sexual activity to cause the described tissue protrusion.

Third, DeVore opines that the SANE examination of Plaintiff was performed "in accordance with the policies, procedures, guidelines and training provided by DCFNE." Despite Defendant's discovery requests for those "policies, procedures, guidelines and training," Plaintiff, DeVore, and the DCFNE have failed to provide to Defendant such written materials. As such, DeVore should not be permitted to opine on or base her opinion upon such policies, procedures, guidelines and training.

For the following reasons, this Court should exclude these three categories of testimony.

**ARGUMENT**

**A.   DeVore's Testimony Based on the SANE's Unreliable Findings Must Be Excluded.**

DeVore did not examine Plaintiff on April 28, 2013. And because Plaintiff declined photographs of her alleged injuries, DeVore cannot look at photographs of Plaintiff's alleged injuries on that date. As a result, DeVore has based her entire opinion regarding Plaintiff's alleged injuries on the purported findings in the Sexual Assault Medical Forensic Record filled out by the SANE who conducted Plaintiff's exam ("SANE Report"). As set forth in Defendant's Motion *in Limine* to Exclude Testimony Regarding the SANE's Physical Findings and the SANE Report as Unreliable, which is hereby incorporated by reference, the SANE's findings are entirely unreliable. To choose a couple examples, the SANE purports to document vaginal

2

5053376.3

"swelling," but never established a baseline for Plaintiff's normal vaginal appearance; the SANE inappropriately applied Toluidine Blue Dye to the inner aspects of the labia minora, which can result in false positive results for abrasions; and the SANE's anal findings are inconsistent with the Emergency Department physician's findings.

In her deposition, DeVore acknowledged that her opinion about Plaintiff's alleged injuries was based entirely on the findings in the SANE Report and that she had no independent way of verifying the accuracy or correctness of those findings because Plaintiff declined to have photographs taken of her alleged injuries.  Ex. B, DeVore Dep. 281:3-20, July 22, 2015.  In the absence of photographs, DeVore relied exclusively on the SANE's shading on a diagram of a genital area and limited written descriptions of the purported physical findings to form her opinions.  Given that the basis for DeVore's opinion (the SANE's findings) is inherently unreliable, as set forth in Defendant's Motion *in Limine* to Exclude Testimony Regarding the SANE's Physical Findings and the SANE Report as Unreliable, DeVore's testimony about Plaintiff's alleged injuries must also be excluded under Federal Rules of Evidence 403, 702 and 703.

> **B.     DeVore's Proffered Testimony that "Tissue Protruding from Rectum Through Rectum" Is Consistent with Penile Anal Penetration Must Be Excluded.**

To the extent the Court allows DeVore to testify at all regarding Plaintiff's alleged injuries, DeVore's testimony that Plaintiff "suffered anal injuries that are consistent with blunt force trauma, including penile anal penetration" must be excluded.  Ex. A, DeVore Expert Report 6, ¶ 4.  This opinion is based on the SANE's baffling description that she observed Plaintiff's "tissue from rectum protruding through rectum."  DeVore did not examine Plaintiff and, because Plaintiff declined photographs, DeVore has seen no photographs of what the SANE was attempting to describe.  Plaintiff's own experts have hypothesized that the SANE observed

hemorrhoids, *see* Ex. C, Ledray Dep. 239:7-10, July 10, 2015 ("were I to speculate, I might think that what she saw was a hemorrhoid"), or else her description was a "mistake," *see* Ex. D, Holbrook Expert Report 4, ¶ 23 ("'rectum protruding through rectum' is a clearly mistaken entry with redundant terminology."). The SANE, however, was adamant that her description was not a mistake, but an accurate report of what she observed.  Ex. E, Graebe Dep. 202:21-203:1-7. DeVore now proposes to opine that what the SANE described as "tissue from rectum protruding through rectum" is consistent with anal penile penetration—despite the fact that DeVore has <u>never</u> before seen sexual contact cause such a condition (if such a condition can even occur).

At her deposition, DeVore guessed that the SANE's description of "tissue from rectum protruding through rectum" was intended to describe rectal prolapse.  Ex. B, DeVore Dep. 286:12-287:7.  DeVore testified that rectal prolapse most commonly occurs in cases of constipation or where a physical disability like paralysis causes decreased rectal tone. *Id*. at 287:10-18.  She further testified that she had never seen sexual contact cause rectal prolapse and did not know if it could. *Id.* at 361:4-10 ("Q:  Does sexual activity of any sort in the anal region cause rectal prolapse?  A:  That I don't know.  Q:  You don't know as a doctor?  A:  I've never seen it.  Q:  You've never seen it?  A:  Yes.").  And yet despite having never seen sexual contact cause rectal prolapse and testifying that she did not know whether sexual activity could cause rectal prolapse, DeVore remarkably then stated that she intended to testify that "tissue from rectum protruding through rectum" is consistent with penile anal penetration. *Id*. at 364:16-365:7 ("Q:  Okay.  So I want to make sure.  You are planning to offer an opinion about rectum tissue protrusion that you can't see, and as far as I'm aware, and please correct me if I'm wrong, haven't identified in any other examination that you've conducted where there's been a report of penile anal penetration, is consistent with blunt force trauma including penile anal

4

penetration? . . . THE WITNESS: Correct. That can be—that can be a mechanism. Q: And when have you seen that before? A: I haven't.").

Federal Rule of Evidence 702 regulates the "subjects and theories about which an expert may testify." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). It permits testimony deriving from "scientific . . . knowledge." Fed. R. Evid. 702(a). "The adjective 'scientific' implies a grounding in the methods and procedures of science. Similarly, the word 'knowledge' connotes more than subjective belief or unsupported speculation." *Daubert*, 509 U.S. at 590. DeVore has proffered no basis other than speculation piled on top of more speculation to support her opinion that Plaintiff's purported protruding rectal tissue is consistent with penile anal penetration.[1] She has neither disclosed nor cited any medical literature which would support the notion that sexual contact could cause "tissue from rectum protruding through rectum." Nor has she explained how she comes to that opinion. And given her concession that she has never seen rectal tissue protrusion resulting from sexual contact and did not even know if it was possible for sexual contact to cause rectal tissue protrusion, she clearly lacks the expertise and experience to provide such an opinion. Accordingly, DeVore's opinion on this subject should be excluded under Federal Rules of Evidence 702 and 403.

C.   **Any Testimony Related to DCFNE's Policies and Procedures Must Be Excluded.**

DeVore's expert report includes her opinion that "the April 28, 2013 examination of [Plaintiff] was performed in accordance with the policies, procedures, guidelines and training provided by DCFNE." Ex. A, DeVore Expert Report 6, ¶ 1. But Plaintiff, DeVore, and the DCFNE have each refused to turn over to Defendant these "policies, procedures, guidelines and

---

[1] Notably, the burden is on the proponent of the expert to show by a preponderance of the evidence that the opinions they seek to present are reliable. *Young v. Burton*, 567 F. Supp. 2d 121, 128 (D.D.C. 2008).

5

training provided by DCFNE." In a request for the production of documents, Defendant requested those materials from DeVore and Plaintiff. Ex. F, Def.'s Req. for Prod. of Docs., Request No. 26, Apr. 29, 2015. Plaintiff and DeVore objected, suggesting that Defendant seek such documents from DCFNE. Ex. G, Pl.'s Objs. & Resps. to Def.'s Req. for Prod. of Docs. 13, June 12, 2015. As a result, Defendant requested those materials from DCFNE. Ex. H, Notice of Subpoena *Duces Tecum*, June 24, 2015. DCFNE similarly refused to produce such documents, producing to Defendant only a single-page organizational chart. Ex. I, Letter from Kimberly A. Ball to Jon R. Fetterolf, July 15, 2015. And DeVore testified at her deposition that she had "been instructed not to provide those documents . . . by the attorneys for—that are representing DCFNE." Ex. B, DeVore Dep. 152:7-153:15; *see also id.* at 334:13-22 (agreeing that her opinion relates to written policies which defense counsel does not have). In other words, Defendant has not been provided with the basis for DeVore's opinion.

Denied access to the materials on which DeVore bases her opinion, Defendant is unable to evaluate the veracity of DeVore's opinion, let alone subject her opinion to cross-examination. It would be patently unfair and violate the rules governing expert discovery to permit DeVore to testify at trial that the examination of Plaintiff was performed in accordance with certain "policies, procedures, guidelines and training" that were not provided to Defendant in discovery. Federal Rule of Civil Procedure 26(a)(2)(B)(ii) requires the disclosure of "the facts or data considered" by the expert in forming her opinions. The 2010 Committee Notes to that Rule explain that "facts or data" are intended to "be interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients."

The failure to comply with this Rule requires exclusion of testimony related to the information that was not disclosed. Fed. R. Civ. P. 37(c) ("If a party fails to provide information

. . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless."); *see also* LCvR 26.2(a) (same); *Minebea Co. v. Pabst*, 231 F.R.D. 3, 5-6 (D.D.C. 2005) ("The purpose of Rule 26(a)(2) is to prevent unfair surprise at trial and to permit the opposing party to prepare rebuttal reports, to depose the expert in advance of trial, and to prepare for depositions and cross-examination at trial. . . . In light of the purposes of Rule 26(a), Rule 37(c)(1) provides for the exclusion at trial of any information not disclosed pursuant to Rule 26(a), unless the failure to disclose is harmless, or if there was substantial justification for such failure.") (citation omitted). Rule 37(c)(1) is a "self-executing sanction," such that "the motive or reason for the failure to disclose is irrelevant," and the "overwhelming weight of authority is that preclusion is *required and mandatory* absent some unusual or extenuating circumstances—that is, a 'substantial justification.'" *Elion v. Jackson*, No. 05-0992 (PLF), 2006 WL 2583694, at *1 (D.D.C. Sept. 8, 2006) (citation omitted).

Here, DeVore makes clear that she considered DCFNE's "policies, procedures, guidelines and training" when she opined that the SANE complied with them, yet DeVore failed to disclose such materials to Defendant. As such, DeVore's testimony about those materials must be excluded from trial. Even DeVore acknowledged that without the written protocols, Defendant was unable to evaluate her expert opinion and stated her view that "there needs to be further discussion with the attorneys." Ex. B, DeVore Dep. 153:9-15. Accordingly, as a matter of basic fairness and pursuant to Federal Rules of Civil Procedure 26(a)(2) and 37(c), this Court should not permit DeVore to testify about DCFNE's "policies, procedures, guidelines and training."

5053376.3

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court exclude the following categories of DeVore's testimony: (1) any testimony about Plaintiff's alleged injuries as documented in the unreliable SANE report; (2) any testimony that Plaintiff's alleged rectal tissue protrusion is consistent with penile anal penetration; and (3) any testimony relating to DCFNE's "policies, procedures, guidelines and training," which have been withheld from Defendant.

Dated: October 16, 2015

Respectfully submitted,

/s/ *Jon R. Fetterolf*
Jon R. Fetterolf (D.C. Bar No. 479225)
Rachel F. Cotton (D.C. Bar No. 997132)
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, DC 20036
Tel:  (202) 778-1800
Fax:  (202) 822-8106
jfetterolf@zuckerman.com
rcotton@zuckerman.com
*Attorneys for Defendant Alfredo Simon Cabrera*

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing to be electronically served using the CM/ECF system and e-mail on this 16th day of October 2015, on the following:

> Andrew G. Slutkin
> Christopher Mincher
> Steven J. Kelly
> SILVERMAN, THOMPSON, SLUTKIN & WHITE, LLC
> 201 North Charles Street, 26th Floor
> Baltimore, Maryland 21201
> aslutkin@mdattorney.com
> cmincher@mdattorney.com
> skelly@mdattorney.com

                                                              /s/ *Rachel F. Cotton*
                                                              Rachel F. Cotton

5053376.3