**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---------------------------------------------------------------

Jane Doe,                                          §
                                                   §
                    Plaintiff,                     §
                                                   §
                                                   §   Case No. 1:14-cv-01005 (RBW)
                    v.                             §
                                                   §
Alfredo Simon Cabrera,                             §
                                                   §
                    Defendant.                     §
                                                   §

---------------------------------------------------------------

**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE PORTIONS OF THE**
**PROFFERED EXPERT TESTIMONY OF PLAINTIFF'S**
**HYBRID WITNESSES ELIZABETH HEMBREE AND MAUREEN DESANTIS**

Defendant Alfredo Simon Cabrera, through undersigned counsel, hereby moves *in limine*

to exclude portions of the expert testimony of Elizabeth Hembree, Ph.D, and Maureen DeSantis,

M.S.W., proffered by Plaintiff.  Defendant's counsel has conferred with Plaintiff's counsel, as

required by Local Civil Rule 7(m), and Plaintiff's counsel opposes the motion.

**INTRODUCTION**

Dr. Hembree is a clinical psychologist who treated Plaintiff for approximately four

months during the pendency of this lawsuit, after being referred by one of Plaintiff's retained

experts.  Ms. DeSantis is a counselor who provided psychotherapy to Plaintiff after she was

allegedly assaulted by Defendant but before this lawsuit was filed.  Plaintiff has designated Dr.

Hembree and Ms. DeSantis as "hybrid fact/expert witnesses," and on that basis, pursuant to Fed.

R. Civ. P. 26(a)(2)(C), declined to submit for either of them an expert report, which is required

for witnesses "retained or specially employed to provide expert testimony in the case."  Fed. R.

Civ. P. 26(a)(2)(B).  Based on Plaintiff's designation of Dr. Hembree and Ms. DeSantis as hybrid

fact/expert witnesses, the Court should preclude them from testifying as to any opinions that are

outside the scope of their treatment of Plaintiff, or that are unreliable, including, but not limited

to, their proposed testimony (1) that Plaintiff suffered psychological injuries and required treatment as a proximate result of having been sexually assaulted by Defendant on April 28, 2013, and (2) regarding the nature and costs of Plaintiff's future treatment.[1]

## RELEVANT BACKGROUND

Dr. Hembree first met Plaintiff on or about August 1, 2014, more than three months after the filing of this lawsuit. Ex. A, Hembree Dep. 40:12-16, July 13, 2015. Annie Steinberg, a psychiatrist retained by Plaintiff to offer expert testimony regarding the effects of the alleged assault on Plaintiff, referred Plaintiff to Dr. Hembree. *Id.* at 42:3-12. Dr. Hembree conducted an initial evaluation followed by nine therapy sessions with Plaintiff, the last on December 13, 2014. *Id.* at 20:3-6, 45:4-8. Ms. DeSantis provided Plaintiff with therapy between June 7, 2013, and January 13, 2014. Ex. B, DeSantis Dep., 39:16-40:21,115:22-116:2, Apr. 8, 2015.

Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosures designated Dr. Hembree and Ms. DeSantis as "hybrid fact/expert witnesses."[2] The Hembree disclosure provided:

> **Elizabeth A. Hembree, Ph.D.** is a practicing clinical psychologist and a professor of clinical psychology at the University of Pennsylvania School of Medicine. Dr. Hembree is being designated as a hybrid fact/expert witness to testify about treatment she has provided to Plaintiff and the treatment plan she has developed for Plaintiff. Dr. Hembree is likely to testify based upon her knowledge, training and expertise and any records concerning any diagnosis she has rendered to Plaintiff in connection with the assault and any treatment she has rendered to Plaintiff. Dr. Hembree is expected to testify, to a reasonable degree of professional certainty, that Plaintiff suffered severe emotional distress and other psychological injuries as a proximate result of the sexual assault committed against her by Defendant on April 28, 2013. Dr. Hembree is also expected to offer testimony concerning future treatment Plaintiff will require to address the

---

[1] Defendant is also filing, concurrently with this motion, a motion *in limine* to exclude cumulative and duplicative testimony by certain of Plaintiff's witnesses, including Dr. Hembree and Ms. DeSantis.

[2] Plaintiff designated four other hybrid fact/expert witnesses. Plaintiff's counsel has represented that two of those four witnesses—Jessica Senick, M.S.W., and Jennifer Minnick-Brennan, APRN, BC, LLC—will not testify at trial, and that the other two—Joele C. Borhart, M.D., and Jennifer Graebe, R.N.—will not provide any expert testimony.

psychological injury proximately caused by Defendant, and as to the precise costs associated with the same.  Dr. Hembree is also likely to testify that the treatment was a direct and proximate result of the assault committed by Defendant and that all charges associated with the same are fair and reasonable.  Dr. Hembree has not been retained or specially employed to render expert testimony in this case and therefore will not be producing a report.

Ex. C, Pl. Expert Discls. 5.[3]   The DeSantis disclosure provided:

> **Maureen Desantis, M.S.W.** is a trained counselor who provided psychotherapy to Plaintiff for emotional distress relating to the incident giving rise to this lawsuit.  Ms. DeSantis is being designated as a hybrid fact/expert witness to testify concerning treatment she has provided to Plaintiff.  Ms. DeSantis is expected to testify, to a reasonable degree of professional certainty, that Plaintiff suffered severe emotional distress and other psychological injuries as a proximate result of the sexual assault committed against her by Defendant on April 28, 2013.  Ms. DeSantis is also expected to offer testimony concerning future treatment Plaintiff will require to address the psychological injury proximately caused by Defendant, and as to the precise costs associated with the same.  Ms. DeSantis is likely to testify that the treatment she provided to Plaintiff was medically necessary, that the treatment was a direct and proximate result of the assault committed by Defendant and that all charges associated with the same are fair and reasonable.  Ms. DeSantis has not been retained or specially employed to render expert testimony in this case and therefore will not be producing a report.

*Id.* at 6.

## APPLICABLE LAW

Parties must provide written reports for any expert witnesses "retained or specially employed to provide expert testimony in the case."  Fed. R. Civ. P. 26(a)(2)(B).[4]   For expert

---

[3] Dr. Hembree did not see the initial disclosure describing her proposed testimony until Defendant's counsel showed it to her during her deposition, which was taken on July 13, 2015.  Ex. A, Hembree Dep. at 250:12-18.  Because Defendant's counsel deposed Ms. DeSantis prior to the date of the disclosure, Defendant does not know if Ms. DeSantis reviewed that disclosure.

[4] The written report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case. Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi).

witnesses not subject to the report requirement (*i.e.*, those not retained or specially employed to provide expert testimony), often described as "hybrid witnesses," parties must disclose only the subject matter on which the witness is expected to present expert testimony and a summary of the facts and opinions to which the witness is expected to testify.  Fed. R. Civ. P. 26(a)(2)(C).

Whether a treatment provider can provide expert testimony without a written report "depends on the topics and scope of his testimony."  *Bynum v. MVM, Inc.*, 241 F.R.D. 52, 54 (D.D.C. 2007).  A treatment provider may merit designation as a hybrid expert as to certain subjects, because, "like a fact witness," a treatment provider "will . . . have personal knowledge based on his care and treatment, and to the extent fact testimony is being provided, it should not be subject to the requirement of a written report."  *Kirkham v. Societe Air France*, 236 F.R.D. 9, 11 (D.D.C. 2006); *Bynum*, 241 F.R.D. at 54 (treatment provider does not trigger written report requirement if she "describe[s] what she has seen" or "describe[s] and explain[s] her diagnosis and the treatment she prescribed" (citation omitted)).

Courts have recognized, however, "the unfairness of permitting a party to employ a physician who treated an injured party to provide testimony extending beyond simply the care of the plaintiff to classic expert opinion regarding causation and prognosis."  *Thomas v. Consol. Rail Corp.*, 169 F.R.D. 1, 2 (D. Mass. 1996); *see also Kirkham*, 236 F.R.D. at 11 ("[T]he testimony of treating physicians often departs from its traditional scope—the physician's personal observations, diagnosis, and treatment of a plaintiff—and addresses causation and predictions about the permanency of a plaintiff's injuries, matters that cross over into classic expert testimony.").  Thus, when a treatment provider intends to offer opinions not formed as part of treatment or not based on information learned directly from the patient during treatment, a written report is necessary.  *See Am. Prop. Constr. Co. v. Sprenger Lang Found.*, 274 F.R.D. 1, 5

(D.D.C. 2011) (conditioning determination that expert witnesses were not required to submit expert reports on the "representation that [the witnesses] testimony will be limited to the information they obtained, and the opinions they formed, while performing the tasks they were hired to do in their capacity as contractors").

Moreover, many courts that have considered this issue have also held that opinions regarding causation, permanency, and prognosis—whether or not they are formed during treatment—cannot be rendered without a written report.  *See, e.g.*, *Bynum*, 241 F.R.D. at 54 (explaining that, "[w]ithout an expert report, a treating physician may not testify as to issues of causation, foreseeability, prognosis, and permanency," and excluding a treating physician's proposed testimony "about plaintiff's current condition, prognosis, causation or permanency, and any other such forward-looking speculation, or other conclusion reached with the benefit of hindsight and after the underlying events that gave rise to this lawsuit"); *Thomas*, 169 F.R.D. at 2 (requiring written report where treating physicians would be offering their testimony, at least in part, "not merely based on observations made during the course of treatment, but on professional expertise going beyond treatment *per se*," including in the form of "opinion testimony . . . regarding causation and prognosis").[5]

Other factors may also be relevant to whether a written report is required in a particular instance, including whether the treatment provider is being compensated for their time spent preparing for and giving expert testimony, and whether the treatment provider developed her relationship with the plaintiff and her expert opinions close in time to the litigation or at the

---

[5] *See also Kirkham*, 236 F.R.D. at 12 (explaining that "a treating physician who testifies solely as to information learned from his actual treatment of a patient is not subject to the expert report requirement—the written report requirement would apply, if at all, only to causation, prognosis, and permanency"); *but see Riddick v. Wash. Hosp. Ctr.*, 183 F.R.D. 327, 330-31 (D.D.C. 1998) ("The issue thus comes down to whether Dr. Mines reached her opinions about causation and injury directly through her treatment of Mr. Riddick or whether she developed those opinions close in time to the ligation of this matter and in connection therewith or at the request of counsel.").

request of counsel.  *Kirkham*, 236 F.R.D. at 12.  If a written report is required but none was

provided, Fed. R. Civ. P. 37(c)(1) mandates exclusion of the relevant expert testimony unless the

party seeking to introduce the testimony can establish that its failure to provide a written report

was "substantially justified" or "harmless."[6]

## ARGUMENT

Plaintiff never submitted a Fed. R. Civ. P. 26(a)(2)(B) written report for either Dr.

Hembree or Ms. DeSantis.  Consequently, though it may be appropriate for these witnesses to

testify regarding their treatment of Plaintiff, the Court should not permit them to testify regarding

any expert opinions that fall outside the scope of treatment or that concern causation, prognosis,

or permanency, including their proposed testimony (1) that Plaintiff suffered psychological

injuries and required treatment as a proximate result of having been sexually assaulted by

Defendant on April, 28, 2013, and (2) regarding the nature and costs of Plaintiff's future

treatment.  Moreover, even without having been exposed to the additional adversarial scrutiny

facilitated by an expert report, these opinions are plainly unreliable, and therefore inadmissible

under Fed. R. Evid. 702.

### A.      The Opinions Relating to Causation

Plaintiff's expert disclosures indicate that Dr. Hembree and Ms. DeSantis will testify that

Plaintiff suffered psychological harm as a proximate result of being sexually assaulted by

---

[6] Under Fed. R. Civ. P. 37(c)(1), a party's failure to comply with Fed. R. Civ. P. 26(a)(2), including the written report requirement, necessitates exclusion of the expert's testimony unless the failure to comply was "substantially justified or harmless."  *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 641 (7th Cir. 2008); *see Wannall v. Honeywell, Inc.*, 775 F.3d 425, 429 (D.C. Cir. 2014).  Rule 37(c)(1) is a "self-executing sanction," such that the motive or reason for the failure to disclose is irrelevant, and the "overwhelming weight of authority is that preclusion is *required* and *mandatory* absent some unusual or extenuating circumstances—that is, a 'substantial justification.'" *Elion v. Jackson*, Civ. A. No. 05-0992 (PLF), 2006 WL 2583694, at *1 (D.D.C. Sept. 8, 2006) (emphasis in original) (citing *Klonoski v. Mahlab*, 156 F.3d 255, 269, 271 (1st Cir. 1998)); *see Wannall*, 775 F.3d at 430 (a finding of bad faith or extreme misconduct is not required under Rule 37(c)).  The burden is on the party facing sanctions to prove its violation was either "substantially justified or harmless."  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2001).

Defendant on April 28, 2013.[7]   However, because the hybrid experts' deposition testimony makes clear that it was not part of their treatment to form an opinion as to whether Plaintiff had been sexually assaulted by Defendant or to evaluate whether other traumatic events or experiences may have caused Plaintiff's symptoms, such opinions must be excluded under Federal Rule of Civil Procedure 37(c) given these witnesses' failure to submit an expert report. The hybrid experts' deposition testimony further reveals that their causation opinions are unreliable and, therefore, inadmissible under Federal Rule of Evidence 702.

Dr. Hembree testified that she did not, as part of her treatment, independently evaluate whether Defendant sexually assaulted Plaintiff on April 28, 2013, but rather assumed that Plaintiff's account of that night was accurate.  Dr. Hembree explained that she was "not doing a forensic evaluation," but instead, "just really supporting [Plaintiff's] narration of the events." Ex. A, Hembree Dep. 73:15-17.  Plaintiff, not Dr. Hembree, identified the alleged assault as the so-called "index trauma," which formed the basis of Dr. Hembree's psychological treatment, and denied any other traumatic experiences in childhood or adulthood.   *Id.* at 83:15-21.   Dr. Hembree's focus was then to "try[] to understand the context sort of in which the trauma occurred, the things that are important in it, and to try to help [Plaintiff] emotionally process it and create kind of a reasonable perspective on it."  *Id.* at 93:12-16.  Dr. Hembree was not concerned with exploring whether or not Plaintiff's description of the night of the alleged assault was truthful, or whether Plaintiff's memory of that night was reliable.  *Id.* at 95:16-21, 100:17-101:11.  And Dr. Hembree made no effort to ascertain whether Plaintiff's sexual encounter with

---

[7] During their depositions, Ms. DeSantis testified that it was her professional opinion that certain symptoms Plaintiff complained of had resulted entirely from the sexual assault about which Plaintiff had told her, Ex. B, DeSantis Dep. 111:9-20, and Dr. Hembree testified that she believes she would be able to testify to a reasonable degree of professional certainty that Plaintiff suffered severe emotional distress and other psychological injuries as a proximate result of being sexually assaulted by Defendant on April 28, 2013, Ex. A, Hembree Dep., 251:2-9.

Defendant was consensual, and she was not even sure if knowing this information would be necessary for her to treat Plaintiff effectively. *Id.* at 218:18-219:5.

Similarly, Ms. DeSantis's information about the alleged assault came only from Plaintiff (and from news articles she found on the internet). Ex. B, DeSantis Dep. 33:19-36:20. She testified that she does not take any steps to verify a client's report of sexual or domestic violence, and instead relies on what the client reports to her. *Id.* at 39:10-15. Ms. DeSantis also testified that she did not obtain much information from Plaintiff regarding experiences and symptoms that pre-dated the alleged assault. *See, e.g., id.* at 101:19-103:5. Instead, Ms. DeSantis's focus with Plaintiff, like with any client, was on developing "coping skills" to help "process trauma" and to "deal with intrusive thoughts." *Id.* at 83:8-13.

It is clear from their testimony that it was not part of either Dr. Hembree's or Ms. DeSantis's treatment to form an independent opinion as to whether Defendant sexually assaulted Plaintiff or as to whether Plaintiff's symptoms were caused by the alleged assault or something else. Because a hybrid expert witness may not testify as to issues of causation or as to opinions that were arrived at outside the scope of treatment, Dr. Hembree's and Ms. DeSantis's causation opinions must be excluded given the failure to submit an expert report. *See Bynum*, 241 F.R.D. at 54 ("without an expert report, a treating physician may not testify as to issues of causation, foreseeability, prognosis, and permanency" (citation omitted)); *Sowell v. Burlington N. & Santa Fe Ry. Co.*, No. 03 C 3923, 2004 WL 2812090, at *4 (N.D. Ill. Dec. 7, 2004) (concluding that reports are required for any treating physician testifying regarding causation because of the "difference between an entry on a medical record as to the reported cause of an injury (often based on the plaintiff's self-reporting) and testimony about causation for the purpose of allocating legal liability for an injury"). In other words, the causation opinions Plaintiff is

seeking to introduce through these witnesses should have been thoroughly described and explained, but were not, in written reports containing information required under Fed. R. Civ. P. 26(a)(2)(B), and exclusion of the opinions is therefore necessary under Fed. R. Civ. P. 37(c)(1).[8]

In addition, the deposition testimony summarized *supra* also confirms that neither witness's causation opinion is the product of specialized knowledge, sufficient facts or data, or the reliable application of reliable principles and methods to the facts of the case, which is the basis for expert opinions under Fed. R. Evid. 702.   Each witness has confirmed that they accepted and did not independently verify Plaintiff's account of the alleged incident, and neither witness independently evaluated whether Plaintiff's symptoms might have been caused by something other than the alleged assault.   Permitting Dr. Hembree or Ms. DeSantis to testify that Defendant sexually assaulted Plaintiff and caused her psychological injuries would invade the jury's exclusive province to decide Plaintiff's credibility.   *United States v. Whitted*, 11 F.3d 782, 785-86 (8th Cir. 1993) (admission of doctor's diagnosis that alleged victim had been sexually abused constituted plain and prejudicial error, given that the diagnosis appeared to be based on the doctor believing the victim's statements regarding the alleged abuse).   Instead, both sets of proposed testimony would serve to "pass judgment on [Plaintiff's] truthfulness in the guise of a medical opinion."   *Id.* at 786.   While it might be permissible for these witnesses to testify as fact witnesses, neither witness should be allowed to repackage Plaintiff's factual narrative under the

---

[8] Even courts concluding that causation opinions formed during treatment do not necessarily trigger the written report requirement have acknowledged the importance of considering other surrounding circumstances, such as when the treatment relationship began, when the opinions were formed, and whether the treatment provider is being compensated in connection with the litigation.   *See Kirkham*, 236 F.R.D. at 12.   Here, Dr. Hembree did not meet Plaintiff until several months after this lawsuit was filed based on a referral from one of Plaintiff's retained expert witnesses.   Dr. Hembree was aware of the pending lawsuit seeking monetary damages as early as her very first meeting with Plaintiff, if not sooner.   Ex. A, Hembree Dep. 40:22-41:4.   And Dr. Hembree's understanding of Plaintiff's past psychological and medical history is based not only on what she learned from Plaintiff, but "also on the referral of her to me from Dr. Annie Steinberg."   *Id.* at 41:21-42:4.   By the time Dr. Hembree was brought in, both of her sources of information—Plaintiff and Dr. Steinberg—were keenly aware of the key factual and legal issues in this case.   Moreover, Plaintiff's counsel indicated to Defendant's counsel that he intended to pay Dr. Hembree for her time spent being deposed by Defendant's counsel.

guise of expert testimony. *See Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 424 (5th Cir. 1987) (medical opinion based solely on patient's oral history was nothing more than patient's testimony "dressed up and sanctified as the opinion of an expert").

### B.      The Opinions Relating to Future Treatment

Plaintiff's expert disclosures also indicate that Dr. Hembree and Ms. DeSantis will testify about the nature and costs of Plaintiff's future treatment, but these opinions must also be excluded.  There is nothing in the record to suggest that either witness formed an opinion as to Plaintiff's future treatment needs as part of their treatment of Plaintiff.  When asked about her ability to testify to Plaintiff's future treatment needs and costs, Dr. Hembree testified that she would need to do a new evaluation, having not assessed Plaintiff in seven months.  Ex. A, Hembree Dep. 251:10-252:9.  This admission conclusively establishes that Dr. Hembree's opinions regarding Plaintiff's future treatment needs and costs were not formed as part of her treatment of Plaintiff, but rather for purposes of testifying in this case, based on information provided outside the scope of that treatment.  It has been even longer since Ms. DeSantis treated Plaintiff.  Accordingly, Plaintiff's failure to file a written expert report for these witnesses mandates that they be precluded from testifying at trial regarding Plaintiff's future treatment under Federal Rule of Civil Procedure 37(c).

### <u>CONCLUSION</u>

For the foregoing reasons, Defendant respectfully asks the Court to enter an order precluding Dr. Hembree and Ms. DeSantis from testifying regarding any expert opinions they formed outside the scope of their treatment of Plaintiff, including their opinions (1) that Plaintiff suffered psychological injuries and required treatment as a proximate result of having been sexually assaulted by Defendant on April, 28, 2013, and (2) regarding the nature and costs of Plaintiff's future treatment.

Dated:  October 16, 2015                    Respectfully submitted,


                                            /s/ *Jon R. Fetterolf*_____
                                            Jon R. Fetterolf (D.C. Bar No. 479225)
                                            Rachel F. Cotton (D.C. Bar No. 997132)
                                            ZUCKERMAN SPAEDER LLP
                                            1800 M Street, N.W., Suite 1000
                                            Washington, DC 20036
                                            Tel:  (202) 778-1800
                                            Fax:  (202) 822-8106
                                            jfetterolf@zuckerman.com
                                            rcotton@zuckerman.com

                                            *Attorneys for Defendant Alfredo Simon
                                            Cabrera*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused the foregoing **DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE PORTIONS OF THE PROFFERED TESTIMONY OF ELIZABETH HEMBREE AND MAUREEN DESANTIS** to be electronically filed with the Clerk of the Court by using the CM/ECF system on this 16th day of October, 2015, and electronically served via the CM/ECF system on the following:

> Andrew G. Slutkin
> Steven J. Kelly
> Christopher Mincher
> SILVERMAN, THOMPSON, SLUTKIN & WHITE, LLC
> 201 North Charles Street, 26th Floor
> Baltimore, MD 21201
> aslutkin@mdattorney.com
> skelly@mdattorney.com
> cmincher@mdattorney.com

> /s/ *Rachel Cotton*
> Rachel F. Cotton