# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jane Doe, | § |
| Plaintiff, | § |
| | § |
| v. | § Case No. 1:14-cv-01005 (RBW) |
| | § |
| Alfredo Simon Cabrera, | § |
| | § |
| Defendant. | § |

## DEFENDANT'S MOTION FOR AN ADVERSE INFERENCE INSTRUCTION DUE TO PLAINTIFF'S SPOLIATION OF EVIDENCE

Defendant Alfredo Simon Cabrera, through undersigned counsel, hereby moves for an adverse inference instruction as a sanction for Plaintiff and her counsel's grossly negligent failure to preserve relevant text messages.  Defendant's counsel has conferred with Plaintiff's counsel, as required by Local Civil Rule 7(m), and Plaintiff's counsel opposes the motion.

## INTRODUCTION

In her complaint, Plaintiff alleges that she was sexually assaulted by Defendant in his hotel room during the early morning hours of April 28, 2013.  The central factual issue for the jury to decide at trial is whether this sexual encounter was consensual.  Accordingly, any communications Plaintiff may have had with third parties, including her friends, immediately after the incident are relevant and probative to the central issue in this case.

Minutes after the encounter, and on her way out of the hotel, Plaintiff sent text messages to three friends.  Despite Defendant's timely discovery request seeking all text messages sent or received by Plaintiff during a twelve-day period starting the afternoon before the alleged assault, Defendant still has not received one of the three text messages, sent by Plaintiff to a Metropolitan Police Department ("MPD") officer with whom she had an intimate relationship. A recent imaging of Plaintiff's phone, which only was made at Defendant's counsel's request

after discovery revealed that not only had Plaintiff deleted the message, along with other relevant messages that Defendant has obtained from other sources, but Plaintiff and her counsel for *two years* had failed to take basic measures to preserve information stored on the phone.   The relevance and potential significance to the claims and defenses in this case of a text message (and perhaps others that Defendant is not aware of because they were also deleted by Plaintiff) sent to an intimate friend within minutes after Plaintiff's encounter with Defendant are clear, and the gross negligence of Plaintiff and her counsel in failing to preserve her text messages warrants an instruction permitting the jury to infer that this lost message, had it been produced, would have been unfavorable to Plaintiff's case.

<u>**RELEVANT FACTS**</u>

Plaintiff alleges that she was sexually assaulted by Defendant during the early morning hours of April 28, 2013.   Plaintiff admits that she began considering a civil lawsuit against Defendant on or about May 16, 2013, when she learned that the United States Attorney's Office had declined to prosecute Defendant.   Ex. A, Pl. Dep. 358:13-359:19, July 9, 2015.   On June 4, 2013, Plaintiff met for the first time with her current counsel.   *Id.* at 360:22-363:2.   Plaintiff filed her complaint on April 24, 2014.

In February 2015, Plaintiff responded to an interrogatory asking her to identify all persons with whom she communicated on April 27, 2013 and April 28, 2013, in relevant part, as follows:  "Following the assault, Plaintiff attempted to send text messages to ***two*** friends, who did not respond."   Ex. B, Pl.'s Objs. & Resps. to Def.'s First Req. for Interrogs., Resp. to Interrog. No. 6, at 10, Feb. 13, 2015 (emphasis added).   However, Plaintiff's response to Defendant's document requests, which included a request seeking "[a]ll text messages . . . [Plaintiff] sent or received at any time between 12 p.m. on April 27, 2013 until 11:59 p.m. on May 9, 2013," *see* Ex. C, Def.'s First Req. for the Prod. of Docs. to Pl., Req. No. 10, at 6, Dec.

19, 2014, included only **_one_** message sent by Plaintiff immediately after the alleged assault, to her roommate Natalia Silva, with whom Plaintiff had went out with earlier in the evening, produced in the form of a screenshot taken from Plaintiff's phone.

During her deposition, Plaintiff clarified that she, in fact, sent text messages to **_three_** people in the immediate aftermath of the alleged assault, on her way out of the hotel.  In addition to the message to Ms. Silva, Plaintiff sent messages to a former co-worker and to an MPD officer with whom she had an intimate relationship.  Ex. A, Pl. Dep. 40:1-44:20, 270:10-14, 272:21-274:1.  Plaintiff recalled simply asking the co-worker, "Are you awake?"  *Id.* at 273:4-7. Plaintiff does not know what she wrote to the police officer.  *Id.* at 274:3-5.

Plaintiff testified that she does not recall whether she saved her messages to the former co-worker and the police officer, or whether she showed them to police investigators, and while she does not "specifically remember deleting them," she acknowledged that she no longer has the messages.  *Id.* at 381:7-382:10.  Plaintiff also confirmed that she did not give her phone to her counsel for imaging or preservation when she first met with them in June, 2013.  *Id.* at 383:5-14.  When Defendant's counsel attempted to gather more information regarding the measures that Plaintiff or anyone else took to preserve her electronic communications after she retained counsel, her counsel objected and instructed her not to answer regarding document preservation efforts postdating her retention of his firm.  *Id.* at 383:18-385:10.  Despite extensive correspondence between the parties regarding these issues, Plaintiff's counsel has not indicated what initial steps were taken to preserve relevant electronic information.

Beginning in late April, 2015, two months before Plaintiff's deposition, Defendant's counsel repeatedly raised concerns that Plaintiff apparently had failed to collect and produce all text messages responsive to Defendant's document requests.  *See* Ex. D, Letter from Rachel

Cotton to Steven Kelly, May 8, 2015; Ex. E; Letter from Jon Fetterolf to Steven Kelly, July 6, 2015.  These concerns had two primary bases:  (1) Plaintiff's own document production did not contain one or more text messages that Plaintiff, in her interrogatory responses (and later in her deposition), indicated she had sent immediately after the alleged incident, and (2) third-party witness Gina Bulett, Plaintiff's roommate at the time of the alleged incident, had produced, in response to a subpoena, a number of text messages between herself and Plaintiff (including messages postdating Plaintiff's retention of counsel), that Plaintiff had not produced, despite their clear relevance and responsiveness to Defendant's document requests.[1]  Plaintiff's counsel indicated, however, that according to Plaintiff, she had not deleted any text messages from April 27, 2013 or April 28, 2013.  *See* Ex. D, Letter from Rachel Cotton to Steven Kelly, May 8, 2015.  Defendant's counsel also expressed concern that it appeared that Plaintiff, herself, was being permitted to search for data and determine responsiveness, and suggested that a better practice might be to employ a third-party vendor.  Ex. F, E-mail from Rachel Cotton to Steven Kelly, June 3, 2015.

On September 4, 2015, Plaintiff's counsel wrote to Defendant's counsel and advised that Plaintiff's phone had finally been "forensically imaged" and that "additional text messages were found."  Ex. G, Letter from Steven Kelly to Jon Fetterolf, Sept. 4, 2015.  Attached to the letter was a log of "(1) all non-privileged text messages on April 27-28, 2013; and (2) all non-

---

[1] For example, Ms. Bulett produced, but Plaintiff deleted, a string of text messages sent by Plaintiff to Ms. Bulett on the day Plaintiff first met with her counsel to discuss filing this suit.  *See*  Ex. H, Bulett Text Messages, at GB00018 ("6/4/2013 18:26 [Plaintiff]:  'He took the case.' . . . .  At 18:29 [Plaintiff]:  'Said he's confident in it.'").  Those messages were plainly responsive to a document request seeking "[a]ll documents concerning communications that you . . . had with . . . Gina Bulett . . . concerning the Complaint or the Allegations."  *See supra* Ex. C, Req. No. 8, at 6.  Nearly a year later, on April 29, 2014, shortly after the complaint was filed, Plaintiff sent messages to Ms. Bulett, which Ms. Bulett produced, but Plaintiff deleted, referencing Defendant and the case.  *See* Ex. H, Bulett Text Messages, at GB00028 ("4/29/2014 8:26 [Plaintiff]:  'And the rapist is starting in the games.' . . .  At 8:27 [Plaintiff]:  'He is the starting pitcher right now and I won't [sic] People to boycott.' . . . .  At 8:27 [Ms. Bulett]:  'Ok but he hasn't reached out to u.'  At 8:28 [Plaintiff]:  'Hell no.'").  Those messages were plainly responsive to a document request seeking "[a]ll documents concerning Mr. Simon."  *See supra* Ex. C, Req. No. 4, at 5.

privilege[d] text messages that relate to this case created from the date of the assault to May 24, 2014—one month after the filing of the lawsuit." *Id.* at 1-2.  Attached as Exhibit I is a log of the text messages Plaintiff's counsel provided on September 4, 2015, reorganized chronologically by Defendant's counsel.  Significantly, the April 28, 2013, text messages that Plaintiff sent to her former co-worker and to her friend at the MPD immediately following the alleged assault were not included in the log.  The log also does not include numerous responsive communications between Plaintiff and Gina Bulett that were sent after Plaintiff retained counsel.  *See supra* n.1.

Since the imaging of her phone, Plaintiff has obtained and provided Defendant with a screenshot of the text message she sent to her former co-worker immediately following the alleged incident.  The screenshot was apparently taken from the former co-worker's phone. However, Plaintiff has not obtained or produced the text message she sent to her friend from the MPD.

## LEGAL STANDARD

The decisions of this Court establish that an adverse inference due to a party's failure to preserve evidence is appropriate where (1) that party had an "obligation to preserve" the evidence at the time of its destruction, loss, or alteration, (2) the destruction, loss, or alteration "was accompanied by a 'culpable state of mind,'" and (3) the destroyed, lost, or altered evidence was "'relevant' to the claims or defenses of the [opposing] party."  *Zhi Chen v. Dist. of Columbia*, 839 F. Supp. 2d 7, 13 (D.D.C. 2011) (citing *Mazloum v. D.C. Metro. Police Dep't*, 530 F. Supp. 2d 282, 291 (D.D.C. 2008)).  A party "has a duty to preserve potentially relevant evidence . . . once [it] anticipates litigation."  *Id.* at 12 (citations omitted).  The culpable state of mind requirement is satisfied by a showing of negligence.  *See id.* at 13; *Mazloum*, 530 F. Supp. 2d at 292-93; *see also Grosdidier v. Broad. Bd. of Governors*, 709 F.3d 19, 27-28 (D.C. Cir. 2013) (adverse inference for spoliation of evidence does not require a showing of bad faith).

And the "relevance" requirement, which in this context means that the lost evidence was relevant and favorable to the claims or defenses of the party moving for an adverse inference, can also be satisfied by a showing of gross negligence when the destruction, loss, or alteration of the evidence at issue prevents a determination as to whether it was relevant and favorable to the moving party. *Zhi Chen*, 839 F. Supp. 2d at 13. Because issue-related sanctions, which include adverse inferences, *id.* at 12, are "fundamentally remedial rather than punitive and do not preclude a trial on the merits," they are properly awarded "whenever a preponderance of the evidence establishes that a party's misconduct has tainted the evidentiary resolution of the issue." *Shepherd v. Am. Broad. Cos., Inc.*, 62 F.3d 1469, 1478 (D.C. Cir. 1995).

## ARGUMENT

The gross negligence of Plaintiff and her counsel in failing to preserve information stored on her phone warrants an adverse inference instruction at least with respect to the lost message Plaintiff sent to her friend at the MPD minutes after the alleged assault (hereafter, the "Lost Text Message").

### A.   It is Highly Probable that Plaintiff's Deletion of the Lost Text Message Occurred After Her—and Her Counsel's—Obligation to Preserve Potentially Relevant Evidence Arose.

A party's duty to preserve evidence arises when future litigation to which that evidence may be relevant becomes reasonably foreseeable. *Gerlich v. U.S. Dep't of Justice*, 711 F.3d 161, 170-71 (D.C. Cir. 2013); *see Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003) ("Once a party reasonably anticipates litigation, it must suspend its routine document retention/destruction policy and put in place a 'litigation hold' to ensure the preservation of relevant documents."). This duty "runs first to counsel," who must "'advise his client of the type of information potentially relevant to the lawsuit and of the necessity of preventing its

destruction.'"   *Zhi Chen*, 839 F. Supp. 2d at 12 (quoting *Orbit One Commcn'ns, Inc. v. Numerex Corp.*, 271 F.R.D. 429, 437 (S.D.N.Y. 2010)).

      Plaintiff's deposition testimony establishes that she began contemplating filing this suit less than three weeks after the alleged assault.   She then met with her counsel on June 4, 2013, less than six weeks after the alleged assault.   Plaintiff that day sent a string of text messages to her then-roommate, Gina Bulett; these messages were produced by Ms. Bulett, but deleted by Plaintiff, and they confirm beyond any doubt that Plaintiff and her counsel discussed this suit during that meeting.   *See* Ex. H, Bulett Text Messages, at GB00018 ("6/4/2013 18:26 [Plaintiff]: 'He took the case.' . . .   At 6/4/2013 18:29 [Plaintiff]:  'Said he's confident in it.'").

      Thus, by no later than June 4, 2013, Plaintiff and her counsel knew they were preparing to file a lawsuit.   By no later than that day, Plaintiff and her counsel knew, or should have known, that text messages she sent minutes after she was allegedly assaulted were likely relevant to the forthcoming suit.   Although Plaintiff does not remember the precise date or dates on which she deleted the Lost Text Message, she testified that she kept it and other messages "for awhile," Ex. A, Pl. Dep. 381:7-382:4, and she represented as recently as April 28, 2015, through counsel, that she had not deleted any messages from April 27 or 28, 2013.   In light of the foregoing, it is highly probable that Plaintiff's deletion of the Lost Text Message occurred after her—and her counsel's—obligation to preserve potentially relevant evidence arose, which is more than sufficient to satisfy Defendant's burden as to this fact, particularly given Plaintiff's (through counsel) false representation that she did not delete any messages from April 27 or 28, 2013.   *See Shepherd*, 62 F.3d at 1478 (applying preponderance of the evidence standard to request for issue-related sanctions).

**B.     Plaintiff and Her Counsel Have Been Grossly Negligent in Failing to Preserve the Lost Text Message (and Other Information Stored on Her Phone).**

Spoliation need not be intentional or deliberate to warrant an adverse inference instruction or other sanctions, *Grosdidier*, 709 F.3d at 27-28, as "each party should bear the risk of its own negligence." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 108 (2d Cir. 2002), *cited in Zhi Chen*, 839 F. Supp. 2d at 14; *see Turner v. Hudson Transit Lines, Inc.*, 142 F.R.D. 68, 75 (S.D.N.Y. 1991) ("The inference is adverse to the destroyer not because of any finding of moral culpability, but because the risk that the evidence would have been detrimental rather than favorable should fall on the party responsible for its loss.").  Spoliating conduct that amounts to gross negligence provides sufficient circumstantial proof that the lost evidence would have been relevant and favorable to the moving party had it been preserved and introduced at trial. *Zhi Chen*, 839 F. Supp. 2d at 14.  Here, Plaintiff and her counsel's cavalier attitudes toward their discovery obligations establish their conduct as not merely negligent, but grossly negligent, justifying an adverse inference instruction.

Upon meeting with Plaintiff on June 4, 2013, and advising her to file suit against Defendant, Plaintiff's counsel became duty-bound to advise Plaintiff of the importance of preserving any potentially relevant information, including, of course, text messages she sent mere minutes after the alleged assault.  However, there is nothing in Plaintiff's deposition testimony or in her counsel's discovery correspondence that demonstrates that he discharged that duty.  There is no evidence that Plaintiff's counsel made any thorough effort to copy, download, image, or otherwise collect messages, data, or other information stored on Plaintiff's phone or ensure that Plaintiff could not or would not delete such information—that is, until a forensic collection was done at the behest of Defendant's counsel in the summer of 2015, over two years after the June 2013 meeting at which counsel was retained by Plaintiff to bring this lawsuit.  The

fact that there are relevant text messages, including messages generated months after Plaintiff retained her counsel, *see supra* n.1, obtained from other sources, but absent from Plaintiff's imaging log confirms that Plaintiff deleted those messages and perhaps numerous others, and that her counsel failed to establish any even minimally adequate litigation hold. *See Chan v. Triple 8 Palace, Inc.*, No. 03CIV6048(GEL)(JCF), 2005 WL 1925579, at *7 (S.D.N.Y. Aug. 11, 2005) (the "utter failure to establish any form of litigation hold at the outset of litigation is grossly negligent" and sufficient to justify sanctions "at least as serious as an adverse inference").

Plaintiff's apparent deletion of messages relating directly to this case and her counsel's wholesale failure to collect and preserve information or otherwise implement a litigation hold constitute grossly negligent conduct that has invited and unsurprisingly resulted in the spoliation of potentially pivotal evidence. Plaintiff, not Defendant, should bear the risk of their negligence.

**C.    Given Its Timing, the Lost Text Message Likely Carried Significant Probative Value.**

In light of Plaintiff and her counsel's grossly negligent failure to preserve the Lost Text Message, Defendant need not, and indeed as a practical matter cannot, prove with certainty that the message would have been relevant and favorable to his case. *Zhi Chen*, 839 F. Supp. 2d at 14. That said, the potential significance of the message bears noting and should not be understated. Plaintiff testified at numerous points in her deposition that there are significant gaps in her recollection of the alleged assault. If the Lost Text Message in any way indicated, or did not otherwise contradict, that Plaintiff believed her sexual encounter with Defendant was entirely consensual, the message would carry significant weight with the jury, given its close temporal proximity to the alleged assault and the existence of a text message written by Plaintiff

immediately before the alleged assault to another friend in which she indicated her desire to have sex with Defendant.

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully moves for an instruction permitting the jury to infer that the deleted text message Plaintiff sent to her friend at the MPD, had it been produced in court, would have been unfavorable to Plaintiff's case.[2]

---

[2] A proposed amendment to Federal Rule of Civil Procedure 37(e), which becomes effective on December 1, 2015, addresses the availability of an adverse inference instruction as a sanction for spoliation of evidence. Proposed Amended Rule 37(e) provides:

> **Failure to Preserve Electronically Stored Information**. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve the information, and the information cannot be restored or replaced through additional discovery, the court may: (1) upon finding of prejudice to another party from loss of the information, order measures no greater than necessary to cure the prejudice; or (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation, (A) presume that the lost information was unfavorable to the party; (B) instruct the jury that it may or must presume the information was unfavorable to the party; or (C) dismiss the action or enter a default judgment.

Although not effective until December 1, 2015, and therefore not applicable here, it should be noted that the Proposed Amended Rule conditions the availability of an adverse inference instruction on a "finding that the [spoliating] party acted with the intent to deprive another party of the information's use in the litigation;" however, the proposed rule only requires a finding of prejudice to the moving party from the loss of the spoliated information for a court to order "measures no greater than necessary to cure the prejudice." Among the available prejudice-curing measures expressly acknowledged by the Advisory Committee is "permitting the parties to present evidence and argument to the jury regarding the loss of information, or giving the jury instructions to assist in its evaluation of such evidence or argument." Accordingly, to the extent that the Court may rely on the proposed rule in reaching its decision on Defendant's motion, at a minimum, Defendant should be permitted to introduce evidence and present argument to the jury regarding the deletion of the Lost Text Message.

Dated:  October 16, 2015                     Respectfully submitted,

                                             /s/ *Jon R. Fetterolf*
                                             Jon R. Fetterolf (D.C. Bar No. 479225)
                                             Rachel F. Cotton (D.C. Bar No. 997132)
                                             ZUCKERMAN SPAEDER LLP
                                             1800 M Street, N.W., Suite 1000
                                             Washington, DC 20036
                                             Tel:  (202) 778-1800
                                             Fax:  (202) 822-8106
                                             jfetterolf@zuckerman.com
                                             rcotton@zuckerman.com

                                             *Attorneys for Defendant Alfredo Simon
                                             Cabrera*

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing **DEFENDANT'S MOTION *IN LIMINE***
**FOR AN ADVERSE INFERENCE INSTRUCTION DUE TO PLAINTIFF'S**
**SPOLIATION OF EVIDENCE** to be electronically filed with the Clerk of the Court by using
the CM/ECF system on this 16th day of October, 2015, and electronically served via the
CM/ECF system on the following:

        Andrew G. Slutkin
        Steven J. Kelly
        Christopher Mincher
        SILVERMAN, THOMPSON, SLUTKIN & WHITE, LLC
        201 North Charles Street, 26th Floor
        Baltimore, MD 21201
        aslutkin@mdattorney.com
        skelly@mdattorney.com
        cmincher@mdattorney.com

        /s/ *Rachel F. Cotton*
        Rachel Cotton